# EXHIBIT I

| | |
|---|---|
| **NORTH CAROLINA** | **IN THE GENERAL COURT OF JUSTICE** |
| | **SUPERIOR COURT DIVISION** |
| **WAKE COUNTY** | **FILE NO. 05CV000173** |

RICHARD P. NORDAN, as Ancillary )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, MIKE R. )
TEAGUE, JERKO GERALD ZOVKO and )
WESLEY J.K. BATALONA, )
                                          )       **NOTICE TO TAKE DEPOSITION**
       Plaintiffs, )
                                          )
    v. )
                                          )
BLACKWATER SECURITY )
CONSULTING, LLC, a Delaware Limited )
Liability Company; BLACKWATER )
LODGE AND TRAINING CENTER, INC., )
a Delaware Corporation, JUSTIN L. )
MCQUOWN, an individual; and THOMAS )
POWELL, an individual, )
                                          )
       Defendants. )
                                          )

       YOU ARE HEREBY NOTIFIED THAT on January 10, 2007, beginning at 10:00 a.m., at the offices of Ashburn & Mason, 1227 West 9th Avenue, Suite 200, Anchorage, Alaska 99501, (907) 276-4331, I will take the video-taped deposition of John Potter upon oral examination pursuant to Rules 26 and 30 of the North Carolina Rules of Civil Procedure. The deposition will be taken before a notary public or some other officer duly authorized by law to take depositions from Northern Lights Real Time & Reporting. The oral deposition will continue day to day until its completion.

The person to be examined will be required by subpoena duces tecum to produce the following materials:

## DEFINITIONS

1. "**YOU**" and "**YOUR**" shall mean and refer to John Potter, his attorneys, accountants, advisors, investigators, experts, agents or other persons or entities acting on his behalf.

2. "**BLACKWATER**" shall mean and refer to Defendants Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc., collectively, their officers, directors, attorneys, employees, accountants, advisors, investigators, experts, agents or other persons or entities acting on their behalf.

3. "**McQUOWN**" shall mean and refer to Defendant Justin L. McQuown, his attorneys, accountants, advisors, investigators, experts, agents or other persons or entities acting on his behalf.

4. "**ESS**" shall mean and refer to ESS Support Services Worldwide, Eurest Support Services International Limited, its officers, directors, attorneys, employees, accountants, advisors, investigators, experts, agents or other persons or entities acting on its behalf.

5. "**REGENCY**" shall mean and refer to Regency Hotel and Hospital Company, its officers, directors, attorneys, employees, accountants, advisors, investigators, experts, agents or other persons or entities acting on its behalf.

6. The "**INCIDENT**" shall mean and refer to the chain of events which occurred on March 31, 2004, wherein Scott Helvenston, Mike Teague, Jerry Zovko, and Wesley Batalona

were killed in Fallujah, Iraq.

7. **"DOCUMENT(S)"** shall include all written, recorded or graphic materials of every kind including, but not limited to, any summary, schedule, memorandum, note, email, text message, statement, letter, telegram, inter-office and intra-office communication, handwritten or other notes, report, diary, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, index, tape, record, partial or complete report of telephone conversations, compilation, tabulation, study, analysis, transcript, minutes, accounting records, data sheet, data processing card, tape, disk, bill of lading, shipping or similar freight documents, and all other memorials of any conversation, meetings or conferences, by telephone or otherwise, and any other writing or recording whatsoever, including originals, copies (with or without notes or changes thereon) and drafts whether maintained in hard copy form or maintained in electronic media. The term **"DOCUMENT(S)"** shall also include all computer generated, recorded, preserved or maintained information and information kept by electronic means.

8. **"COMMUNICATION(S)"** means, and shall refer to, any meeting, conversation, letter, memorandum, telephone call, email, text message, or other exchange of information transmitted in whatever form from one or more persons and/or entities to one or more other persons or entities including, without limitation, emails, drafts, facsimiles and copies, as well as originals.

## MATERIALS TO BE PRODUCED

1.  Any and all **DOCUMENTS** that refer, relate to or constitute **COMMUNICATIONS** between **YOU** and **BLACKWATER** concerning the **INCIDENT**.

2.  Any and all **DOCUMENTS** that refer, relate to or constitute the March 8, 2004 contract between **ESS** and **REGENCY** ("March 8, 2004 contract"), including not only the agreement itself but any prior drafts, notes, e-mails, correspondence, or any other writings concerning said agreement.

3.  Any and all **DOCUMENTS** that refer, relate to or constitute the March 12, 2004 contract between **REGENCY** and **BLACKWATER** ("March 12, 2004 contract"), including not only the agreement itself but any prior drafts, notes, e-mails, correspondence, or any other writings concerning said agreement.

4.  Any and all e-mails between **YOU** and **BLACKWATER** relating to the **INCIDENT**.

5.  Any and all **DOCUMENTS** that refer, relate to or constitute the acquisition and/or use of armored vehicles under the March 8, 2004 contract between **ESS** and **Regency**.

6.  Any and all **DOCUMENTS** between **YOU** and **BLACKWATER** concerning the acquisition and/or use of armored vehicles under the March 8, 2004 contract between **ESS** and **REGENCY**.

7.  Any and all **DOCUMENTS** that refer, relate to or constitute the acquisition and/or use of armored vehicles under the March 12, 2004 contract between **REGENCY** and **BLACKWATER**

8.  Any and all **DOCUMENTS** between **YOU** and **BLACKWATER** concerning the

acquisition and/or use of armored vehicles under the March 12, 2004 contract between **REGENCY** and **BLACKWATER**.

9. Any and all **DOCUMENTS** that refer, relate to or constitute **COMMUNICATIONS** between **YOU** and **BLACKWATER** (including Mike Rush) regarding the omission of the word "armored" which appears in the last sentence of the second paragraph of Appendix "A" of the March 8, 2004 contract and not in last sentence of the second paragraph of Appendix "A" of the March 12, 2004 contract.

10. Any and all **DOCUMENTS** that refer, relate to or constitute any and all orders or directives given by **BLACKWATER** to Scott Helvenston, Mike Teague, Wesley Batalona, and Jerry Zovko relating to services **BLACKWATER** provided under the March 8, 2004 and March 12, 2004 contracts.

11. Any and all **DOCUMENTS** that refer, relate to or constitute security operations by **BLACKWATER** in Iraq in March 2004.

12. Any and all **DOCUMENTS** that refer, relate to or constitute the standard operating procedures of **BLACKWATER** for convoy security in Iraq which were in effect in March, 2004.

13. Any and all **DOCUMENTS** between **YOU** and the other 34 individuals working for **BLACKWATER** under the March 8, 2004 and March 12, 2004 contracts.

14. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **BLACKWATER** and **REGENCY** concerning **BLACKWATER'S** operations under the March 8, 2004 and March 12, 2004 contracts.

15. Any and all **DOCUMENTS** that refer, relate to or constitute any and all

**COMMUNICATIONS** between **BLACKWATER** and **ESS** concerning **BLACKWATER'S** operations under the March 8, 2004 and March 12, 2004 contracts.

16. Any and all **DOCUMENTS** that refer, relate to or constitute **COMMUNICATIONS** between **BLACKWATER** and **CONTROL RISK GROUP** concerning **BLACKWATER'S** operations in Iraq from January 1, 2004 through March 31, 2004.

17. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **YOU** and **McQUOWN** from January 1, 2004 through February 28, 2005.

18. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **YOU** and Chris Berman from January 1, 2004 through February 28, 2005.

19. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **YOU** and Tom Powell from January 1, 2004 through February 28, 2005.

20. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **YOU** and Jim Graham from January 1, 2004 through February 28, 2005.

21. Any and all **DOCUMENTS** that refer, relate to or constitute any and all **COMMUNICATIONS** between **YOU** and **BLACKWATER** from January 1, 2004 through February 28, 2005.

22. Any and all **DOCUMENTS** that refer, relate to or constitute the mission that

Scott Helvenston, Mike Teague, Wesley Batalona and Jerry Zovko were operating engaged in on March 30-31, 2004.

23. Any and all **DOCUMENTS** that refer, relate to or constitute any and all investigations of the **INCIDENT** (irrespective of who or what entity conducted the investigation).

24. Any and all **DOCUMENTS** that refer, relate to or constitute the representations **BLACKWATER** made to Scott Helvenston prior to March 16, 2004.

25. Any and all **DOCUMENTS** that refer, relate to or constitute the representations **BLACKWATER** made to Mike Teague prior to March 25, 2004.

26. Any and all **DOCUMENTS** that refer, relate to or constitute the representations **BLACKWATER** made to Wesley Batalona prior to March 10, 2004.

27. Any and all **DOCUMENTS** that refer, relate to or constitute the representations **BLACKWATER** made to Jerry Zovko prior to February 1, 2004.

28. Any and all **DOCUMENTS** that refer, relate to or constitute any and all statements made by **BLACKWATER** concerning the **INCIDENT**.

29. Any and all **DOCUMENTS** that refer, relate to or constitute any and all requests **YOU** made to **BLACKWATER** for armored vehicles under the March 8, 2004, and/or March 12, 2004 contracts.

30. Any and all **DOCUMENTS** that refer, relate to or constitute any and all requests **YOU** made to **REGENCY** (including Tim Tatt and Jameel Al Sane) for armored vehicles under the March 8, 2004, and/or March 12, 2004 contracts.

31. Any and all **DOCUMENTS** that refer, relate to or constitute any and all requests

**YOU** made to **BLACKWATER** for weapons to be used under the March 8, 2004, and/or March 12, 2004 contracts.

32. Any and all **DOCUMENTS** (including written matrix) that refer, relate to or constitute the chain of command for deployments and dispatching which was in effect at **BLACKWATER** in February and March 2004.

33. Any and all **DOCUMENTS** that refer, relate to or constitute the number of operators that were required to be in a team conducting convoy security for **BLACKWATER** in March 2004.

34. Any and all **DOCUMENTS** that refer, relate to or constitute the weapons provided by **BLACKWATER** to Scott Helvenston, Mike Teague, Jerry Zovko and Wesley Batalona (including serial numbers and assignments).

35. Any and all **DOCUMENTS** that refer, relate to or constitute any and all requests from **ESS** for **BLACKWATER** to perform convoy security operations in Iraq in March 2004.

36. Any and all **DOCUMENTS** that refer, relate to or constitute any and all requests from **REGENCY** for **BLACKWATER** to perform convoy security operations in Iraq in March 2004.

37. Any and all **DOCUMENTS** that refer, relate to or constitute the reasons **BLACKWATER** relieved **YOU** from **YOUR** employment in March 2004.

38. Any and all **DOCUMENTS** that refer, relate to or constitute any risk assessments done for any of **BLACKWATER'S** operations in March and April 2004, under the March 8, 2004 and/or March 12, 2004 contracts.

39. Any and all **DOCUMENTS** that refer, relate to or constitute any and all Requests

for Quotations (aka RFQ's) made under the March 8, 2004 and March 12, 2004 contracts.

40.     Any and all **DOCUMENTS** that refer, relate to or constitute any and all rosters for individuals working under the March 8, 2004 and March 12, 2004 contracts (including without limitation the **ESS** roster, **REGENCY** roster, and **BLACKWATER** roster).

41.     Any and all **DOCUMENTS** that refer, relate to or constitute the proposal package **BLACKWATER** submitted to **ESS** in an effort to obtain business from **ESS** for convoy security in Iraq in 2004.

42.     Any and all **DOCUMENTS** that refer, relate to or constitute **COMMUNICATIONS** between **YOU** and Scott Helvenston, Mike Rush, Jerry Zovko and Wesley Batalona.

This is the 15th day of December 2006.

                            Attorneys for Plaintiff
                            RICHARD P. NORDAN, as the Ancillary
                            Administrator of the separate Estates of STEPHEN
                            S. HELVENSTON, MIKE R. TEAGUE, JERKO
                            GERALD ZOVKO and WESLEY J.K.
                            BATALONA

                            **CALLAHAN & BLAINE, APLC**

By: _____
        DANIEL J. CALLAHAN
        BRIAN J. McCORMACK
        MARC P. MILES
        3 Hutton Centre Drive, Suite 900
        Santa Ana, California 92707
        (714) 241-4444

Dated: December 15, 2006     **KIRBY & HOLT, LLP**

By: _David F. Kirby /by WBB_
DAVID F. KIRBY
WILLIAM B. BYSTRYNSKI
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 881-2111

G:\2525\2525-02\Disc\Potter Depo Ntc 2.wpd

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing **NOTICE TO TAKE DEPOSITION** upon all other parties to this cause by Federal Express Overnight Delivery, addressed to the following parties:

| | |
|---|---|
| Michael P. Socarras<br>McDermott Will & Emery, LLP<br>600 Thirteenth Street, NW<br>Washington, DC 20005-3096 | Attorneys for Defendant Blackwater |
| Kirk G. Warner<br>Mark A. Ash<br>SMITH, ANDERSON, BLOUNT,<br>DORSETT, MITCHELL & JERNIGAN, LLP<br>2500 Wachovia Capital Center<br>Raleigh, NC 27601 | Attorneys for Defendant Blackwater |
| William C. Crenshaw<br>POWELL GOLDSTEIN LLP<br>901 New York Avenue, N.W., Third Floor<br>Washington, DC 20001 | Attorneys for Defendant McQuown |
| Patricia L. Holland<br>Rachel Esposito<br>CRANFILL, SUMNER & HARTZOG, LLP<br>225 Hillsborough Street, Suite 300<br>Raleigh, NC 27603 | Attorneys for Defendant McQuown |

This the 18th day of December, 2006.

MARC P. MILES