THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:06-CV-49 (F)

| | | |
|---|---|---|
| BLACKWATER SECURITY | ) | |
| CONSULTING, LLC, a Delaware Limited | ) | |
| Liability Company; BLACKWATER | ) | |
| LODGE AND TRAINING CENTER, INC., | ) | |
| a Delaware Corporation, | ) | **MEMORANDUM OF LAW IN SUPPORT** |
| | ) | **OF DEFENDANT'S MOTION TO DISMISS,** |
| Plaintiffs/Petitioners, | ) | **OR IN THE ALTERNATIVE,** |
| | ) | **MOTION TO STAY** |
| v. | ) | |
| | ) | |
| RICHARD P. NORDAN, as Ancillary | ) | |
| Administrator for the separate Estates of | ) | |
| STEPHEN S. HELVENSTON, MIKE R. | ) | |
| TEAGUE, JERKO GERALD ZOVKO and | ) | |
| WESLEY J.K. BATALONA, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |
| | ) | |

The Defendant hereby submits this memorandum of law in support of his Motion to

Dismiss, or in the alternative, Motion to Stay, in accordance with *Federal Rules of Civil*

*Procedure* Rule 12(b)(3) and (6), the *Colorado River* abstention doctrine, and Local Rule 7.1 of

the U.S. District Court for the Eastern District of North Carolina.

Dockets.Justia.com

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The Case Should Be Dismissed Under the *Colorado River*
            Abstention Doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          1.    The Federal Proceeding is Parallel to the Pending
                 State Court Matter. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

          2.    The Supreme Court Balancing Factors Weigh in
                 Favor of Abstention. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               a.    Jurisdiction Over Property. . . . . . . . . . . . . . . . . . . . . . . 9

               b.    The Inconvenience of the Federal Forum. . . . . . . . . . . 10

               c.    Avoiding Piecemeal Litigation. . . . . . . . . . . . . . . . . . . 11

               d.    Order in Which Jurisdiction Was Obtained by
                    the Concurrent Forums. . . . . . . . . . . . . . . . . . . . . . . . . 12

               e.    Rule of Decision on the Merits. . . . . . . . . . . . . . . . . . . 13

               f.    Adequacy of State Court Proceeding. . . . . . . . . . . . . . 13

               g.    Reactive Nature of the Federal Suit. . . . . . . . . . . . . . . 14

          3.    Dismissal is the Proper Application under the *Colorado River*
                 Abstention Doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    B.    This Case Should be Dismissed for Failure to State a Claim Upon
            Which Relief May Be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    C.    This Case Should Be Dismissed for Improper Venue. . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**Cases**

*Automated Systems and Programming, Inc. v. Cross*, 176 F.Supp.2d 458 (D.Md. 2001) . . . . . . 7

*Colorado River Water Conservation District v. United States*, 420 U.S. 800 (1976) . . . . . . . 4, 12

*Gillikin v. Eastern Dredging & Construction, Inc.*, 1996 U.S. Dist. LEXIS 17259
    (E.D. Va 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Great American Insurance Company v. Gross*, 468 F.3d 199, *17-18 (4th Cir. 2006) . . . . . . . . . 5

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Holland v. Hay*, 840 F.Supp. 1091 (E.D. Va 1994) . . . . . . . . . . . . . . . . . . . . . . . 7-9, 11, 13, 14

*In Re Blackwater Security Consulting, LLC*, 460 F.3d 576 (4th Cir. 2006) . . . . . . . . . . . . . . . . . 3

*McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992) . . . . . . . . . . . . . . . . . 14

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 17-18,
    fn 20 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073
    (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nordan v. Blackwater Security Consulting, LLC*, 382 F.Supp.2d, 801 (E.D.N.C. 2005) . . . . . . . 3

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996 . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F.Supp. 1323, 1326 (D.Del. 1987) . . . . . . . . . 6

*Stevens v. Henry*, 121 N.C. App.150, 464 S.E.2d 704 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*STO Corporation v. Lancaster Homes, Inc.*, 11 Fed.Appx. 182, 186 (4th Cir. 2001) . . . . . . . . . 5

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 2006 U.S. App. LEXIS 31515
    (4th Cir. December 22, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 343 (4th Cir. 2002) . . . . . . . . . . 15

**Statutes**

*F.R.C.P.* 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*F.R.C.P.* 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*F.R.C.P.* 13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 16, 18

G.S. §1A-1, Rule 13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 17

## INTRODUCTION

This case is a classic example of forum shopping. Plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training, Inc. (collectively, "Blackwater") are parties to another civil action arising out of the same transaction and events, which is currently pending in the North Carolina state court (Case No. 05-CV-000173). Blackwater has only instituted this federal court action after two years of unsuccessful attempts to remove the pending state court case to federal court.

More specifically, Blackwater previously removed the state court case to federal court. This District Court (Western Division) found that the removal was improper and remanded the case back to state court. Blackwater appealed that decision to the Fourth Circuit Court of Appeals. The Fourth Circuit dismissed the appeal and denied its petition for writ of mandamus.

Now, Blackwater has instituted this federal proceeding, which constitutes a compulsory counterclaim to the action pending in the state court. Since Blackwater failed in its attempts to remove the state court action to federal court, it has gone forum shopping by filing the instant matter in federal court, as opposed to properly filing its compulsory counterclaim in state court.

Under a well-established Supreme Court abstention doctrine, this matter should be dismissed in favor of the already-pending state court proceeding. This action is not one involving federal law or a case over which this Court has original jurisdiction. Instead, this Court's jurisdiction is premised solely upon diversity of citizenship (a source of federal jurisdiction Blackwater could not obtain as a defendant in this pending state court action).

This case is simply a breach of contract claim, where the contract in question calls for the application of North Carolina state law. Therefore, the only reason that this matter is presently before this District Court is because Blackwater failed at its prior attempts to obtain federal

1

jurisdiction in the pending state court action. This forum shopping is not only improper, but also flies in the face of long-standing principles of judicial economy, which dictate that all disputes between parties be resolved in a single action instead of piecemeal litigation in several forums.

This Court should not be burdened with the instant case, in light of the fact that the matter truly constitutes a compulsory counterclaim under state law, in a state court action which has been pending for two years. Thus, the case should be dismissed, or in the alternative, stayed until the resolution of the state court proceeding.

## STATEMENT OF FACTS

On March 31, 2004, four American security contractors working for Blackwater were ambushed, killed, beaten, burned, dragged through the streets of Fallujah, Iraq, and strung up from a bridge for the entire world to see. These deaths were the result of Blackwater's intentional conduct, wherein it failed to provide the men with certain tools, protections, and information in favor of increasing its profit margin. By way of an example, it was contractually mandated that these men operate in armored vehicles. Blackwater chose not to provide these men armored vehicles in favor of saving $1.5 million. In addition, there are many other instances of intentional conduct by Blackwater which caused these mens' death, including a grudge by a Blackwater manager against one of the security contractors which ultimately lead to the manager sending these four men into the heart of Fallujah (which at that point in time was one of the most dangerous places in Iraq) undermanned, under-gunned, without armored vehicles, and without even so much as a map. [*See Complaint* (Exhibit "A")][1]

---

[1] Exhibits are attached to the concurrently-filed Request for Judicial Notice.

On January 5, 2005, Richard P. Nordan, as the ancillary administrator of the separate estates of the four security contractors, filed an action for wrongful death and fraud in the Superior Court of North Carolina, Wake County. [Exhibit "A"]  On January 24, 2005, Blackwater improperly removed the case to federal court, to the Western Division of the Eastern District of North Carolina. [Exhibit "B"]  On August 11, 2005, Chief U.S. District Judge Louise W. Flanagan granted a motion for remand, finding that the federal court was without subject-matter jurisdiction over the case. *See Nordan v. Blackwater Security Consulting, LLC*, 382 F.Supp.2d, 801 (E.D.N.C. 2005) [Exhibit "C"].

Thereafter, Blackwater filed a petition for writ of mandamus and an appeal with the Fourth Circuit, challenging Judge Flanagan's remand order.  After extensive briefing and oral argument, on August 24, 2006, the Fourth Circuit dismissed Blackwater's appeal and denied its petition for writ of mandamus. *See In Re Blackwater Security Consulting, LLC*, 460 F.3d 576 (4th Cir. 2006) [Exhibit "D"].

Following the Fourth Circuit's dismissal of Blackwater's appeal, a motion was filed to lift the stay that had been placed on the state court action during the Fourth Circuit's appellate review.  Prior to the hearing of that motion to lift stay, Blackwater filed a Petition for Rehearing and Rehearing En Banc to the entire Fourth Circuit.  Those petitions were denied. [Exhibit "E"] Blackwater then filed a motion to stay the issuance of the Fourth Circuit's mandate, so that it could file a Petition for Certiorari with the U.S. Supreme Court.  That motion for stay was denied. [Exhibit "F"]  Blackwater then filed a motion to stay with the U.S. Supreme Court.  That motion was similarly denied by Chief Justice John Roberts. [Exhibit "G"]

On November 27, 2006, the North Carolina state court lifted the stay that was imposed during appellate review of the remand order, permitting the case to proceed.  Shortly thereafter,

Nordan obtained an out-of-state commission for the taking of a deposition of a material witness in Anchorage, Alaska. In response thereto, Blackwater filed an application to compel arbitration of the state court proceeding. Blackwater also filed a motion to dismiss. Despite the filing of the application to compel arbitration, the state court found that Nordan could proceed in discovery with the deposition of the material witness in Alaska. [Exhibit "H"]

On or about December 20, 2006, Blackwater filed the instant action in an effort to compel arbitration of its breach of contract claim arising out of the contract that each of the four decedents had with Blackwater. More specifically, Blackwater's arbitration claim stems from an allegation that the estates breached a provision in the decedents' respective contracts by filing the North Carolina state court action. Thus, the arbitration claim which is the subject of this federal court proceeding not only arises out of the same transaction and events as the state court proceeding, but is inextricably intertwined with the state court action since it is that state case that forms entire basis for the alleged breach of contract. As described in greater detail below, Blackwater's arbitration claim is a compulsory counterclaim to the state court action, which justifies abstention in this proceeding in favor of the state court matter that has been pending for two years.

## STATEMENT OF LAW

### A.    The Case Should Be Dismissed Under the *Colorado River* Abstention Doctrine.

In the seminal case of *Colorado River Water Conservation District v. United States*, 420 U.S. 800 (1976), the U.S. Supreme Court created a new ground for federal courts to abstain from consideration of matters over which they have jurisdiction. The *Colorado River* abstention

doctrine applies in limited cases where there exists concurrent federal and state court proceedings, wherein the federal court abstains from consideration of its proceedings in deference to the pending state court matter.

The Fourth Circuit and the District Courts therein have adopted and applied the abstention doctrine of *Colorado River*. The Fourth Circuit articulated this doctrine as follows:

> The Supreme Court, however, has indicated that in certain limited instances, federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest. These exceptional circumstances inevitably relate to a policy of avoiding unnecessary constitutional decisions and of accommodating federal/state relations. [Internal quotes and citations omitted] *Great American Insurance Company v. Gross*, 468 F.3d 199, *17-18 (4th Cir. 2006).

The analysis of the application of the *Colorado River* abstention doctrine is a two-step process. First, the court must decide whether the federal and state suits are parallel. Second, if they are, the court applies a seven-factor balancing test. "The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits. If parallel suits exist, then we must carefully balance several factors with the balance heavily weighed in favor of the exercise of jurisdiction." *See Id.* at *21-22. Citing to the U.S. Supreme Court, the Fourth Circuit has recognized that abstention should only be applied in "exceptional circumstances."

> We start with the premise that "abstention from the exercise of federal jurisdiction is the exception, not the rule." [Citation.] The federal courts have a "virtually unflagging obligation . . . to exercise jurisdiction given to them." [Citation.] However, Colorado River held that in certain exceptional circumstances, a federal court should abstain in the face of a state court's contemporaneous exercise of jurisdiction. [Citation.] Colorado River abstention rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." [Citation.] *STO*

5

*Corporation v. Lancaster Homes, Inc.*, 11 Fed.Appx. 182, 186 (4th Cir. 2001).

As demonstrated below, the instant case is one which meets this "exceptional circumstances" test for abstention under *Colorado River*. First, the instant federal case is parallel to a North Carolina state court case that has been pending for two years. Second, the applicable factors of the balancing test articulated by the Supreme Court weigh in favor of abstention.

### 1.    The Federal Proceeding is Parallel to the

### Pending State Court Matter.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). The proceedings need not be identical, but rather substantially similar. *See Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F.Supp. 1323, 1326 (D.Del. 1987).

Here, the pending North Carolina state court action is for wrongful death and fraud in the inducement of the decedents' employment contracts with Blackwater. The instant federal proceeding is Blackwater's petition to compel arbitration of a breach of contract claim, where the alleged breach stems from the filing of the state court case itself. Moreover, this federal proceeding concerns an attempt to enforce a contractual provision of a contract which itself is the subject of a fraud in the inducement cause of action in state court that could render the entire contract rescinded. Not only is the arbitration claim a parallel matter to the state court action, it is in fact a compulsory counterclaim, which must be asserted in the state court proceeding and not in a different forum.

North Carolina law on compulsory counterclaims [G.S. §1A-1, Rule 13(a)] is identical to the federal law on compulsory counterclaims [*F.R.C.P.* Rule 13(a)]. Both define a compulsory

6

counterclaim as follows:

> A pleading shall state as a counterclaim any claim which at the
> time of serving the pleading the pleader has against any opposing
> party, if it arises out of the transaction or occurrence that is the
> subject matter of the opposing party's claim and does not require
> for its adjudication the presence of third parties of whom the court
> cannot acquire jurisdiction. *F.R.C.P.* Rule 13(a); and G.S. §1A-1,
> Rule 13(a).

Here, Blackwater's breach of contract claim is precisely a compulsory counterclaim.

Blackwater's breach of contract stems from the filing of the state court action. As such, *by its*

*very nature*, it existed at the time the state court action was served on Blackwater and necessarily

includes the exact same issues as contained in the lawsuit itself. Moreover, it involves the

identical parties to the state court action, and does not require the presence of third parties for its

adjudication. Thus, Blackwater's arbitration claim for breach of contract, which arises directly

out of the state court lawsuit, is a classic compulsory counterclaim, which <u>must</u> be asserted in the

state court proceeding, under both North Carolina and federal law.

Directly on point with the instant case, it has been decided that if a federal court action

constitutes a state court compulsory counterclaim, that proceeding is a "parallel suit" for the

purpose of the *Colorado River* abstention analysis. In *Holland v. Hay*, 840 F.Supp. 1091 (E.D.

Va 1994), the court found that because the federal plaintiff's claim was also a compulsory

counterclaim to a pending Georgia state court action, "the issues involved in the two suits are

substantially similar, if not identical," for the purpose of the parallel suit analysis under the

*Colorado River* abstention doctrine. *Id.* at 1099-1100. Similarly, in *Automated Systems and*

*Programming, Inc. v. Cross*, 176 F.Supp.2d 458 (D.Md. 2001), the court found that although

Maryland does not have a compulsory counterclaim rule comparable to that of the federal courts,

*if it did*, that would weigh in favor of abstention under the *Colorado River* analysis. *Id.* at 462-63.

7

In addition to the issues being substantially similar between the state court action and Blackwater's arbitration claim which it is attempting to prosecute through this federal proceeding, the parties are nearly identical. In the state court action, the plaintiff is Richard P. Nordan, as the Ancillary Administrator of the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J.K. Batalona, who brought an action against defendants Blackwater Security Consulting, LLC, Blackwater Lodge and Training Center, Inc., and one of its managers Justin L. McQuown. In the instant arbitration claim, plaintiffs Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. have instituted an action against Richard P. Nordan, as the Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona. As such, the parties are almost identical—the only exception being the individual Blackwater manager named as a defendant in the state court action. This variation is immaterial.

In all, the arbitration claim which Blackwater is prosecuting through this federal proceeding is a "parallel suit" to the already-pending state court case in North Carolina. Since it constitutes a parallel suit, the next step in the abstention analysis is to weigh the factors articulated by the Supreme Court.

## 2.    The Supreme Court Balancing Factors Weigh in Favor of Abstention.

In *Holland v. Hay*, 840 F.Supp. 1091 (E.D. Va 1994), the court analyzed a case shockingly similar to the instant action. As such, since the *Holland* decision is directly on point, it will be discussed along with the analysis of the Supreme Court factors for abstention. In *Holland*, the plaintiff filed a state court action in Georgia for breach of a franchise agreement. The defendant attempted to remove the case to federal court, but was unsuccessful. After the

removal failed, the defendant instituted a *new* proceeding in the District Court in Virginia. The claims alleged in the federal court matter were identical to those asserted in its compulsory counterclaim in the Georgia state court matter. Thus, the defendants to the federal court proceeding moved to dismiss or stay the case pending the resolution of the Georgia state court action, in light of the abstention doctrine articulated by the Supreme Court in *Colorado River*.

After satisfying itself that the two cases were parallel suits, the court articulated the factors to be considered in analyzing abstention:

> In Colorado River, the Supreme Court identified several factors courts should consider in determining whether exceptional circumstances exist in a particular case: (1) whether property is involved over which the state court has assumed jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. [Citations.] Later, the Court added additional factors, including whether federal law provides the rule of decision on the merits, inadequacy of the state court proceeding to protect plaintiff's rights, and whether either the state or federal suit was a contrived, defensive reaction to the other. [Citations.] Courts are not to use the factors as a "mechanical checklist;" rather they should balance the important factors applying in a given case against their heavy obligation to exercise jurisdiction. [Citation.] *Holland* 840 F.Supp. at 1099.

The following analysis of these factors weighs substantially in favor of abstention.

### a.    Jurisdiction Over Property.

This first factor is inapplicable to the instant action. There is no dispute that there is not any property involved in the subject litigation over which the state court has assumed jurisdiction, in that both actions are for money damages and equitable relief.

9

**b.**     <u>The Inconvenience of the Federal Forum.</u>

Here, the federal forum required by this proceeding is significantly more inconvenient

than the North Carolina state court forum.  Inconvenience of the federal forum refers to, among

other things, the "relative ease of access to sources of proof, availability of compulsory process

for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses."

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), cited with approval in *Colorado River*, 424

U.S. at 818.

This federal proceeding consists of a petition to compel Blackwater's arbitration claim.

Blackwater filed its arbitration claim with the International Centre for Dispute Resolution

("ICDR"), located in New York, New York.  Litigating the matter in New York will constitute a

substantial burden and inconvenience in compelling the attendance of witnesses, as well as the

costs associated therewith.

Moreover, with respect to compelling attendance of unwilling witnesses, it would be

nearly impossible.  The ICDR does not have the subpoena power that the North Carolina court

possesses.  In addition, many of the witness are located in different states throughout the country.

In North Carolina, the parties will be able to obtain out-of-state commission orders  for the taking

of depositions in a foreign state, which, pursuant to the Full Faith and Credit Clause of the U.S.

Constitution, will be able to be turned into deposition subpoenas in the various states where the

witnesses are located.  No such procedure for obtaining subpoenas in foreign states would be

available from the ICDR, as the Courts in the various states would not be compelled to issue

subpoenas based on an order from the ICDR.

Therefore, although the federal court in which the instant action is pending is in North

Carolina, the actual forum in which Blackwater seeks to compel this arbitration is in New York

10

at the International Centre for Dispute Resolution, where Blackwater filed its arbitration claim.

More importantly, the ICDR does not have the "availability of compulsory process for attendance

of unwilling witnesses." Consequently, this factor concerning the inconvenience of the federal

forum weighs in favor of abstention to allow the pending state court action to proceed.

<strong>c.    Avoiding Piecemeal Litigation.</strong>

This third factor has been defined as follows:

> The Supreme Court has referred to the policy of avoiding
> piecemeal litigation as by far <u>the most important Colorado River
> factor</u>. [Citation.] Consideration of this factor requires an "inquiry
> into the scope of the proceeding and nature of available defenses in
> the pending State court action." [Citation.] The federal court may
> consider whether "the claims of all parties in interest can
> satisfactorily be adjudicated in that proceeding, whether necessary
> parties have been joined, and whether such parties are amenable to
> process in that proceeding." [Citation.] [Emphasis added.]
> *Holland*, 840 F.Supp. at 1101.

In analyzing the two parallel suits in the *Holland* case, the court found that "there is little

doubt that denial of defendants' motion for stay or dismissal will result in two separate lawsuits

over essentially the same issue." *Id.* The same result would occur in the instant case. As

described above, Blackwater's arbitration claim is a compulsory counterclaim, which <u>must</u> be

asserted in the pending state court action. The current procedural posture of the state court action

is that Blackwater has not yet answered, but instead filed a motion to dismiss. Assuming that the

motion to dismiss is denied, Blackwater will undoubtedly be filing its compulsory counterclaim,

which will mirror its arbitration claim. The result will be that there will be two separate actions,

deciding the same issues.

To the extent that both of these proceedings are permitted to continue, there is the

undesirable potential for inconsistent results. For example, there exists the possibility that the

11

state court could rescind the subject employment contracts as procured by fraud, while at the same time Blackwater prosecutes its arbitration claim for breach of those rescinded contracts. To complicate matters further, Blackwater has also filed a motion to compel arbitration of the state court action. If this federal proceeding is allowed to continue, there could potentially be two separate arbitration panels litigating the very same issues.

Such scenarios would constitute the piecemeal litigation of these disputes, very likely resulting in inconsistent results. As the Supreme Court has noted, the principles behind the *Colorado River* abstention doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817. Since not staying the instant federal proceeding will result in piecemeal litigation, this "most important" factor weighs in favor of abstention.

### d.    Order in Which Jurisdiction Was Obtained by the Concurrent Forums.

The state court action was initiated two years ago on January 5, 2005. Only after two years of Blackwater attempting removal and then fighting the remand order all the way to the U.S. Supreme Court did Blackwater commence this federal proceeding. Not only does this factor balance in favor of abstention due to the fact that the state court action was commenced two years prior, the progress of the case also leans toward abstention. The state court action is in the discovery phase. The plaintiff has served written discovery and filed motions to compel Blackwater to answer said discovery. In addition, the state court has ordered the deposition of a material witness named John Potter to be taken in the near future. [Exhibit "H"] On the other hand, this federal case is lagging behind, as the matter was initiated only about 20 days ago, and

12

it is still at the motion to dismiss stage.

Therefore, the North Carolina state court was first to obtain jurisdiction over the dispute and has progressed further in terms of the prosecution of the case. Hence, this factor weighs in favor of abstention.

### e.    Rule of Decision on the Merits.

The state court proceeding will be governed by North Carolina law. The contracts which are the subject of Blackwater's arbitration claim contain a choice of law provision in favor of North Carolina law. On its face, this factor may appear to be neutral. However, it is not. If the instant federal proceeding seeking to compel arbitration is permitted to proceed, this matter will not be governed by North Carolina procedural law, but instead by the rules of the American Arbitration Association. Following the procedural rules of the American Arbitration Association is contrary to the rules currently governing the North Carolina state court action, as well as the choice of law provision in the contracts themselves, which call for the application of North Carolina law (including North Carolina procedural law).

Therefore, this factor concerning the rules governing the action weighs in favor of the application of North Carolina law procedural rules, as opposed to those of the American Arbitration Association. This factor similarly weighs in favor of abstention under *Colorado River*.

### f.    Adequacy of State Court Proceeding.

"This factor involves the ability of the state court to adequately protect plaintiffs' rights and its ability to provide for relief." *Holland*, 840 F.Supp. at 1101. Here, the relief requested by

Blackwater's arbitration claim (monetary damages for breach of contract) are equally available on its compulsory counterclaim in the state court proceeding. There is nothing special in the relief requested by the arbitration claim that requires the case to be litigated in federal court or the requested arbitration forum. As such, since there is adequacy of relief for Blackwater in the state court proceeding, this factor weighs in favor of abstention.

      g.    **Reactive Nature of the Federal Suit.**

As stated by the Supreme Court, "the vexatious or reactive nature of either the federal or state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 17-18, fn 20 (1983). The Fourth Circuit has accepted the reactive nature of the suit as one of the factors to be considered when determining the propriety of abstention. *See McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992).

In *Holland*, the court noted that the defendant instituted the federal court proceeding in an effort to sidestep the Georgia state court's jurisdiction, and only after its attempts to remove the case to federal court failed. *See Holland*, 840 F.Supp. at 1101. "Hence, a stay or dismissal is warranted as a means to deter vexatious use of the courts." *Id.*

Here, Blackwater has similarly instituted this federal proceeding as a reactive or defensive measure only after its numerous attempts to avoid state court jurisdiction failed. The state court action has been pending for more than two years now, during which time Blackwater has been exclusively dedicated to avoiding state court jurisdiction. Initially, Blackwater improperly removed the case to federal court. When the matter was remanded by Judge Flanagan, Blackwater appealed her decision to the Fourth Circuit.

When the Fourth Circuit dismissed Blackwater's appeal, it filed for a petition for rehearing and rehearing en banc. When these petitions for rehearing were denied, Blackwater filed a motion to stay the issuance of the mandate, which would divest the federal court of jurisdiction and give cause of the state court to lift the stay that had been in place during the pendency of the appellate review. When the Fourth Circuit refused to grant the motion to stay, Blackwater then filed an application with the U.S. Supreme Court requesting a stay of the state trial court action. That application was denied by Justice Roberts.

Not once in the past two years did Blackwater ever raise its "breach of contract" claim or institute this federal proceeding. It was only after all of these attempts to avoid state court jurisdiction failed and within days of the state court lifting its stay on November 27, 2006, that Blackwater filed its arbitration claim on December 14, 2006, and instituted this federal proceeding on December 20, 2006. After waiting two years and marching all the way to the U.S. Supreme Court to avoid state jurisdiction and losing at every stage along the way, Blackwater commenced this reactive or defensive federal court proceeding. This factor weighs heavily in favor of abstention. "To validate this strategy would undermine several traditional valued tenants of wise judicial administration." *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 343 (4ᵗʰ Cir. 2002) (Fourth Circuit found district court abused its discretion in <u>not</u> abstaining under *Colorado River*.)

Applying the foregoing factors, there exists exceptional circumstances to justify abstention of the instant case. The proposed proceeding in this Court and the pending North Carolina state court case are unquestionably parallel suits, in that the instant arbitration claim constitutes a compulsory counterclaim, which involves precisely the same issues and parties. Moreover, the balancing of the seven factors articulated by the Supreme Court weighs in favor of

15

applying the *Colorado River* abstention doctrine.

3.   **Dismissal is the Proper Application under the**

**_Colorado River_ Abstention Doctrine.**

Since no money damages are sought by the instant proceeding, the proper course of action

is for this court to dismiss the proceedings. "[W]here the relief being sought is equitable in

nature or otherwise discretionary, the federal courts not only have the power to stay the action

based on abstention principles, but can also, in otherwise appropriate circumstances, decline to

exercise jurisdiction altogether by either dismissing the suit or remanding it to state court."

*Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996).

Here, the instant proceeding only asks for a discretionary order compelling the Defendant

to participate in the arbitration. Thus, it is not one for money damages, but instead only seeks

equitable relief, and can be dismissed in light of the abstention doctrine. Nonetheless, to the

extent that the Court does not dismiss the proceeding, it is respectfully suggested that the

alternative application of abstention is to stay the proceeding pending the resolution of the state

court case. *See Id.*

B.   **This Case Should be Dismissed for Failure to State a Claim**

**Upon Which Relief May Be Granted.**

In addition to the dismissal based upon abstention, this instant proceeding should also be

dismissed for failure to state a claim upon which relief may be granted, pursuant to *F.R.C.P.*

12(b)(6). As articulated above, Blackwater's current federal claim is actually a compulsory

counterclaim in the state court action, pursuant to *F.R.C.P.* 13(a). As such, it fails to state a

16

claim in this proceeding, as such claim may only be brought in the state court action. *"Rule 13(a) of the Federal Rules of Civil Procedure* was amended in large part to prevent a party having a claim which would be the subject of a compulsory counterclaim to avoid stating it as such by bringing an independent action in another court . . . ." *Gillikin v. Eastern Dredging & Construction, Inc.*, 1996 U.S. Dist. LEXIS 17259 (E.D. Va 1996).

This principle holds equally true under North Carolina's identical compulsory counterclaim rule. *See* G.S. §1A-1, Rule 13(a). In *Stevens v. Henry*, 121 N.C. App.150, 464 S.E.2d 704 (1995), the court reviewed the issue of what to do with an independent action which should have been filed as a compulsory counterclaim in an already pending case. The court first analyzed the issue by stating the policy behind Rule 13(a): "The purpose of Rule 13(a), which makes certain counterclaims compulsory, is to foster judicial economy by requiring that one court resolve all related claims in a single action." *Id.* at 155. The court then held that because the independent action was actually a compulsory counterclaim to an already pending case, the proper disposition was to <u>dismiss</u> the subsequent independent action.

> Therefore, we hold that plaintiff's claims in the present action should have been raised as a compulsory counterclaim in the previously filed declaratory judgment action. We, therefore, hold that the trial judge should have dismissed plaintiff's action *without prejudice* to file the claims asserted in this action as a counterclaim in the pending declaratory judgment action. *Id.* at 155.

The disposition of the instant case should similarly follow. Since Blackwater's claim is a compulsory counterclaim in the state court action, it fails to state a claim upon which relief may be granted in this forum, and the proper procedure is to dismiss this federal proceeding to permit Blackwater to file its compulsory counterclaim in the state court case (which it still has time to do). Thus, it is respectfully requested that the Court grant the instant motion to dismiss pursuant to *F.R.C.P.* 12(b)(6).

17

**C.    This Case Should Be Dismissed for Improper Venue.**

*Federal Rule of Civil Procedure* 12(b)(3) provides for dismissal of an action based on improper venue. As articulated in detail above, Blackwater's current federal claim constitutes a compulsory counterclaim, which it <u>must</u> assert in the already-pending North Carolina state court action. *See F.R.C.P.* 13(a). As such, the proper venue for this claim is the state court proceeding, not this federal court.

When venue of the proceeding is improper, the remedy is to <u>dismiss</u> the case in favor of the proper venue. *See Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 2006 U.S. App. LEXIS 31515 (4th Cir. December 22, 2006) (Fourth Circuit affirmed dismissal of case due to improper venue under *F.R.C.P.* 12(b)(3), in favor of the case being litigated in Japan.). Here, the proper venue is not Japan, but instead the North Carolina state court. As such, Blackwater's instant claim is in the improper venue, since it must be litigated as a compulsory counterclaim in the state court venue. It is respectfully requested that the Court dismiss the instant proceeding, pursuant to *F.R.C.P.* 12(b)(3).

## CONCLUSION

Based on the foregoing, the Defendant/Respondent respectfully requests that the Court <u>dismiss</u> the instant action pursuant to the *Colorado River* abstention doctrine, *F.R.C.P.* 12(b)(6) and/or *F.R.C.P.* 12(b)(3), as Blackwater's claim is a compulsory counterclaim, which must be litigated as such in the already-pending North Carolina state court action.

In the alternative, and based on the same grounds, the Defendant/Respondent respectfully requests that the Court stay this entire matter pending the resolution of the North Carolina state court case.

This 10th day of January 2007.

**CALLAHAN & BLAINE, APLC**

By: _____

DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

**KIRBY & HOLT, LLP**

By: _____

DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
LR 83.1 Counsel
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

19

## CERTIFICATE OF SERVICE

I hereby certify I electronically served **Memorandum of Law in Support of Defendant's Motion to Dismiss, or in the Alternative, Motion to Stay** by sending notification via email addressed to the following:

Kirk G. Warner
kwarner@smithlaw.com
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

This the 10 day of January, 2007.

**KIRBY & HOLT, L.L.P.**

David F. Kirby
N.C. Bar #7841