# Exhibit "H"

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| WAKE COUNTY | 05 CVS 000173 |

RICHARD P. NORDAN, as Ancillary )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, MIKE R. )
TEAGUE, JERKO GERALD ZOVKO and )
WESLEY J.K. BATALONA, )
                               )
         Plaintiffs, )
                               )
    v. )
                               )
BLACKWATER SECURITY )
CONSULTING, LLC, a Delaware Limited )
Liability Company; BLACKWATER )
LODGE AND TRAINING CENTER, INC., )
a Delaware Corporation, JUSTIN L. )
MCQUOWN, an individual; and THOMAS )
POWELL, an individual, )
                               )
         Defendants. )
_____)

**ORDER FOR COMMISSION TO TAKE DEPOSITION**



FROM THE PEOPLE OF THE STATE OF NORTH CAROLINA, TO COMMISSIONER OR COURT REPORTER ASSOCIATED WITH NORTHERN LIGHTS REAL TIME & REPORTING:

       WHEREAS, it appears to the Superior Court of the State of North Carolina, County of Wake, from the application of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona, that John Potter of Anchorage, Alaska, is a material witness in the action currently pending in this Court, and that the testimony of the witness can now be taken by Deposition; this Court appoints you a commissioner to examine the witness.

This Court requests that process issue in Anchorage, Alaska, requiring attendance and enforcing the obligations of the witness to produce documents and answer questions.

You are authorized and empowered on January 28, 2005, at 10:00 a.m. local time, at 3819 Hampton Drive, Anchorage, Alaska, 99504, to administer under oath to the witness and to cause the testimony of the witness on oral examination to be videographically recorded and reduced to writing and subscribed by the witness, and to certify the deposition to the above-entitled court and forward it in a sealed envelope, endorsed with the title of this action and marked "Deposition of John Potter, to David F. Kirby, attorney for Plaintiff Richard P. Nordan, Ancillary Administrator of the Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona at Kirby & Holt, L.L.P., P. O. Box 31665, Raleigh, North Carolina, 27622."

This the 21 day of January, 2005.

_____
Superior Court Judge Presiding

Jan-04-2007 19:56  From-                                    T-430  P.002/005  F-873

STATE OF NORTH CAROLINA           IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
COUNTY OF WAKE                    05-CVS-173

RICHARD P. NORDAN, as Ancillary    )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, MIKE R.    )
TEAGUE, JERKO GERALD ZOVKO        )
and WESLEY J.K. BATALONA,          )
                                   )
        Plaintiffs,                )
                                   )
vs.                                )   **ORDER UPON RECONSIDERATION**
                                   )
BLACKWATER SECURITY               )
CONSULTING, LLC, a Delaware Limited )
Liability Company; BLACKWATER     )
LODGE AND TRAINING CENTER, INC., )
a Delaware Corporation, JUSTIN L.  )
MCQUOWN, an individual; and THOMAS )
POWELL, an individual,             )
                                   )
        Defendants.                )

This matter came on for hearing before the undersigned judge upon the Court's own motion and upon motion of Defendants requesting the Court to reconsider its December 15, 2006 decision to allow Plaintiff's motion for Issuance of a Commission for the Taking of Out of State Deposition of John Potter.

From the information provided to the Court at this hearing today it is clear that the Court previously drew incorrect inferences from the limited facts that were presented in chambers on December 15, 2006 and erroneously concluded that John Potter was likely to leave Alaska for Iraq at the end of January 2007 and would not be available thereafter for deposition. The Court finds that there was no intent by any counsel to mislead the Court and that any misunderstanding grew out of the limited information available to the attorneys who actually appeared before the

Court on December 15, 2006. The Court finds no intentional misrepresentation and denies the motion for sanctions.

The Court does find from the history of this case and the actions of Defendants and John Potter which precluded a prior effort to take the Potter deposition, that it is probable that Mr. Potter's future availability for deposition will remain uncertain.

Assistant United States Attorney Rudy Renfer and Major Patrick L. Gary, United States Army and Special Assistant United States Attorney appeared on behalf of the United States government and renewed the request of the United States to be given adequate time to review the document requests and the subject matter of the oral deposition of John Potter to determine if any such information is classified and not subject to disclosure in this litigation. The Court finds this request to be reasonable and prudent.

Upon reconsideration of this matter the Court concludes that the Commission for Taking Deposition of John Potter dated December 15, 2006 should be held in abeyance for a minimum of 45 days so that Plaintiff may submit to the United States Attorney for review a list and description of documents sought and the substance of oral testimony anticipated. Thereafter, subject to any limitations imposed by federal law, the deposition of John Potter shall proceed and the undersigned will request that the Superior Court of Alaska issue a subpoena commanding that John Potter appear at a specific date and time to comply.

The motions currently scheduled for hearing in this case on January 19, 2007 are continued until the administrative session of the court commencing April 9, 2007 at a day and time to be hereafter determined.

In the entry of this order the Court is exercising its discretion and relying upon its inherent authority to permit limited discovery of the deposition of a witness whose future

whereabouts may become uncertain. The Court finds and concludes that no party will suffer any prejudice from the discovery and preservation of this witness's testimony.

The undersigned expresses appreciation to the State of Alaska and to Superior Court Judge Morgan Christen for her assistance and patience and asks that she delay further proceedings until the undersigned hereafter submits any further requests in this matter consistent with this order.

So ordered this the 4th day of January, 2007.

_____
DONALD W. STEPHENS
SENIOR RESIDENT SUPERIOR COURT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was served on the parties listed below by mailing and/or hand-delivering a copy thereof to each of said parties, addressed, postage prepaid, as follows:

Mr. Kirk G. Warner
Smith, Anderson, Blount, Dorsett,
  Mitchell & Jernigan
PO Box 2611
Raleigh, NC 27602

Mr. David F. Kirby
Kirby & Holt
PO Box 31665
Raleigh, NC 27622

Mr. Rudy Renfer
Assistant United States Attorney
Civil Division
310 New Bern Ave., Ste. 800
Raleigh, NC 27601

The Honorable Morgan Christen
Superior Court Judge
Third Judicial District
825 W. 4th Ave.
Anchorage, AK 99501

This, the 5th day of January, 2007.

*Terri Stewart*
Terri Stewart
Judicial Assistant
Wake County Superior Court Judges' Office

## CERTIFICATE OF SERVICE

I hereby certify I electronically served **Request for Judicial Notice** by sending notification via email addressed to the following:

Kirk G. Warner
kwarner@smithlaw.com
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

This the 10 day of January, 2007.

KIRBY & HOLT, L.L.P.

David F. Kirby
N.C. Bar #7841