# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NORTHERN DIVISION
# CIVIL ACTION NO. 2:06-CV-49-F

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, et al., | : : : |
| Petitioners, | : : **REPLY MEMORANDUM IN FURTHER SUPPORT OF PETITION AND IN OPPOSITION TO MOTION TO DISMISS OR STAY** |
| v. | : : : |
| RICHARD P. NORDAN, | : : |
| Respondent. | : : **Local Civil Rule 7.1(f)** |

The Federal Arbitration Act ("FAA") requires that the Court, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, . . . shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Respondent Richard P. Nordan's ("Nordan") response to the Petition for Order Directing Arbitration ("Petition"), which he styles as a Motion to Dismiss, or in the Alternative, Motion to Stay ("Response"), does not place "in issue" either "the making of the agreement[s] for arbitration" which are set forth in Petition, Exs. A–D, §§ 20.1, "or the failure to comply therewith." 9 U.S.C. § 4. Instead, the Response tries to argue the merits of Nordan's state court suit, while contesting venue and arguing for *Colorado River* abstention. The Court should grant the Petition because Nordan does not raise any relevant issues, *Colorado River* abstention does not apply here under the FAA, and the arbitration contracts call for arbitration in Currituck or Camden County. Where the FAA § 4 elements are met, the Fourth Circuit holds that a district court has "no choice[.]" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). Accordingly, Petitioners Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc. (together, "Blackwater") submit this Reply

Memorandum in Further Support of their Petition and in Opposition to Nordan's Motion to Dismiss, or in the Alternative Motion to Stay.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Procedural developments in the state court action since Blackwater filed the Petition lend urgency to this proceeding. The state court has ordered deposition discovery in lieu of hearing Blackwater's 15-month-old motion to dismiss, which is based in part on the arbitrability of the dispute, despite Blackwater's application for a mandatory stay under the FAA, 9 U.S.C. § 3.

On January 5, 2005, Nordan filed suit in *Nordan v. Blackwater Security Consulting, LLC*, No. 05-CV-000173 (N.C. Super. Ct. Wake County), seeking damages on two state law counts for wrongful death and rescission of written instrument for fraud. On January 24, 2005, the case was removed to this Court based on federal question jurisdiction. On August 11, 2005, this Court remanded for lack of federal question jurisdiction. On October 13, 2005, while an appeal from remand was pending, Blackwater filed in the Superior Court an Amended Motion to Dismiss on the basis that Respondent's claim of rescission for fraud "could only proceed if pursued through arbitration." (Decl. of Kirk G. Warner Ex. A ("Warner Dec.") (filed contemporaneously herewith).) On November 11, 2005, the United States Court of Appeals for the Fourth Circuit granted Blackwater's motion under Federal Rule of Appellate Procedure 8 to stay the state court action pending appeal of the remand order. On November 15, 2005, the Superior Court complied with the Fourth Circuit's decision by ordering a stay of proceedings pending appeal of the remand order. On August 24, 2006, the Fourth Circuit decided that this Court's remand order erroneously overlooked *Lee v. Boeing Co.*, 123 F.3d 801, 803–05 (4th Cir. 1997) (district courts have jurisdiction under the Defense Base Act, 42 U.S.C. § 1651 *et seq*.),

but also concluded that 28 U.S.C. § 1447(d) barred appellate jurisdiction to review the remand order. *Nordan v. Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 582 n.2 (4th Cir. 2006).

On October 24, 2006, the Chief Justice of the United States, as Circuit Justice, denied Blackwater's motion to stay the Fourth Circuit's mandate pending consideration of a writ of certiorari to review the remand order. On November 27, 2006, after issuance of the Fourth Circuit's mandate and while Blackwater prepared a certiorari petition (since filed, and on which Nordan's opposition is not yet due), the state court orally lifted its stay of proceedings. On December 15, 2006, Blackwater filed an Application for Stay under the FAA, 9 U.S.C. § 3, and N.C.G.S. § 1-569.7, pending a decision on the Amended Motion to Dismiss insofar as it has sought, since October 13, 2005, dismissal of the state court action as subject to arbitration. On January 3, 2007, the Superior Court issued an Order Upon Reconsideration (Warner Decl. Ex. B) mandating deposition discovery, including a period of at least 45 days for Respondent to resolve any issues with the United States relating to classified or sensitive national security information, and meanwhile postponing argument on the Application for Stay and the Amended Motion to Dismiss until the week of April 9, 2007. On January 12, 2007, Blackwater filed in state court, first, an Exception and Objection (*id*. Ex. C) and, second, a Notice of Appeal (*id*. Ex. D).

## ARGUMENT

**I.  THERE ARE NO RELEVANT ISSUES IN DISPUTE.**

The Petition rests on the FAA, 9 U.S.C. § 4, which provides that, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." In his Response, Nordan does not—and cannot—deny "the making of the agreement for arbitration" because his state court Complaint alleges that "[o]n or about

March 25, 2004, [the decedents] individually entered into separate Independent Contractor Service Agreements with BLACKWATER[,]" (Petition Ex. E at 24, *see id.* at 10), and he has never denied in any state or federal court or agency proceeding that Petition, Exs. A–D, are the aforementioned Independent Contractor Service Agreements ("Service Agreements").[1] Likewise, Respondent does not—and cannot—deny "the failure to comply therewith" since Nordan continues to pursue discovery in his state court action and has failed to respond to Blackwater's Demand for Arbitration within the time prescribed by AAA rules. (Warner Decl. Ex. F.) Therefore, the Court should "make an order directing the parties to proceed to arbitration" as the FAA requires. 9 U.S.C. § 4; *see Adkins,* 303 F.3d at 500 (when the FAA requirements are met there is "no choice" but to order arbitration).

Nordan does contend that "this federal proceeding concerns an attempt to enforce a contractual provision of a contract which itself is the subject of a fraud in the inducement cause of action in state court that could render the entire contract rescinded." (Response at 6.) That argument is irrelevant on the issue of arbitrability. Where, as here, Respondent claims fraud "that could render the *entire* contract rescinded[,]" (*id.* (emphasis added)), such a claim is for the arbitrators to resolve. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 406 (1967). Allegations that an "entire contract" is void for fraud, lack of consideration, overreaching, or unconscionability, *see Jeske v. Brooks*, 875 F.2d 71, 75 (4th Cir. 1989) ("Because the alleged facts pertain to the entire contract, rather than specifically the arbitration

---

[1] The Service Agreements cover all of Nordan's claims against all parties in the state court suit. Blackwater Lodge & Training Center, Inc. is the sole manager member of Blackwater Security Consulting, LLC, Warner Decl. Ex. E, and Nordan alleges that Justin L. McQuown is an agent of Blackwater. *See* Petition Ex. E at 3. Thus all claims against all the Defendants in the state court action fall within arbitral jurisdiction. *See J.J. Ryan & Sons v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 320–21 (4th Cir. 1988); *Silkwork Screen Printers v. Abrams*, No. 91-1631, 1992 U.S. App. LEXIS 28843, at *15–16, attached hereto as Ex. 1.

4

clause, they are properly left to the arbitrator for resolution"); or that the "entire contract" was fraudulently induced, *see Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 813-14 (4th Cir. 1989) (*Prima Paint* and *Moses H. Cone, infra.* are "dispositive" that a claim for "fraud in the inducement of the contract generally" is "for the arbitrator"), must be resolved by the arbitrators. The Petition should therefore be granted.

## II.   *COLORADO RIVER* DOES NOT PERMIT DISMISSAL OF THE PETITION.

Nordan cites *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), *see* Response at 14, but does not mention that it rejects application of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), to a petition to compel arbitration. Instead, Nordan characterizes the inapposite *Holland v. Hay*, 840 F. Supp. 1091 (E.D. Va. 1994), as "shockingly similar" to the present case, Response at 8, even though it did not involve a petition to compel arbitration under the FAA. The Court should not abstain from exercising its subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Having been affirmed in *Moses H. Cone*, the Fourth Circuit has repeatedly rejected claims that district courts should abstain under *Colorado River* from deciding motions to compel arbitration. *See E. Assoc. Coal Corp. v. Massey*, 373 F.3d 530, 533 n.1 (4th Cir. 2004) (finding "no error" in district court's refusal to abstain from deciding FAA application); *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, Inc.*, 3 Fed. Appx. 43, 44 (4th Cir. 2000) ("district court is required to rule on [plaintiff's] motion to compel arbitration"); *Whiteside v. Teltech*

---

[2]   This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Nordan's personal citizenship as administrator is disregarded, *see id.* at § 1332(c)(2), and the Court's jurisdiction is not precluded by any prior decision because 28 U.S.C. § 1441(b) applies or not "without regard to the citizenship or residence of the parties." Having jurisdiction, the Court may not abstain from exercising it save in extraordinary circumstances. *Moses H. Cone*, 460 U.S. at 14. It is Nordan's burden to establish the "'clearest of justifications,' . . . to justify the surrender of that jurisdiction[,]" *id.* at 25–26, "with the balance heavily weighted" against abstention. *Id.* at 16.

*Corp.*, 940 F.2d 99, 102 (4th Cir. 1992) (district court has "no right" to stay FAA proceedings based on similar pending state court action). Nordan has not cited a single case approving abstention upon an application to compel arbitration, and Petitioners have found none. Nordan fails to carry his heavy burden, *see* n.2, *supra*, to justify *Colorado River* abstention in this case.

      A.      **THERE ARE NO PARALLEL DUPLICATIVE PROCEEDINGS.**

Respondent first must carry the burden of establishing that his state action constitutes a "parallel duplicative state proceeding." *R. J. Griffin*, 3 Fed. Appx. at 45 (citing *New Beckley Mining Corp. v. Int'l Union*, 946 F.2d 1072 (4th Cir. 1991)). The state action does not satisfy the "totally duplicative" test set forth in *McLaughlin v. United Va. Bank*, 955 F.2d 930, 935 (4th Cir. 1992), because the Petition seeks a federal order compelling arbitration, while in the state action Nordan seeks tort damages. Thus the proceedings do not involve the same issues or remedies. *See R. J. Griffin*, 3 Fed. Appx. at 45. The fact that Blackwater could raise its arbitration rights as a counterclaim in state court is irrelevant for FAA purposes; Blackwater has an independent right under the FAA to arbitrate what Respondent wishes to litigate as a counterclaim. Nordan has no authority for his FAA-gutting contention that state *procedural* rules trump the FAA.

      B.      **NO EXCEPTIONAL CIRCUMSTANCES JUSTIFY ABSTENTION.**

Even if the Petition and the state action were duplicative, Nordan would need to show that the *Colorado River* factors justify abstention here. This he has failed to do.

          1.      **The State Court Does Not Have Jurisdiction Over A *Res*.**

The first *Colorado River* factor hinges on whether the state court has assumed jurisdiction over a *res*. *See Moses H. Cone*, 460 U.S. at 19. The state court has not done so.

          2.      **The Convenience Factor Is Not Present Here.**

Nordan argues that arbitration would be inconvenient because the AAA's International Centre for Dispute Resolution is headquartered in New York City, and that this Court is also

inconvenient for *Colorado River* purposes. *See* Response at 10. First, the pending arbitration is not in New York but in Currituck or Camden County, North Carolina, because the arbitration contracts (i.e., § 20.1 of the Service Agreements) so provide. Second, this factor is "not present" where, as here, a North Carolina district court is asked to compel arbitration of a pending North Carolina state court suit. *Moses H. Cone*, 460 U.S. at 19; *see Whiteside*, 940 F.2d at 103; *see also Sea Colony, Inc. v. Alcan Aluminum Corp.*, 653 F. Supp. 1323, 1327 & n.6 (D. Del. 1987).

### 3. The Piecemeal Litigation Factor Is Irrelevant and Inapplicable.

Nordan's assertion that, should this Court compel arbitration, piecemeal litigation would result, *see* Response at 11–12, disregards the fact that "relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone*, 460 U.S. at 20 (emphasis in original); *see A. L. Williams & Assocs., Inc. v. McMahon*, 697 F. Supp. 488, 493 (N.D. Ga. 1988) (piecemeal litigation is not at issue because federal court will decide arbitrability). Further, because the arbitration contracts call for arbitration in Currituck or Camden County and the award will fall within this Court's jurisdiction, 9 U.S.C. § 9, the Superior Court in Wake County lacks jurisdiction over the arbitration and the award, particularly since Blackwater has moved there not to compel but to *dismiss* based on arbitrability.

### 4. The State Court Lacks Priority Because It Refuses To Decide Arbitrability.

The Supreme Court holds that "priority should not be measured *exclusively* by which complaint was actually filed first, but rather in terms of how much progress has been made in the two actions." *See Moses H. Cone*, 460 U.S. at 21 (emphasis added). First, the state action has not progressed because it was removed, remanded, stayed by the Fourth Circuit, activated for about five weeks, and again stayed automatically by appeal, this time because the Superior Court ordered discovery in lieu of a decision on Blackwater's arbitration rights upon which Blackwater

7

has been moving to dismiss since October 13, 2005.[3]  Second, federal policy favors prompt adjudication of arbitrability.  *Moses H. Cone*, 460 U.S. at 23 & n. 27.  Congress enacted 9 U.S.C. § 4 to require arbitration, promptly and efficiently, in a situation precisely like this one.

### 5. Federal Law Controls Blackwater's Petition to Compel Arbitration.

Nordan again improperly looks to the merits of the state court action by asserting that the presence of North Carolina state law issues weigh in favor of abstention.  Response at 13. Blackwater's Petition is governed by *federal law*, 9 U.S.C. § 4, and "the *presence* of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses H. Cone*, 460 U.S. at 26 (emphasis added).  Federal law need not be the only applicable law, but need only be *present*, in order to weigh heavily against abstention.

### 6. State Court Proceedings Will Be Inadequate to Protect Blackwater's Rights.

Respondent mistakenly asserts that there is "nothing special" in the relief requested in this action, rendering the state court proceeding adequate.  First, Respondent's disagreement is with Congress, as 9 U.S.C. § 4 permits Blackwater to respond to a state court lawsuit by filing the Petition here.  Second, the state court lacks jurisdiction over the arbitration because the contractually agreed arbitration locale is Currituck or Camden County, not Wake County, and Blackwater stands on its FAA-protected contractual rights.  Third, Nordan may not repudiate the agreed arbitration locale by filing a lawsuit in Wake County.  And Fourth, as shown above, the state court proceeding is inadequate because the state court has ordered discovery before considering Blackwater's 15-month-old motion to dismiss based on its arbitration rights.

---

[3] In a misleading effort to suggest that the state court proceedings are at an advanced stage, Nordan characterizes the state action as "in the discovery phase." (Response at 12.) At the time, the state court had ordered limited discovery prior to resolution of Blackwater's arbitrability claims; Blackwater since has appealed the state court's order.

### 7. Blackwater's Federal Action Is Not Vexatious.

Nordan's claim that the Petition is "vexatious or reactive" is groundless. First, Nordan's assertion that Blackwater did not "once in the past two years" raise its contractual rights, Response at 15, is erroneous because on October 13, 2005, Blackwater moved to dismiss the state court suit based in part on arbitrability. Second, unlike the *Holland* case cited by Defendant, the instant petition to direct arbitration is not an improper effort to place the *merits* of a state court action before a federal court following a failed removal. *See generally* 840 F. Supp. 1091. Rather, the Petition seeks an order under 9 U.S.C. § 4 prohibiting Nordan from prosecuting any claim against Blackwater in this Court or in any other court. Third, removal efforts are consistent with subsequent invocation of the right to compel arbitration. *See In re Mercury Constr. Corp.*, 656 F.2d 933, 939–40 (4th Cir. 1981), *aff'd sub. nom. Moses H. Cone Hosp.*, 460 U.S. 1 (1983).

## III. THE PETITION IS NOT SUBJECT TO DISMISSAL UNDER RULE 12(b).

Respondent's invocation of Fed. R. of Civil P. 12(b)(3) and (6) in his Response is improper in the absence of any relevant issue under 9 U.S.C. § 4. The only purpose of Rule 12(b) motion practice would be to delay an arbitration order by turning what should be *one* opportunity for Nordan to respond to the Petition into three different submissions (a 12(b) motion, a reply to an opposition to the 12(b) motion, and a subsequent answer to the Petition). Because the FAA preempts federal procedural rules in order to carry out its purposes, *see, e.g.*, *Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994) ("court was not required to comply with the pleading requirements" of Rule 12(b) upon petition to confirm award under FAA); *O.R. Sec., Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d

742, 748 (11th Cir. 1988) (Rule 8 notice pleading does not apply in proceeding to vacate award), the Court should hold Nordan to the one Response he has filed and grant the Petition.

## IV. THE COURT SHOULD ENJOIN RESPONDENT FROM PROSECUTING THE STATE COURT ACTION.

Since the filing of Blackwater's Petition, Respondent has persuaded the state court to order discovery without first considering dismissal under the FAA or the pending Application for Stay under 9 U.S.C. § 3. In "directing the parties to proceed to arbitration," 9 U.S.C. § 4, the Court should make explicit in its Order that the entire state court dispute is subject to arbitration, *see supra* n. 1, that Respondent is permanently enjoined from pursuing his arbitrable claims otherwise, and that this Court will have jurisdiction to decide an application to confirm an award.

## CONCLUSION

The Court should grant the Petition forthwith, "directing the parties to proceed to arbitration," 9 U.S.C. § 4, and enjoining Nordan from pursuing his arbitrable claims otherwise.

This 18th day of January, 2007

        SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

By: /s/ Kirk G. Warner
Kirk G. Warner [N.C. State Bar No. 16238]
Mark A. Ash [N.C. State Bar No. 13967]
Post Office Box 2611
Raleigh, North Carolina 27602
Telephone: (919) 821-1220
E-Mails: kwarner@smithlaw.com
mash@smithlaw.com

*Counsel for Blackwater Security Consulting, LLC, and Blackwater Lodge and Training Center, Inc.*

10

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

David F. Kirby
Kirby & Holt, LLP
3201 Glenwood Avenue
Suite 100
Raleigh, North Carolina  276212
E-Mail: dkirby@kirby-holt.com
Attorneys for Respondent

Daniel J. Callahan
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California  92707
E-Mail: daniel@callahan-law.com
Attorneys for Respondent

This the 18th day of January, 2007.

          /s/ Kirk G. Warner
Kirk G. Warner