# EXHIBIT A

Dockets.Justia.com

STATE OF NORTH CAROLINA

COUNTY OF WAKE

RICHARD P. NORDAN, as Ancillary
Administrator for the separate Estates of
STEVEN S. HELVENSTON, MIKE R.
TEAGUE, JERKO GERALD ZOVKO, and
WESLEY J.K. BATALONA,

Plaintiffs,

v.

BLACKWATER SECURITY
CONSULTING, LLC, et al.,

Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
05-CVS-173

**AMENDED MOTION TO DISMISS**

FILED
2005 OCT 13   PM 4:19
WAKE COUNTY, C.S.C.
BY_____

NOW COME Defendants Blackwater Security Consulting LLC and Blackwater Lodge

and Training Center, Inc. (collectively "Blackwater"), pursuant to Rules 12(b)(1) and 12(b)(6)

and move that this action be dismissed. The grounds for this motion include the following:

    1.    The State of North Carolina may not regulate the decisions of contractors

operating in support of United States military forces in the Iraqi theater of operations, inquire

into the circumstances relating to casualties sustained by such contractors in war, or impose

liability arising from the manner in which such contractors support military operations, without

impermissibly interfering in the President's functions as Commander-in-Chief under Article II of

the United States Constitution.

    2.    Contractors engaged to support military operations by performing supply,

logistics, security, transportation, maintenance, engineering, intelligence, or other functions

traditionally performed by United States armed forces personnel are subject to the same

immunities that shield the armed forces from being answerable in State courts or under State law

for casualties sustained in war.

3.    The State of North Carolina lacks jurisdiction to legislate beyond the territorial boundaries of the United States in the circumstances of this case.

4.    Congress has created an exclusive and comprehensive Federal compensation scheme in the Defense Base Act, 42 U.S.C. § 1651 *et seq.*, which commits jurisdiction to the United States Secretary of Labor, preempts the Plaintiff's claims under State law, and deprives the Court of jurisdiction.

Apart from the lack of subject matter jurisdiction, the Complaint fails to state a claim upon which relief can be granted because the claims asserted here were waived and released in the contracts executed by the Plaintiff Decedents. Further, Plaintiff has not pleaded with the requisite particularity, and further, even if the Plaintiff had a claim of fraud in the inducement, such a claim could only proceed if pursued through arbitration.

WHEREFORE, Blackwater respectfully moves that this action be dismissed.

Respectfully submitted, this 13 day of October, 2005.

GREENBERG TRAURIG, LLP

By: _____

C. Allen Foster, N.C. Bar No. 1499
Eric C. Rowe, N.C. Bar No. 10713
800 Connecticut Avenue, NW, Suite 500
Washington, D.C.  20006
Tel. (202) 331-3100
Fax (202) 331-3101

SMITH, ANDERSON, BLOUNT DORSETT
MITCHELL & JERNIGAN LLP

By: _____

Kirk G. Warner, N.C. Bar No. 16238
Mark A. Ash, N.C. Bar No. 13967
P.O. Box 2611
Raleigh, North Carolina 27602
Tel. (919) 821-1220
Fax (919) 821-6800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the forgoing document was served on the parties listed below by mailing a copy thereof to each of said parties, addressed, postage paid, as follows:

David F. Kirby
William B. Bystrynski
Kirby & Holt, LLP
3201 Glenwood Ave., Ste. 100
Raleigh, NC 27612

Daniel J. Callahan
Brian J. McCormack
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Dr., Ste., 900
Santa Ana, CA 92707

Patricia L. Holland
Cranfill, Summer & Hartzog, LLP
PO Box 27808
Raleigh, NC 27611-7808

William C. Crenshaw
Powell & Goldstein, LP
901 New York Ave., NW, Third Floor
Washington, DC 20001-4413

This the 13 day of October, 2005.

Mark A. Ash