# EXHIBIT C

| | |
|---|---|
| **NORTH CAROLINA** | **IN THE GENERAL COURT OF JUSTICE** |
| | **SUPERIOR COURT DIVISION** |
| **WAKE COUNTY** | **05 CVS 173** |

RICHARD P. NORDAN, as Ancillary )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, MIKE R. )
TEAGUE, JERKO GERALD ZOVKO and )
WESLEY J. K. BATALONA, )
                            )
         Plaintiff, )
                            )
v.                           )
                            )
BLACKWATER SECURITY )
CONSULTING, LLC, BLACKWATER )
LODGE AND TRAINING CENTER, INC., )
and JUSTIN L. McQUOWN, )
                            )
         Defendants. )

**BLACKWATER DEFENDANTS' EXCEPTION AND OBJECTION TO ORDER UPON RECONSIDERATION**

Defendants Blackwater Security Consulting, L.L.C. and Blackwater Lodge and Training Center, Inc. ("Blackwater") respectfully except and object to the Order Upon Reconsideration of this Court entered on January 4, 2007. In delaying briefing and argument on pending motions, while ordering that "the Commission for Taking Deposition of John Potter dated December 15, 2006, should be held in abeyance for a minimum of 45 days so that Plaintiff may submit to the United States Attorney for review a list and description of documents sought and the substance of oral testimony anticipated[,]" and that "[t]hereafter, subject to any limitations imposed by federal law, the deposition of John Potter shall proceed . . . ," Order Upon Reconsideration at 2, the Court has effectively denied Blackwater's substantial rights under law. Ordering discovery in lieu of a decision on pending motions is beyond the Court's power.

The Defendants' substantial rights include (a) Defendants' right under the Federal Arbitration Act, 9 U.S.C. § 3, to stay proceedings pending a decision on Defendants' Amended

Motion to Dismiss, filed on October 13, 2005, insofar as it seeks dismissal of this action based on the arbitration contracts, which is supported by the requirement in N.C.G.S. § 1-569-.7 that the Court decide the arbitration issue as its first order of business; (b) Defendants' admitted obligation under the Defense Base Act ("DBA") to pay federally administered benefits at maximum rates for the deaths of the decedents, and Defendants' right as mandated by Congress that DBA benefits "shall be exclusive and in place of any other liability," 42 U.S.C. § 1651(c); and (c) the Constitution's commitment to the United States, and the Congress' commitment to military jurisdiction under the Uniform Code of Military Justice, 10 U.S.C. § 802(a)(10), of plenary control and regulation of the conduct of war operations in foreign countries, including the defense of U.S. Army supply lines by contractors in Iraq, without intrusion or attempt at regulation by the Legislature or the Courts of the State of North Carolina or of any other state. The Court has decided to postpone consideration of the limits of its constitutional and lawful powers, and the substantial rights of the Defendants to be immune from suit and to have their defenses and claims against Plaintiff decided in pending arbitration, while ordering discovery notwithstanding whether it has power to order it or not. Blackwater respectfully takes exception and objects.

In its Order Upon Reconsideration, the Court states that it "does find from the history of this case and from the actions of Defendants and John Potter which precluded a prior effort to take the Potter deposition, that it is probable that Mr. Potter's future availability for deposition will remain uncertain." (Order, ¶ 3.) Defendants object and except to such statement as it is without merit and defies the facts, the chronology of events, and the record before this Court. The Court's mistaken impression apparently stems from Plaintiff's repeated and completely false accusation that Blackwater, upon learning of Plaintiff's desire to depose Mr. Potter, quickly hired

2

and shipped him to Iraq. (See, as only one example: Plaintiff's Reply Brief in Support of Motion to Issue Subpoena For Taking the Deposition of John Potter, p. 4: "after Blackwater had been served with notice of the deposition, Blackwater hired John Potter and flew him from Anchorage to the Middle East.... After concealing this material witness, ...."). Blackwater values its reputation as a good company and employer in North Carolina, and nothing could be further from the truth than the false accusation that it "hired John Potter and flew him from Anchorage to the Middle East" to "conceal[] this material witness[.]"

Blackwater did not hire Mr. Potter or take him to Iraq in order to conceal a witness. Plaintiff filed this action on January 5, 2005. Prior to serving Defendants on January 12, 2005, Plaintiff filed a Motion to Shorten Time to Take the Deposition of John Potter and obtained an *ex parte* Order to Shorten Time, therewith. Plaintiff's counsel has admitted in open court and in filings in this case – even those prior to the service of the lawsuit - that they did this because Mr. Callahan spoke to Mr. Potter on or about the day the lawsuit was filed and learned that he was already engaged by Blackwater and scheduled to be returning to the "Middle East" at the end of January, 2005. (See, ¶ 3, Affidavit of Daniel J. Callahan filed in support of Motion to Shorten Time for Deposition, January 10, 2005.)[1] Only after the *ex parte* Order to Shorten Time for Deposition did Plaintiff serve Defendants with the summons and complaint in this case. Accordingly, Plaintiff knew at the time the lawsuit was filed and before serving the lawsuit on any Defendants that Potter was previously engaged by Blackwater and was already scheduled to deploy abroad. Plaintiff's accusations that Defendants hired Potter after learning of the suit and had him shipped out after learning of Plaintiff's attempt to take his deposition is a rank lie, just like opposing counsel's false and misleading statements to this Court that it was urgently

---

[1] Consistently inconsistent, Mr. Callahan stated in his January 10, 2005 affidavit that he [Callahan] contacted Mr. Potter and spoke to him while Mr. Miles stated at the January 3, 2007 hearing that he [Miles] had spoken to Mr. Potter at that time [January 5, 2005]. (January 3, 2007 Hearing Tr. p. 31.)

3

necessary to preserve Mr. Potter's testimony before he left the country and returned to Iraq on January 19, 2007, when in truth he had told them that he was going on a cruise with his wife.

The truth is that before this lawsuit was filed, Mr. Potter was hired as an independent contractor by Blackwater and was scheduled to deploy overseas on January 24, 2005, for an urgent, ongoing operational mission vital to the United States Government (organization and mission classified). On the same day that Mr. Potter commenced his deployment, Blackwater timely removed this case to the United States District Court for the Eastern District of North Carolina - where all discovery would be governed by the Federal Rules of Civil Procedure and by the United States District Court. As of that point, this Court had not ordered either Blackwater or Mr. Potter to do anything, but had ordered the Clerk of the Court to issue a commission that Plaintiff would be free to attempt to convert into a subpoena in Alaska. Neither Blackwater nor any of the other Defendants were aware that this Court had even ordered issuance of a Commission to Take Deposition, as it was obtained *ex parte* on January 21, 2005, despite the fact that the Plaintiff's counsel knew how to serve at least some of the Defendants with their request and the resulting *ex parte* Order had not been served on any Defendant as of January 24, 2005. In fact, Defendant McQuown had only just been served on January 18, 2005 and no service had been obtained on Defendant Tom Powell. Thus none of the Defendants was the subject of any order of this Court, or was aware of *ex parte* proceedings to issue a commission to apply for a subpoena in Alaska, when this case was lawfully removed on legitimate grounds that resulted in remand, and affirmance on appeal with extensive reasoning and explanation by the United States Court of Appeals for the Fourth Circuit.

Plaintiff's attempt to obtain a subpoena in Alaska only occurred after the lawsuit had been removed from this Court and after Mr. Potter was in route to the Middle East. Accordingly,

4

Blackwater could not have "precluded a prior effort to take the Potter deposition" as stated by the Court in its order and did not do so. Further, it is noted that there were ample grounds for Mr. Potter, who was deploying at the behest of the United States Government, each of the Defendants (just served or not served at all), and certainly the United States Government to object to issuance of such Order for Commission had it not been issued *ex parte* and had it come to their knowledge. That is the true factual record in this case.

In addition to that unfounded "finding," the Court also has apparently determined that there was no intentional misrepresentation to the Court at the December 15, 2006 hearing on Plaintiff's Motion for a Commission to Take Deposition. This "finding" is apparently based on a determination that "any misunderstanding grew out of the limited information available to the attorneys who actually appeared before the Court on December 15, 2006." (Order, ¶ 2.) However, the record is now clear, and Mr. Miles admitted in open court, that Mr. Potter advised him that he was going on a "cruise" and returning thereafter to Alaska. (January 3, 2007 Hearing Tr. p. 30.) The Court never inquired into whether this information was conveyed to Mr. Kirby, so it must be assumed that it had been and there is no evidence or testimony offered by Plaintiff's counsel to the contrary. The record is equally clear that neither the Plaintiff's motion nor the representations of Plaintiff's North Carolina counsel, disclosed that Mr. Potter was only going on a "cruise" and, perhaps more importantly, was returning and "not unavailable thereafter" as represented specifically by Plaintiff's counsel. The Court, despite the repeated urging and assertions of Defendants' counsel, did not make any further inquiries after Mr. Miles' admission (which made Potter's affidavit uncontested on that point). As such, the Court's "finding" on this point is not consistent with the record.

5

Even more important, Mr. Miles' belated admission in open court that he knew all along that Mr. Potter was only going on a cruise removed any basis for urgency that might have served as an arguable justification, albeit a legally wrong and insufficient one, to make Mr. Potter's deposition the Court's first item of business before it even determines whether it is constitutionally and statutorily prohibited from requiring Blackwater to answer the Complaint, much less to participate in discovery proceedings. This case involves issues of national moment well beyond the "facts" erroneously reported in an unreliable press, which should not be set aside on the basis of the word of Plaintiff's out-of-state counsel who have a proven record in this case of unethical and deceptive practices for which they should be disqualified and sanctioned. See Motion to Revoke Pro Hac Vice Admissions of Daniel J. Callahan and Marc P. Miles filed on November 27, 2006 and Supporting Brief served on December 15, 2006.

Finally, in their December 29, 2006, Motion for Reconsideration and for Sanctions, Defendants advised this Court that, "In addition to misrepresenting Mr. Potter's situation, Plaintiff's Reply Brief filed in the Alaska proceeding misrepresents Blackwater's work in Iraq. Specifically, Plaintiff's assertion that Blackwater was not working for the U.S. Government on March 31, 2004 is incorrect. While Plaintiff points out that Blackwater was not working under a LOGCAP contract, such an assertion is irrelevant. On the day of the incident, Blackwater was operating pursuant to a direct theater support contract with the U.S. Government." Motion for Reconsideration and for Sanctions, page 3 n.2. Plaintiffs' Complaint does not allege that "Blackwater Was Not Working For The U.S. Government On March 31, 2004"; to the contrary, Paragraphs 18-23 of Plaintiffs' Complaint allege that Blackwater was a subcontractor under ESS Support Services Worldwide, "a business with two divisions: one which provides catering support services and the other which provides design and building

6

services to U.S. Armed Forces and other U.S. contracting agencies in Iraq and Kuwait" (¶ 18). That Counsel for Plaintiffs so eagerly would reach beyond their own Complaint to misrepresent the battlefield relationship between Blackwater and the United States Government in their effort to conduct a third-party deposition in Alaska foreshadows precisely where discovery in this lawsuit would necessarily proceed should this Court not grant Blackwater's pending Application to Stay Proceedings Pending Arbitration and/or its Amended Motion to Dismiss.

Accordingly, Defendants object and except to Order Upon Reconsideration and to the Plaintiff's false accusations upon which it rests.

This the 12th day of January, 2007.

           SMITH, ANDERSON, BLOUNT, DORSETT,
           MITCHELL & JERNIGAN, LLP

           By: _____
           Kirk G. Warner
           N.C. State Bar No. 16238
           Mark A. Ash
           N.C. State Bar No. 13967
           P.O. Box 2611
           Raleigh, North Carolina 27602
           TEL: 919.821.1220
           FAX: 919-821-6800

           Attorneys for Blackwater Security Consulting, LLC
           and Blackwater Lodge and Training Center, Inc.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing **BLACKWATER DEFENDANTS' EXCEPTION AND OBJECTION TO ORDER FOR RECONSIDERATION** in the above-entitled action upon all other parties to this cause by U.S. Mail, addressed to the following parties:

>David F. Kirby
>William B. Bystrynski
>Kirby & Holt, LLP
>3201 Glenwood Avenue, Suite 100
>Raleigh, North Carolina  27612
>Attorneys for Plaintiff
>
>Daniel J. Callahan
>Brian J. McCormack
>Marc P. Miles
>Callahan & Blaine, APLC
>3 Hutton Centre Drive, Suite 900
>Santa Ana, California  92707
>Attorneys for Plaintiff
>
>Patricia L. Holland
>Rachel Esposito
>Cranfill, Sumner & Hartzog, LLP
>P.O. Box 27808
>Raleigh, NC  27611-7808
>Attorney for Defendant Justin McQuown
>
>William C. Crenshaw
>Powell & Goldstein, LLP
>901 New York Avenue, NW, Third Floor
>Washington, DC  20001-4413
>Attorney for Defendant Justin McQuown

This the 12th day of January, 2007.

_____
Kirk G. Warner

8