UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC and BLACKWATER LODGE AND TRAINING CENTER, INC., Petitioners, | ) ) ) ) ) |
| v. | ) )    O R D E R |
| RICHARD P. NORDAN, as Ancillary Administrator for the Separate Estates of STEPHEN S. HELVESTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO, and WESLEY J. K. BATALONA, Respondent. | ) ) ) ) ) ) ) |

This matter is before the court on a petition for order directing arbitration [DE-1] filed by Petitioners Blackwater Security Consulting, LLC and Blackwater Lodge Training Center, Inc. [collectively, "Blackwater"] and a motion to dismiss the petition [DE-6] filed by Richard P. Nordan, as Ancillary Administrator for the separate estates of Stephen S. Helveston, Mike R. Teague, Jerko Gerald Zovko and Wesley J. K. Batalona [collectively, "Decedents"]. These matters are now ripe for disposition.

**I. BACKGROUND**

This matter arises out of four Independent Contractor Service Agreements ["Service Agreements"] entered into by Blackwater and each of the Decedents. Section 20.1 of the Service Agreement provides:

> Contractor and BSC hereby agree that any dispute regarding interpretation or enforcement of any of the parties' rights or obligations under this Agreement shall be resolved by binding arbitration according to the rules of the American Arbitration Association and shall be conducted in Currituck or Camden County in North Carolina.

Petition [DE-1] Exs. A, B, C and D at § 20.1. On March 31, 2004, Decedents were brutally

murdered in Fallujah, Iraq while working for Blackwater in support of the United States Armed Forces.

On January 5, 2005, Nordan filed an action in the Superior Court of North Carolina in Wake County alleging state law claims of fraud and wrongful death against Blackwater and Blackwater employees Justin L. McQuown and Thomas Powell. *See* Petition [DE-1] Ex. E. In the complaint, Nordan alleges that Decedents entered into the Service Agreements in reliance upon the representations of Blackwater and its employees that Decedents would be afforded certain protections, tools and information while working as security contractors in the Middle East. Although Decedents were working in hostile territory, Nordan alleges that Blackwater failed to provide the protective measures as promised. Nordan seeks relief, including compensatory damages for the wrongful death of Decedents, recision of the Service Agreements and punitive damages.

On January 24, 2005, Blackwater removed the action to the Eastern District of North Carolina on the basis of federal question jurisdiction. The action was remanded on August 11, 2005, by Chief United States District Court Judge Louise Flanagan and on August 24, 2006, the Fourth Circuit Court of Appeals concluded that it lacked appellate jurisdiction to review the remand. Pending review of the remand issue, the proceedings in Superior Court were stayed, including consideration of a motion to dismiss filed by Blackwater.

On November 27, 2006, the Superior Court lifted the stay imposed during appellate review of the remand order. Since the stay was lifted, the Superior Court has not ruled on Blackwater's motion to dismiss, but has allowed a motion by Nordan to proceed in discovery with the deposition of a witness in Alaska.

On December 14, 2006, Blackwater initiated an arbitration in Currituck County, North Carolina against Nordan. *See* Petition [DE-1] at Ex. F. Six days later, Blackwater filed a

petition in this court seeking an order pursuant to Section 4 of the Federal Arbitration Act ["FAA"], 9 U.S.C. § 4, directing Nordan to proceed with arbitration in accordance with the terms of the Service Agreements. Nordan subsequently filed a motion to dismiss the petition, arguing that the court must abstain from consideration of the matter on the basis of *Colorado River Water Conservation District v. United States*, 420 U.S. 800 (1976). In the alternative, Nordan maintains that Blackwater's petition must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6) and 13(a) because Blackwater's claim is a compulsory counterclaim to the pending state action.

On April 13, 2007, Superior Court Judge Donald Stephens granted a motion for a temporary restraining order enjoining the parties from further participating in the arbitration proceedings.

Blackwater's petition and Nordan's motion to dismiss are now ripe for disposition.

## II. MOTION TO DISMISS

### A. Standard

An action will be dismissed for failing to state a claim if it appears that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true, *see McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996), and construes the allegations in the light most favorable to the pleader. *See Scheur v. Rhodes*, 416 U.S. 232, 236 (1974).

In his motion to dismiss, Nordan maintains that Blackwater's petition must be dismissed on the following grounds: (1) the court must abstain from consideration of the petition on the basis of *Colorado River* abstention; and (2) Blackwater's petition must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6) and 13(a) because

the claim is a compulsory counterclaim to the pending state action.

**B. *Colorado River* Abstention**

The court is not persuaded by Nordan's argument that the court should abstain from exercising jurisdiction in this action under the doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Colorado River* abstention is appropriate "in exceptional circumstances where a federal case duplicates contemporaneous state proceedings and wise judicial administration . . . clearly favors abstention." *Vulcan Chem. Tech., Inc., v. Barker*, 297 F.3d 332, 340-41 (4th Cir. 2002) (internal quotations omitted). Prior to considering whether *Colorado River* abstention is appropriate, there is a threshold requirement of parallel proceedings in state and federal court. Once the requirement is met, the following six factors are used in analyzing whether abstention is appropriate:

> (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Id.* at 341. Here, the court concludes that even if the federal and state court actions can be considered parallel, application of these six factors does not counsel in favor of abstention.

The first factor is not relevant because this dispute does not involve property. The second factor does not weigh in favor of abstention because both the federal court and the state court are located in North Carolina. Nordan argues that the federal forum is inconvenient because this court is likely to require arbitration in New York. This argument is unpersuasive, as the Service Agreements provide that arbitration must take place in North Carolina.

With respect to the third factor, Nordan maintains that an order compelling arbitration would result in piecemeal litigation. The court finds that this factor does not counsel in favor of abstention. Even if an order compelling arbitration would create piecemeal litigation, "[t]hat misfortune . . . is not the result of any choice between the federal and state courts; it occurs because the relevant federal law *requires* piecemeal resolution when necessary to give effect to an arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983)(emphasis in original). Here, it is not the interplay of the parallel federal and state actions that could result in piecemeal litigation, but the arbitration provision in the Service Agreements. As such, any risk of piecemeal litigation does not weigh in favor of abstention. *See Eastern Associated Coal Corp. v. Skaggs*, 272 F. Supp. 2d 595, 600 (S.D.W.Va. 2003).

The fourth factor requires consideration of the order in which the courts obtained jurisdiction and the progress achieved in each action. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.

Nordan instituted the state court action on January 5, 2005, almost two years before the instant petition was filed in federal court on December 20, 2006. As described above, the state court action was stayed until November 27, 2006. Since removal of the stay, the state court has allowed limited discovery and entered a temporary restraining order preventing further steps toward arbitration. The state court has not ruled on Blackwater's motion to dismiss, which includes as grounds for dismissal the fact that Nordan's claim for recision is subject to arbitration. Analyzing these circumstances from a practical perspective, the state court action was initiated first, but has not progressed on the issue of arbitration. Consequently, it does not appear that the fourth factor weights in favor of abstention.

Moreover, abstention by this court could delay arbitration of this matter and subvert "Congress's clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Id.* at 22 (holding that abstention by a district court "frustrated the statutory policy of rapid and unobstructed enforcement of arbitration agreements").

The fifth factor concerns whether state or federal law provides the rule of decision on the merits. The instant action is governed by both North Carolina law and the FAA. Although "the presence of state-law issues may weigh in favor of . . . surrender [of jurisdiction]," the Supreme Court has provided that "the presence of federal-law issues must always be a major consideration weighing *against* surrender." *Id.* at 26 (emphasis added). Consequently, because the FAA is applicable, this factor does not weigh in favor of abstention.

Finally, the court must consider the adequacy of the state proceeding in protecting the parties' rights. Here, there is room for doubt concerning the state court's ability to compel arbitration, as the state court has allowed limited discovery before ruling on the arbitration issue. This factor, therefore, weighs against abstention.

Having carefully considered the parties' motions and the applicable law, the court concludes that *Colorado River* is not appropriate in this action and Nordan's motion to dismiss on this basis is DENIED.

**C. Compulsory Counterclaim**

Nordan also seeks dismissal of Blackwater's petition pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6) and 13(a) on the grounds that the FAA petition constitutes a compulsory counterclaim in the pending state action. Nordan has not cited, nor can the court find, any legal precedent in support of this argument. Consequently, Nordan's motion to

dismiss the petition on this basis is DENIED.

### III. PETITION

The court now turns to Blackwater's petition seeking relief pursuant to § 4 of the FAA, which provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. The FAA itself does not create an independent basis for federal jurisdiction. *See Moses H. Cone Mem. Hosp.*, 460 U.S. at 26 n. 32. Accordingly, in examining an FAA petition, the court must first consider the issue of subject matter jurisdiction.

The court concludes that it would have jurisdiction over this action pursuant to 28 U.S.C. § 1332, as this is a civil matter between citizens of different states wherein the amount in controversy exceeds $75,000. Specifically, Blackwater Security Consuling, LLC and Blackwater Lodge Training Center, Inc. are both organized under the laws of the State of Delaware, with principal places of business in North Carolina. Nordan is a resident of North Carolina and the Decedents were, at the time of death, residents of California, Hawaii, Tennessee and Ohio. There is complete diversity of citizenship, as Nordan's personal citizenship as administrator is disregarded. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). The parties do not dispute that the amount in controversy exceeds $75,000, therefore the court has subject matter jurisdiction over this action.

Having concluded that jurisdiction is proper, the court must next determine whether

to stay the instant proceedings and direct the parties to proceed to arbitration in accordance with the Service Agreements.[1] A petitioner can compel arbitration by establishing:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

The court finds that Blackwater has satisfied each of these four factors. The first factor has been met, as there is undoubtedly a dispute between the parties. Second, as described above, there are written Service Agreements purporting to cover the dispute that include an arbitration provision providing that "any dispute regarding interpretation or enforcement of any of the parties' rights or obligations under this Agreement shall be resolved by binding arbitration." A written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The court is not persuaded by Nordan's argument that this action is not subject to arbitration because "this federal proceeding concerns an attempt to enforce a contractual provision of a contract which itself is the subject of a fraud in the inducement cause of action in state court that could render the entire contract rescinded." Mem. in Support of Mot. to Dimiss [DE-7] at p. 6. The fact that Nordan has filed a claim fraud in the inducement claim in state court is no bar to arbitration proceedings.

In both state and federal court, "an arbitration provision is severable from the

---

[1] The court declines to hold a jury trial or hearing before issuing the instant order, as there are no disputed issues of material fact concerning the merits of arbitrability.

issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). Here, Nordan does not allege fraudulent inducement of the arbitration clause itself, but alleges fraud in the inducement of the Service Agreements generally. In this circumstance, the issue of fraud in inducement must be considered by the arbitrator, not a state or federal court. See *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 813-14 (4th Cir. 1989)(examining Supreme Court precedent and noting that a claim of "fraud in the inducement of the contract generally" is an issue "for the arbitrator").

Finally, the court also finds that there is no dispute as to the third and fourth factors required to compel arbitration. As to the third factor, the transaction between Blackwater and Decedents related to interstate or foreign commerce. As the fourth factor, it is plain that Nordan has refused to arbitrate the dispute by seeking recision of the Service Agreements in state court.

The court therefore finds that Blackwater has established the requisite factors in favor of compelling arbitration in this case and concludes that "a valid agreement to arbitrate exists between the parties and covers the matter in dispute." *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999). In this circumstance, "the FAA commands the federal courts to stay any ongoing judicial proceedings . . . and to compel arbitration." *Id.*; see 9 U.S.C. § 3 (providing that a court must stay any suit "referable to arbitration under an agreement in writing for such arbitration."). "This stay-of-litigation provision is mandatory. A district court therefore has no choice but to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500. Accordingly, the court finds that this matter must be stayed and the parties directed to proceed with

arbitration in accordance with the Service Agreements.[2]

## IV. CONCLUSION

Based upon the foregoing, it is therefore ORDERED that:

1. Blackwater's petition for order directing arbitration [DE-1] is ALLOWED and the parties are ORDERED to proceed with arbitration in the manner provided for in the Service Agreements.

2. This action is STAYED pending completion of the required arbitration.

3. Nordan's motion to dismiss [DE-6] is DENIED.


SO ORDERED.
This the 20 day of April, 2007.

                                                               James C. Fox
                                                                Senior United States District Judge

---

[2]The court declines to allow Blackwater's request to enter a stay of the underlying state court action as this court "believes that the parties and the [state court] will likely conform their conduct to the expectations of law." *United Service Protection Corp. v. Lowe*, 354 F. Supp. 2d 651, 659 (S.D.W.Va. 2005) (internal citations omitted).