THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:06-CV-49 (F)

| | |
|---|---|
| BLACKWATER SECURITY )<br>CONSULTING, LLC, a Delaware Limited )<br>Liability Company; BLACKWATER )<br>LODGE AND TRAINING CENTER, INC., )<br>a Delaware Corporation, )<br>      )<br>      Plaintiffs/Petitioners, )<br>      )<br>v.    )<br>      )<br>RICHARD P. NORDAN, as Ancillary )<br>Administrator for the separate Estates of )<br>STEPHEN S. HELVENSTON, MIKE R. )<br>TEAGUE, JERKO GERALD ZOVKO and )<br>WESLEY J.K. BATALONA, )<br>      )<br>      Defendant/Respondent. )<br>_____ ) | AFFIDAVIT OF MARC P. MILES IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION |

**STATE OF CALIFORNIA**

Marc P. Miles, being first duly sworn upon oath states and alleges as follows:

1.   I am a principal in the law firm of Callahan & Blaine, APLC, Santa Ana, California, attorneys of record for Defendant Richard P. Nordan, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA. My address is 3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707. My telephone number is (714) 241-4444. I make and submit this Affidavit in support of Defendant's Emergency Motion for Reconsideration.

2.   The following facts are stated from my personal knowledge, which I believe to be true, and if called as a witness I could and would so competently testify thereto under oath.

1

3. On December 14, 2006, Blackwater initiated an arbitration proceeding against Richard P. Nordan.

4. On December 20, 2006, Blackwater filed a petition to compel arbitration in this Court seeking an order under Section 4 of the Federal Arbitration Act [9 U.S.C. § 4] directing Nordan to proceed with arbitration in accordance with the terms of the relevant Independent Contractor Service Agreements.

5. On January 10, 2007, Nordan filed a motion to dismiss Blackwater's petition to compel arbitration.

6. On April 20, 2007, this Court denied Nordan's motion to dismiss and granted Blackwater's petition to compel arbitration. Attached hereto as Exhibit "A" is a true and correct copy of the Court's Order, dated April 20, 2007.

7. On April 12, 2007, Blackwater filed a Memorandum of Law in Opposition to Issuance of TRO in the North Carolina state court case against it, which is pending in the Wake County Superior Court (Case No. 05CVS173). Attached hereto as Exhibit "B" is a true and correct copy of Blackwater's Memorandum of Law, dated April 12, 2007.

8. Prior to this Court ruling on the petition to compel arbitration and the motion to dismiss, Blackwater pushed its arbitration claim through the International Centre for Dispute Resolution ("ICDR"). I objected to the jurisdiction of the ICDR and informed it that a motion to dismiss had been filed in federal court. I also asked to the ICDR to stay its proceedings pending the ruling from this Court on the petition to compel arbitration and the motion to dismiss. The ICDR refused to do so.

9. In addition, I also objected to the jurisdiction of the ICDR to select arbitrators, pending a decision from this Court on the petition to compel arbitration and the motion to

dismiss. In response, Blackwater urged the ICDR to continue with the arbitration process and with the selection of arbitrators without Nordan. In fact, Blackwater also urged the ICDR to proceed on an *ex parte* basis without Nordan. Blackwater even paid Nordan's arbitration fees so that it could proceed unilaterally with the arbitration.

10. The ICDR succumbed to Blackwater's instructions and selected arbitrators, including William H. Webster, whose disclosures indicate that he has a conflict of interest. Attached hereto collectively as Exhibit "C" is a true and correct copy of Webster's disclosures (including the fact that he sits on the Board of a company with one of Blackwater's officers) and the ICDR's appointment of him to the panel in this matter.

11. Because I continued to object to the jurisdiction of the ICDR, on March 12, 2007, Blackwater urged the ICDR to stop sending correspondence and notices to me as Nordan counsel. This came at a time when the ICDR had been sending correspondence and notices to me for nearly three months as Nordan's counsel. The ICDR acquiesced to Blackwater's demands and ceased sending correspondence and notices to me concerning the selection of arbitrators and the notice of preliminary hearing. Attached hereto as Exhibit "D" is a true and correct copy of a correspondence I sent to the ICDR, dated April 9, 2007, summarizing the events surrounding the ICDR ceasing to notify me of Blackwater's unilateral arbitration proceedings.

12. On April 10, 2007, Michael Namias, the ICDR Supervisor, admitted that the ICDR had not sent at least five (5) notices and correspondence to me as Nordan's counsel concerning the selection of arbitrators and the preliminary hearing. Attached hereto as Exhibit "E" is a true and correct copy of an email from Michael Namias to me, dated April 10, 2007.

13. Considering that Blackwater and the ICDR were unilaterally prosecuting the

3

arbitration claim without Nordan, including selecting arbitrators and conducting a preliminary hearing, prior to a ruling on Blackwater's own petition to compel the arbitration and Nordan's motion to dismiss, I filed a motion for temporary restraining order in the North Carolina state court. On April 13, 2007, the North Carolina Superior Court issued a temporary restraining order. Attached hereto as Exhibit "F" is a true and correct copy of the temporary restraining order, which was in effect as of April 13, 2007, but not reduced to writing and executed until April 19, 2007.

14. Although this Court issued an order compelling Nordan "to proceed with arbitration in the manner provided for in the Service Agreements," Blackwater is seeking to continue the arbitration it unilaterally prosecuted in the ICDR, with its hand-picked and conflicted arbitrators already appointed to the panel.

15. Pursuant to the ICDR's own rules, Blackwater's arbitration claim should not be litigated before the ICDR, despite Blackwater erroneously filing the claim with it. Attached hereto as Exhibit "H" is a true and correct copy of the ICDR International Arbitration Rules, which I downloaded from its website at http://www.adr.org/sp.asp?id=28144&printable=true.

16. On April 23, 2007, I informed the ICDR of this Court's ruling and that the current arbitration proceeding is not consistent with the Court's Order directing "the parties to proceed with arbitration *in the manner provided for in the Service Agreements*," because (1) the Service Agreements provide for arbitration with the American Arbitration Association and not the International Centre for Dispute Resolution, (2) the Service Agreements provide for arbitration under the rules of the American Arbitration Association and not the International Arbitration Rules of the ICDR, and (3) the continuation of the arbitration which Blackwater has unilaterally prosecuted would be improper and prejudicial.

17. In light of this Court's Order, I also requested that the ICDR halt its proceedings and transfer the matter to AAA's Domestic Case Management Center in Atlanta, Georgia, to be commenced anew under AAA's Commercial Arbitration Rules, pursuant to the arbitration provision in the Service Agreements and this Court's Order. The ICDR refused to do so, and instead immediately began to schedule a preliminary hearing within its own organization and with Blackwater's panel of arbitrators. Attached hereto collectively as Exhibit "G" is a true and correct copy of my correspondence to the ICDR, dated April 23, 2007, and its response letter, dated April 27, 2007.

18. Before I could even confer with my co-counsel in North Carolina (Kirby & Holt) and my client (Nordan) concerning their availability on the dates the ICDR proposed for the preliminary hearing in this matter, on May 1, 2007, the ICDR unilaterally scheduled the preliminary hearing (on only three days notice) for May 4, 2007, at 7:00 am (Pacific). I informed the ICDR that we were not available on that date. The ICDR responded by stating that the preliminary hearing will be scheduled as early as May 14, 2007, depending on schedules.

19. To the extent that the Court does not dismiss the case for lack of jurisdiction, Blackwater's arbitration claim should commence anew, including the selection of arbitrators, at the American Arbitration Association's Domestic Case Management Center in Atlanta, Georgia. Attached hereto as Exhibit "I" is a true and correct copy of AAA's instructions on Where to File Cases which I downloaded from its website: http://www.adr.org/sp.asp?id=29019.

FURTHER AFFIANT SAITH NOT.

Dated: May 2, 2007

_____
MARC P. MILES

G:\2525\2525-02\Pleadings\Federal\BW Arbitration Claim\Recon - Affidavit of MPM.wpd

State of California    )
                       ) ss.
County of Orange       )



    Marc P. Miles, being duly sworn, deposes and says that the foregoing is true and correct. That he personally appeared before me on May 2, 2007, in Orange County, California. That he signed the foregoing document in my presence. That I administered the oath and that he is over the age of 18 and has resided in the State of California for more than five years.

    Subscribed and sworn to before me on May 2, 2007.

    Chontte Hocum, Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Affidavit of Marc P. Miles** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk G. Warner
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602


depositing a copy hereof, postage prepaid, in the United States mail, addressed to:

Michael P. Socarras, Sr.
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
McDermott Will & Emery, LLP
600 Thirteenth Street, NW
Washington, DC  20005-3096

David S. Coats
Bailey & Dixon, L.L.P.
P. O. Box 1351
Raleigh, NC 27602

This the 4th day of May, 2007.

                                                   /s/David F. Kirby
                                                   David F. Kirby
                                                   Kirby & Holt, L.L.P.