THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:06-CV-49 (F)

BLACKWATER SECURITY                    )
CONSULTING, LLC, a Delaware Limited    )
Liability Company; BLACKWATER          )
LODGE AND TRAINING CENTER, INC.,       )
a Delaware Corporation,                )
                                       )    **MEMORANDUM OF LAW IN SUPPORT**
            Plaintiffs/Petitioners,    )    **OF EMERGENCY MOTION FOR**
                                       )    **RECONSIDERATION**
       v.                              )
                                       )
RICHARD P. NORDAN, as Ancillary        )
Administrator for the separate Estates of )
STEPHEN S. HELVENSTON, MIKE R.         )
TEAGUE, JERKO GERALD ZOVKO and         )
WESLEY J.K. BATALONA,                  )
                                       )
            Defendant/Respondent.      )
_____)

        The Defendant hereby submits this Memorandum of Law in Support of his Emergency

Motion for Reconsideration, in accordance with *Federal Rules of Civil Procedure* Rule 60(b).

Just days before this Court issued its Order denying Defendant's motion to dismiss and granting

Plaintiff's petition to compel arbitration, critical evidence was revealed by Blackwater which

establishes that there is no diversity of citizenship between the parties and that the Court lacks

subject matter jurisdiction over this case.

        An emergency or expedited consideration of this motion is respectfully requested, as the

arbitration company will be scheduling a preliminary hearing as early as May 14, 2007, and the

parties must know if the case will be dismissed in light of the Court's lack of jurisdiction, or

alternatively, if the arbitration will proceed in a different forum and under different rules.

1

Dockets.Justia.com

## INTRODUCTION

In ruling on Plaintiff Blackwater's petition to compel arbitration under the Federal Arbitration Act, the Court satisfied itself that it had subject matter jurisdiction over the case, by analyzing the diversity of the citizenship between the Plaintiffs and the Defendant. However, the Court's analysis did not include critical information, which was not available to it when deciding the petition to compel arbitration and which justifies reconsideration.

Just days before the Court issued its order on April 20, 2007, new evidence surfaced which has a tremendous impact on the Court's analysis of its own jurisdiction, in that the newly discovered evidence demonstrates that there is <u>no</u> diversity of citizenship between the Plaintiffs and the Defendant. More specifically, on April 12, 2007, in court papers filed with the North Carolina Superior Court, Blackwater clearly and unequivocally stated that the arbitration claim which was the subject of its petition to compel arbitration is being sought against Defendant Richard P. Nordan ***personally and individually***.

In its analysis of the diversity of citizenship, this Court recognized that the Plaintiffs are organized under the laws of the State of Delaware, with their principal places of business in North Carolina. The Court also recognized that Defendant Nordan is a resident of North Carolina. However, in that the Court was laboring under the assumption that the arbitration claim was against Nordan in his official capacity as the administrator of the estates, the Court relied on 28 U.S.C. § 1332(c)(2), which states that the citizenship of the administrator should be ignored, and the citizenship of the decedents at the time of their death controls the issue with respect to diversity.

However, Blackwater has now made it abundantly clear that it is not prosecuting its arbitration claim against Richard Nordan in his official capacity as the administrator of the

estates, but is litigating the arbitration claim against him ***personally and individually***. Since the arbitration claim is against Nordan personally and individually, his citizenship <u>cannot</u> be ignored, and must be considered in determining whether there exists diversity of citizenship.

It is black letter law that organized entities such as limited liability companies and incorporated companies are domiciled in the state of their incorporation <u>and</u> in the state of their principal place of business, for the purpose of a diversity of citizenship analysis. In this case, there is no dispute, and the Court has already found, that both Blackwater plaintiffs are organized under the laws of the State of Delaware, and have their principal places of business in North Carolina. It is also undisputed, and this Court has found, that Defendant Nordan is a resident of North Carolina.

With the new evidence that has recently surfaced which establishes that Blackwater is prosecuting its $10 million arbitration claim against Nordan personally and individually, his citizenship must be considered. **Since the Plaintiffs and the Defendant are citizens of North Carolina, there is <u>no</u> diversity of citizenship and this Court lacks subject matter jurisdiction over the case.**

Federal subject matter jurisdiction is strictly construed and is the most fundamental requirement to a Court ruling on the merits of a case. In light of the newly discovered evidence, which the Defendant has timely brought to the attention of this Court, it is clear that there is no diversity of citizenship between the Plaintiffs and the Defendant and thus this Court lacks subject matter jurisdiction over the case. The Defendant respectfully requests that the Court vacate its Order of April 20, 2007, wherein it denied Defendant's motion to dismiss and granted Plaintiffs' petition to compel arbitration, and instead enter a new Order dismissing the entire case for lack of subject matter jurisdiction, pursuant to *Federal Rules of Civil Procedure* 12(b)(1).

## STATEMENT OF FACTS

On December 14, 2006, Blackwater initiated an arbitration proceeding against Defendant Richard P. Nordan. On December 20, 2006, Blackwater filed a petition to compel arbitration in this Court seeking an order under Section 4 of the Federal Arbitration Act [9 U.S.C. § 4] directing Nordan to proceed with arbitration in accordance with the terms of the relevant Independent Contractor Service Agreements. On January 10, 2007, Nordan filed a motion to dismiss. On April 20, 2007, this Court denied Nordan's motion to dismiss and granted Blackwater's petition to compel arbitration.

In its Order, the Court analyzed the issue of its own subject matter jurisdiction, prior to considering the merits of the petition to compel arbitration. In doing so, the Court noted: "The FAA itself does not create an independent basis for jurisdiction. [Citation] Accordingly, in examining an FAA petition, the court must first consider the issue of subject matter jurisdiction." [Order: p. 7, attached hereto as Exhibit "A"]

Since Blackwater's arbitration claim is for breach of contract—a claim over which there is no original jurisdiction—the only other source of jurisdiction in the context of this case permitting the Court to consider Blackwater's petition to compel arbitration is diversity of citizenship under 28 U.S.C. § 1332. The Court analyzed diversity jurisdiction as follows:

> The court concludes that it would have jurisdiction over this action pursuant to 28 U.S.C. §1332, as this is a civil matter between citizens of different states wherein the amount in controversy exceeds $75,000. Specifically, Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. are both organized under the laws of the State of Delaware, with principal places of business in North Carolina. Nordan is a resident of North Carolina and the Decedents were, at the time of death, residents of California, Hawaii, Tennessee and Ohio. There is complete diversity of citizenship, as Nordan's personal citizenship as administrator is disregarded." [Order: p.7]

However, what was unknown to this Court at the time of its analysis concerning jurisdiction was that Blackwater is prosecuting its arbitration claim against Nordan individually and personally. In a Memorandum of Law signed by its attorneys and filed in state court on April 12, 2007, in opposition to a motion for temporary restraining order concerning the subject arbitration proceeding, Blackwater argued that its arbitration claim is not simply against Nordan in his official capacity as the administrator of the estates, but is against Nordan ***individually and personally.***

This argument was made by Blackwater in an effort to distinguish the arbitration claim from the state court action to defeat the motion for a temporary restraining order. The following statements by Blackwater to the North Carolina Court clearly indicate that it is prosecuting its claim against Nordan individually and personally:

> A further point about the arbitration that Nordan fails to bring to the court's attention is that while it is true that the arbitration concerns "the very subject matter of this case," that is not all the arbitration concerns. Nothing that could ever happen in this case would preclude a separate set of distinct claims Blackwater has asserted against **Nordan personally** in the arbitration. [Emphasis added.] [Blackwater Brief: p. 4-5, attached hereto as Exhibit "B"]

> In the arbitration, Blackwater is claiming damages against Nordan *personally* for breach of contract . . . . [Italics in original] [Blackwater Brief: p. 5]

> In the arbitration, Blackwater claims $10 million damages from **Nordan personally** for breach not only of the liability provisions of the decedents' contracts with Blackwater, but also for breach of the confidentiality and non-publicity provisions of those contracts. These covenants are binding on Nordan, and **he is personally liable** for their breach. [Emphasis added.] [Blackwater Brief: p. 6]

Blackwater will not disclose in advance its grounds for arbitral jurisdiction and liability, but makes this point here only to underscore what Nordan and Callahan & Blaine are seeking is to avoid **personal liabilities that in the end may have nothing to do with the estates.** [Emphasis added.] [Blackwater Brief: p. 7]

Knowing full well that the arbitration is about **Nordan's personal liability,** Nordan falsely states to the Court that the arbitration is against the families. [Emphasis added.] [Blackwater Brief: p. 7]

Blackwater also directed the Court's attention to a particular box on the Demand for Arbitration form, in support of its argument that the claim is against Nordan individually and personally.

Who the arbitration is against can be easily verified by checking the first box in the upper left-hand corner of the Demand for Arbitration, where it states "Name of Respondent" and says underneath "Richard P. Nordan." Nordan is trying to enjoin a claim against himself. [Blackwater Brief: p. 7-8]

In all, Blackwater has clearly and unequivocally stated that its arbitration claim is against Nordan individually and personally. This new evidence was discovered just days before this Court issued its Order denying Nordan's motion to dismiss and granting Blackwater's petition to compel arbitration under the assumption that there was diversity of citizenship. Upon discovering this new evidence, the Defendant has promptly and timely moved for reconsideration of the Court's prior Order, specifically with respect to whether it has jurisdiction over this case, which is a fundamental requirement of every federal court action. Moreover, it is well settled that a party may raise the issue of jurisdiction at any time.

## STATEMENT OF LAW

### A.    The Court Has the Authority to Reconsider its Prior Rulings.

While the *Federal Rules of Civil Procedure* do not specifically provide for a "motion for

reconsideration," it has been widely held that Rule 60(b) authorizes courts to reconsider their prior rulings. *See Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 101-102 (4th Cir. 1979) ("*Rule 60(b), Fed.R.Civ.P.* has invested federal courts with the power in certain restricted circumstances to 'vacate judgments whenever such action is appropriate to accomplish justice.'"). Rule 60(b) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons . . . . *F.R.C.P.* 60(b).

There are six enumerated grounds for reconsideration and relief under Rule 60(b), and the sixth ground is a catchall provision which allows a court to grant relief for any reason. *See National Credit Union Administration Board v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993) ("Rule 60(b)'s catch-all phrase – any other justifying relief – has be described as a 'grand reservoir of equitable power to do justice in a particular case.").

In addition, the U.S. Supreme Court has also recognized that "a judge's power to reconsider his own decisions during the pendency of a case is firmly rooted in the common law." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). "A District Court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . ." *United States v. LoRusso*, 695 F.2d 45, 53 (2nd Cir. 1982).

Finally, the Court's inherent power to reconsider its rulings is also implicitly recognized in *Federal Rules of Civil Procedure* 54(d), stating that "any order or other form of decision . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Federal Rules of Civil Procedure* 54(d).

It is well established that the subject matter jurisdiction of federal courts is limited and that federal courts may exercise only that jurisdiction which Congress has prescribed. *See*

*Gibbard v. Potter*, 2006 U.S. Dist. LEXIS 42771 *9 (W.D.N.C. 2006). As subject matter jurisdiction is at the very core of every case, Defendant respectfully submits that it is prudent for this Court to reconsider its prior ruling, as new evidence concerning the Court's own jurisdiction recently surfaced. Defendant respectfully requests that this Court reconsider its ruling granting Blackwater's petition to compel arbitration, as it is without subject matter jurisdiction to do so.

Some courts note that a motion for reconsideration under Rule 60(b) provides a remedy that is extraordinary and is only to be invoked upon a showing of exceptional circumstances. *See McLawhorn v. John W. Daniel and Co., Inc.,* 924 F.2d 535, 538 (4th Cir. 1991). Here, there are exceptional circumstances which justify the instant motion for reconsideration. There is newly discovered evidence that bears on this Court's own jurisdiction to even consider and rule upon Blackwater's petition to compel arbitration.

This new evidence establishes that the Court was initially misled with respect to the diversity of the parties. The fact that the Court is without jurisdiction to even consider this case is an "exceptional circumstance" to reconsider its ruling. The newly discovered evidence in this case establishes that there is no diversity of citizenship between the parties and thus this Court was without jurisdiction to rule on Blackwater's petition to compel arbitration. As such, the Defendant has a meritorious defense and there exists an exceptional circumstance to reconsider the April 20, 2007 Order.


**B.    There is No Diversity of Citizenship and The Court Lacks Subject Matter Jurisdiction Over the Case.**

"Federal Courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 376 (1994). "It is to

be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

In the instant case, Blackwater initially claimed that it was seeking to compel its arbitration claim against Nordan as the administrator to the estates of the decedents. This was undoubtedly done in an effort to convince this Court that there is diversity of citizenship and thus the federal court has subject matter jurisdiction over the case.

For the past two years, Blackwater has desperately attempted to move the wrongful death and fraud state court case into federal court by (1) improperly removing the case to District Court, (2) improperly appealing the non-appealable remand order to the Fourth Circuit, and then (3) filing a petition for certiorari with the U.S. Supreme Court. All of Blackwater's attempts to find a federal forum were unsuccessful. *See Nordan v. Blackwater Security Consulting*, 382 F.Supp.2d 801 (E.D.N.C. 2005), and *In Re Blackwater Security Consulting*, 460 F.3d 576 (4th Cir. 2006), *cert. denied* 127 S.Ct. 1381 (2007).

After two years of failed attempts to sidestep the state court and obtain federal jurisdiction over the dispute, Blackwater instituted the instant arbitration claim and filed its *own* federal court case to compel Nordan to participate in the forum of Blackwater's choosing (arbitration). However, Blackwater has again improperly attempted to obtain federal jurisdiction by misleading the Court that there exists diversity of citizenship. Throughout the briefing in this Court on Blackwater's petition to compel arbitration and Defendant's motion to dismiss, Blackwater mislead the Court through material omissions. It concealed from the Court the fact that it was prosecuting the arbitration claim against Nordan ***personally and individually***. This was done specifically in an effort to obtain federal jurisdiction over this dispute where it otherwise would not exist.

9

However, the truth finally came out in Blackwater's own brief filed in state court when it was attempting to avoid a restraining order concerning its effort to improperly litigate the arbitration claim. As quoted above, Blackwater repeatedly stated in no uncertain terms that it is prosecuting its arbitration claim for breach of contract against Nordan *personally and individually.* Now that the true nature of Blackwater's arbitration claim has been revealed and is no longer concealed from this Court, there exists a lack of diversity of citizenship between the parties. As such, this Court lacks subject matter jurisdiction over the case and did not have the authority to issue the order compelling the instant arbitration.

28 U.S.C. § 1332 articulates the specific requirements for diversity of citizenship for the purpose of federal subject matter jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Corporations are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business. *See* 28 U.S.C. §1332(c).

In this case, it is undisputed, and this Court has already found, that both Blackwater Plaintiffs are incorporated under the laws of the State of Delaware, and have their principal places of business in North Carolina. Similarly, it is undisputed, and this Court has already found, that Nordan is a resident of the State of North Carolina. Since Blackwater's arbitration claim is against Nordan personally and individually, there is no diversity of citizenship. Without diversity of citizenship, this Court lacks subject matter jurisdiction over the case and must dismiss it pursuant to *Federal Rules of Civil Procedure* 12(b)(1).

In considering whether to dismiss a case for lack of jurisdiction under Rule 12(b)(1), it is entirely proper for the Court to look beyond the four corners of the pleadings and to evidence

which bears on the fundamental issue of the jurisdiction of the Court. Moreover, when looking beyond the pleadings on a motion to dismiss for lack of subject matter jurisdiction, the motion is not converted into a motion for summary judgment. *See Evans v. B.F. Perkins Company*, 166 F.3d 642, 647 (4th Cir. 1999) ("The district court dismissed Evans' claims under Rule 12(b)(1), and, therefore, the district court's consideration of matters outside the pleadings did not convert the proceeding into one for summary judgment.")

Defendant respectfully requests that this Court (1) reconsider its Order granting Blackwater's petition to compel arbitration, (2) vacate that Order upon a finding of lack of diversity of citizenship between the parties, and (3) dismiss the entire case for lack of subject matter jurisdiction pursuant to *Federal Rules of Civil Procedure* 12(b)(1).

### C.     In the Alternative, Defendant Seeks Clarification of the Court's Order Compelling Arbitration.

Defendant is steadfast in his contention that the Court is without subject matter jurisdiction over this case. However, in the event that the Court does not vacate its prior Order and dismiss this case in its entirety, Defendant seeks clarification with respect to the order compelling him to arbitration. The Court *may* not be aware that while it was considering Blackwater's petition to compel arbitration, Blackwater unilaterally prosecuted the arbitration proceeding without Nordan at the International Centre for Dispute Resolution ("ICDR").

Despite pleas to Blackwater and the "neutral" arbitration association to stop litigation of the claim until this Court ruled on the petition to compel arbitration and Defendant's motion to dismiss, both refused to do so. Blackwater pushed the arbitration proceeding along, over objections by Defendant, and was able to unilaterally select the panel of arbitrators, who have conflicts of interest due to their relationships with Blackwater, its attorneys, directors, and

officers.

One of the arbitrators selected to serve on the panel, at the urgence of Blackwater, is William H. Webster, who: (1) works for Millbank Tweed, who has current business relationships with three of Blackwater's law firms (Kirkland & Ellis, Wiley, Rein & Fielding, and McDermott, Will & Emery); (2) knows Blackwater's counsel Kenneth Starr personally; (3) knows Blackwater's counsel Fred Fielding personally; and (4) sits on the Board of SinglePoint, Inc. with Blackwater's general counsel Joseph Schmidt. [Exhibit "C"]

Another example of the harsh treatment Defendant has received by Blackwater unilaterally controlling the arbitration proceeding is that Blackwater instructed the ICDR to stop sending correspondence and notices to Defendant's counsel, because Defendant's counsel was objecting to the jurisdiction of the arbitration absent a ruling from this Court on the petition to compel arbitration and motion to dismiss. Following this instruction by Blackwater on March 12, 2007, the ICDR did not send another notice or correspondence to Nordan's counsel, despite the fact that it had been sending such notices to his counsel for the prior three months. [Exhibit "D"]

On April 10, 2007, Michael Namias, the ICDR Supervisor, admitted that the ICDR had not sent at least five (5) notices and correspondence to Defendant's counsel concerning the selection of arbitrators and the preliminary hearing, but claimed that it was merely "an error on our part." [Exhibit "E"] However, the fact that the ICDR stopped sending notices to Nordan's counsel on the very same day Blackwater demanded it was no coincidence. Ultimately, Blackwater's unilateral prosecution of the arbitration claim was going to so severely jeopardized the rights of Nordan that the North Carolina state court issued a temporary restraining order, restraining any further prosecution of the arbitration claim. [Exhibit "F"]

Now that this Court has ordered the parties to arbitration (and assuming it does not dismiss the case for lack of subject matter jurisdiction), Defendant seeks clarification as to the Court's Order which states: **"the parties are ORDERED to proceed with arbitration in the manner provided for in the Service Agreements."** [Order: p. 10]

Defendant interprets this order by its plain language to mean that the parties are to "proceed" or commence with the arbitration in the manner provided for in the Service Agreements. However, Blackwater interprets this order to mean that the parties are to "continue with" the arbitration proceeding in which Blackwater has already obtained a significant tactical advantage. To not commence the arbitration proceeding anew at this point, but to allow Blackwater to proceed with the incorrect arbitration company, under the wrong arbitration rules, with a panel well connected with Blackwater's lawyers and executives would be the death knell in this case for Nordan.

If this case is going to proceed in arbitration, it should proceed on an even playing field and ultimately be decided on its merits, and not on the unfair and improper tactical advantages Blackwater gained while Defendant was awaiting a ruling from this Court on its motion to dismiss and the petition to compel arbitration.

As it stands now, there are inconsistencies between this Court's order and the arbitration proceeding which Blackwater has unilaterally prosecuted. First, the arbitration claim was filed with the wrong arbitration company. This Court's Order states that the arbitration shall proceed "in the manner provided for in the Service Agreements." [Order: p. 10]   However, the proceeding that Blackwater has been prosecuting is not consistent with the Court's Order, since it was commenced with the International Centre for Dispute Resolution ("ICDR"). As this Court noted in its Order, the arbitration provision in the Service Agreements states:

> "any dispute regarding interpretation or enforcement of any of the
> parties' rights or obligations under this Agreement shall be
> resolved by **binding arbitration according to the rules of the
> American Arbitration Association** and shall be conducted in
> Currituck or Camden County in North Carolina." [Emphasis
> added.] [Order: p.1]

Although the ICDR is a "*division of*" the American Arbitration Association, it is a distinct

division (not called for in the Service Agreements), with its offices in New York (not in the

AAA's regional office for North Carolina), which draws from a distinct panel of arbitrators and

operates under its own rules. The ICDR is not the proper arbitration company "provided for in

the Service Agreements."

Second, Blackwater has unilaterally instituted its arbitration claim under the wrong set of

rules. This Court ordered arbitration "in the manner provided for in the Service Agreements,"

and the Service Agreements provide for binding arbitration "according to the rules of the

American Arbitration Association." However, Blackwater commenced its arbitration under the

"International Arbitration Rules" of the ICDR.

The parties did <u>not</u> agree to the International Arbitration Rules in the Service

Agreements, this Court did <u>not</u> order the parties to conduct the arbitration under those specialized

rules, and there are <u>no</u> facts which would justify the arbitration proceeding under the

international rules. This is especially true in light of the ICDR's own definition of which cases

belong under the International Arbitration Rules. Article 1, Section 1 of the International

Arbitration Rules states:

> "Where parties have <u>agreed in writing</u> to arbitrate disputes under
> these International Arbitration Rules <u>or</u> have provided for
> arbitration of an <u>international dispute</u> by the International Centre
> for Dispute Resolution or the American Arbitration Association
> without designating particular rules, the arbitration shall take place
> in accordance with these rules, as in effect at the date of
> commencement of arbitration, subject to whatever modifications
> the party may adopt in writing." [Emphasis added.] [International
> Arbitration Rules: P.8, attached hereto as Exhibit "G"]

The Service Agreements do not provide for disputes to be resolved under the

International Arbitration Rules. In addition, the instant arbitration does not involve an

"international dispute." The arbitration claim was brought by two Blackwater entities, which are

both organized under the laws of the State of Delaware and have their principal places of

business in North Carolina, against a resident of the State of North Carolina.

Moreover, Blackwater's arbitration claim is for breach of the four Service Agreements

which (1) were entered into in North Carolina, (2) set the venue for the dispute in North

Carolina, and (3) are to be interpreted under North Carolina law. Finally, the conduct Blackwater

alleges constitutes a breach of the relevant contracts is the filing of a lawsuit in North Carolina

Superior Court and media stories associated therewith. It is immaterial that the decedents were

killed while working in Iraq, since Blackwater's arbitration claim concerns a breach of contract

arising from the filing of the state court action and the media attention surrounding it.

Blackwater's breach of contract claim simply does not involve any "international dispute"

whatsoever.

Defendant informed the ICDR of the foregoing and that the current arbitration was not in

conformity with the arbitration provisions of the Service Agreements or this Court's Order.

Defendant also requested that the ICDR halt its proceedings and transfer the matter to AAA's

Domestic Case Management Center in Atlanta, Georgia, to be commenced anew under AAA's Commercial Arbitration Rules, pursuant to the arbitration provision in the Service Agreements and this Court's Order. The ICDR refused to do so, and instead immediately scheduled a preliminary hearing within its own organization and with Blackwater's panel of arbitrators. [Exhibit "H"]

To the extent that this Court does not vacate its order due to lack of subject matter jurisdiction, the Court's order "to proceed with arbitration in the manner provided for in the Service Agreements," is not consistent with Blackwater "continuing" the arbitration before the ICDR, under the International Arbitration Rules, where Blackwater has already gained unfair advantages.

Instead, Defendant interprets the Court's Order to direct the parties to proceed or commence the arbitration consistent with the provision of the Service Agreements, which calls for arbitration under the rules of the American Arbitration Association (which are its general Commercial Rules) out of the proper regional AAA office (which geographically is AAA's Domestic Case Management Center in Atlanta, Georgia, according to its rules [See Exhibit "I"]). Therefore, clarification of this Court's Order is needed to guide the parties with respect to prosecution of Blackwater's arbitration claim.

Finally, proceeding with this arbitration claim anew, in the manner provided for in the Service Agreements, would not prejudice any of the parties, but instead will create a fair and equitable playing field for the litigation of this claim and remove the impenetrable taint that now lies over Blackwater's unilateral selection of conflicted arbitrators and the ICDR's conduct in proceeding without notice to Respondent's counsel at the urgence of Blackwater.

To the extent that the Court does not dismiss this case for lack of subject matter

jurisdiction, Defendant respectfully requests that the Court clarify its Order by directing the parties to proceed with the arbitration claim (1) from its beginning, including selection of arbitrators, (2) with the American Arbitration Association (not its International Centre for Dispute Resolution division), and (3) under the AAA Commercial Rules (not the International Arbitration Rules). These requested clarifications are all consistent with the Court's Order "to proceed with arbitration in the manner provided for in the Service Agreements," and is an equitable ruling which will not prejudice any of the parties.

### D.    Request for Certification of Order under 28 U.S.C. § 1292(b).

In the event that this Court does *not* completely dismiss the case for lack of subject matter jurisdiction, Defendant respectfully requests that the Court certify its Order for immediate appellate review pursuant to 28 U.S.C. § 1292(b). Defendant is steadfast in his contention that Blackwater's litigation of its arbitration claim against him personally destroys diversity of citizenship and leaves the Court without subject matter jurisdiction over the case.

This is a "controlling question of law" over which (to the extent the Court does not dismiss the case) there exists a "substantial ground for difference of opinion," the immediate appeal of which "may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Thus, to the extent the Court does not dismiss the case for lack of jurisdiction, the Court's Order is ripe for certification under 28 U.S.C. § 1292(b), and Nordan respectfully requests such a certification.

### CONCLUSION

Defendant Richard P. Nordan, as ancillary administrator for the estate of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J.K. Batalona, respectfully

submits that the Court is without subject matter jurisdiction over this case. Although previously concealed from the Court, on April 12, 2007, Blackwater unequivocally revealed that its arbitration claim is against Nordan personally and individually. As both Blackwater entities and Nordan are citizens of the State of North Carolina, there is no diversity of citizenship, and the Court lacks subject matter jurisdiction. Pursuant to *Federal Rules of Civil Procedure* 12(b)(1), if the Court lacks jurisdiction, it has no alternative but to dismiss the case. Defendant respectfully requests that the Court vacate its Order dated April 20, 2007, and enter a new Order dismissing the entire action for lack of subject matter jurisdiction.

*Alternatively*, if the Court does not vacate its prior Order and dismiss the case, Defendant respectfully requests that it clarify its prior Order which directs the parties "to proceed with arbitration in the manner provided for in the Service Agreements," by indicating that the parties are ordered to proceed with the arbitration claim (1) from its beginning, including selection of arbitrators, (2) with the American Arbitration Association (not its International Centre for Dispute Resolution division), and (3) under the AAA Commercial Rules (not the International Arbitration Rules).

Finally, to the extent that the Court declines to dismiss this case for lack of subject matter jurisdiction, Defendant respectfully requests that the Court certify its Order for immediate appellate review under 28 U.S.C. § 1292(b).

This 4th day of May 2007.

**CALLAHAN & BLAINE, APLC**

By:    _____ /s/ Marc P. Miles
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of
STEPHEN S. HELVENSTON, MIKE R.
TEAGUE, JERKO GERALD ZOVKO and
WESLEY J.K. BATALONA

**KIRBY & HOLT, LLP**

By:    _____ /s/ David F. Kirby
DAVID F. KIRBY (N.C. Bar No. 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar No. 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
Attorneys for Plaintiff
RICHARD P. NORDAN, as the Ancillary
Administrator of the separate Estates of STEPHEN
S. HELVENSTON, MIKE R. TEAGUE, JERKO
GERALD ZOVKO and WESLEY J.K.
BATALONA

## TABLE OF CONTENTS

INTRODUCTION...................................................................................... 1

STATEMENT OF FACTS ...................................................................... 3

STATEMENT OF LAW ........................................................................... 5

    A.    The Court Has the Authority to Reconsider its Prior Rulings ........................ 5

    B.    There is No Diversity of Citizenship and The Court Lacks Subject
        Matter Jurisdiction Over the Case ....................................................... 7

    C.    In the Alternative, Defendant Seeks Clarification of the Court's
        Order Compelling Arbitration.......................................................... 10

    D.    Request for Certification of Order under 28 U.S.C. § 1292(b) ...................... 16

CONCLUSION......................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 101-102 (4th Cir. 1979) ..................... 6

*Evans v. B.F. Perkins Company*, 166 F.3d 642, 647 (4th Cir. 1999)............................................ 10

*Gibbard v. Potter*, 2006 U.S. Dist. LEXIS 42771 *9 (W.D.N.C. 2006)......................................... 7

*In Re Blackwater Security Consulting*, 460 F.3d 576 (4th Cir. 2006), *cert denied* 127 S.Ct. 1381 (2007)…………………………………………………………………………………………… ...... 8

*Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 376 (1994).............. 7

*McLawhorn v. John W. Daniel and Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991).......................... 7

*National Credit Union Administration Board v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993) ............... 6

*Nordan v. Blackwater Security Consulting*, 382 F.Supp.2d 801 (E.D.N.C. 2005)........................ 8

*Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)....................................................................... 6

*United States v. LoRusso*, 695 F.2d 45, 53 (2nd Cir. 1982) ........................................................ 6


**Statutes**

28 U.S.C. § 1292(b) .................................................................................................................... 16

28 U.S.C. § 1332(a)...................................................................................................................... 9

28 U.S.C. § 1332(c)(2) ........................................................................................................ 1

28 U.S.C. §1332(c) ............................................................................................................ 9

9 U.S.C. § 4 ....................................................................................................................... 3

*Federal Rules of Civil Procedure* 12(b)(1) ............................................................... 2, 9

*Federal Rules of Civil Procedure* 54(d) ....................................................................... 6

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Memorandum of Law In Support of Emergency Motion for Reconsideration** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk G. Warner
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC  27602


depositing a copy hereof, postage prepaid, in the United States mail, addressed to:

David S. Coats
Bailey & Dixon, L.L.P.
P. O. Box 1351
Raleigh, NC 27602

Michael P. Socarras, Sr.
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
McDermott Will & Emery, LLP
600 Thirteenth Street, NW
Washington, DC  20005-3096


This the 4th day of May, 2007.

/s/David F. Kirby
David F. Kirby
Kirby & Holt, L.L.P.

iv