THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:06-CV-49 (F)

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, <br><br> Plaintiffs/Petitioners, <br><br> v. <br><br> RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA, <br><br> Defendant/Respondent. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SHORTEN TIME TO RESPOND AND MOTION FOR EXPEDITED HEARING OR RULING** |

COMES NOW Defendant Richard P. Nordan, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA in the above-entitled action (hereinafter "Nordan"), and hereby submits the following Memorandum of Law in support of his Motion to Shorten Time to Respond and Motion for Expedited Hearing or Ruling.

## MEMORANDUM OF LAW

I. **STATEMENT OF FACTS**

On December 14, 2006, Blackwater initiated an arbitration proceeding against Richard P. Nordan. [Affidavit of Marc P. Miles filed concurrently herewith in support of the Motion for Reconsideration ("Miles Affidavit"): ¶ 3] On December 20, 2006, Blackwater filed a petition to compel arbitration in this Court seeking an order under Section 4 of the Federal Arbitration Act

1

[9 U.S.C. § 4] directing Nordan to proceed with arbitration in accordance with the terms of the relevant Independent Contractor Service Agreements. [Miles Affidavit: ¶ 4]

On January 10, 2007, Nordan filed a motion to dismiss Blackwater's petition to compel arbitration. [Miles Affidavit: ¶ 5] On April 20, 2007, this Court denied Nordan's motion to dismiss and granted Blackwater's petition to compel arbitration. [Miles Affidavit: ¶ 6]

However, on April 12, 2007, Blackwater filed a Memorandum of Law in Opposition to Issuance of TRO in the North Carolina state court case against it. [Miles Affidavit: ¶ 7] Blackwater's memorandum of law clearly and unequivocally states that its arbitration claim is against Nordan ***individually and personally.*** [See Exhibit "B" to Miles Affidavit]

Concurrently herewith, Defendant filed a motion for reconsideration of the Court's Order compelling the parties to arbitration, in that it is now clear that there is no diversity of citizenship and thus no subject matter jurisdiction over the case. Said motion *alternatively* requests clarification of the Court's Order, since Blackwater is continuing to prosecute its arbitration claim in a manner contrary to the arbitration provision in the Service Agreements and contrary to this Court's Order.

On April 23, 2007, Defendant informed the ICDR of this Court's ruling and that the current arbitration proceeding is not consistent with the Order directing "the parties to proceed with arbitration *in the manner provided for in the Service Agreements*," because: (1) the Service Agreements provide for arbitration with the American Arbitration Association and not the International Centre for Dispute Resolution, (2) the Service Agreements provide for arbitration under the rules of the American Arbitration Association and not the International Arbitration Rules of the ICDR, and (3) the continuation of the arbitration which Blackwater has unilaterally prosecuted would be improper and prejudicial. [Miles Affidavit: ¶ 16]

Defendant also requested that the ICDR halt its proceedings and transfer the matter to AAA's Domestic Case Management Center in Atlanta, Georgia, to be commenced anew under AAA's Commercial Arbitration Rules, pursuant to the arbitration provision in the Service Agreements and this Court's Order. The ICDR refused to do so, and instead immediately began to schedule a preliminary hearing within its own organization and with Blackwater's pre-selected panel of arbitrators. [Miles Affidavit: ¶ 17]

Before Nordan could confirm his availability for the Preliminary Hearing on the dates proposed by the ICDR, the ICDR unilaterally scheduled the preliminary hearing (on only three days notice) for May 4, 2007, at 7:00 am (Pacific). Nordan informed the ICDR that he and his counsel were not available on that date. The ICDR responded by stating that the preliminary hearing will be scheduled as early as **May 14, 2007**, depending on everyone's schedules. [Miles Affidavit: ¶ 18]

## II.  STATEMENT OF LAW

*Federal Rules of Civil Procedure* 6(d) permits a written motion to be heard on five (5) days notice, "unless a different period is fixed by these rules or by order of the court." *F.R.C.P.* 6(d). Local Rule 7.1(e) generally affords a party opposing a non-discovery motion to file a response within twenty (20) days after service of the motion, "unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Civil Procedure." *See* Local Civil Rule 7.1(e)(1), EDNC. Therefore, while the *Federal Rules of Civil Procedure* provide that this Court may hear the instant motion upon five days notice, an Order from this Court shortening the amount of time to respond under Local Rule 7.1(e)(1) is necessary, to assure that the Plaintiffs have an opportunity to file a written response prior to the Court ruling on the pending motion for

3

reconsideration for lack of subject matter jurisdiction.

Defendant respectfully submits that there exists good cause to shorten the time for the Plaintiffs to respond to the pending motion for reconsideration, and that *Federal Rules of Civil Procedure* 6(d) and Local Rule 7.1(e)(1) provide the Court with the authority to do so. Since the ICDR will be proceeding with its Preliminary Hearing as early as May 14, 2007, the Defendant's substantive rights may be affected while his motion for reconsideration is pending, unless the motion is heard prior thereto on shortened time. A ruling on the motion for reconsideration *prior to* the Preliminary Hearing is critical, since the ruling may result in either the vacation of the Order compelling the parties to arbitration or a clarification that the arbitration is to proceed with a different arbitration company under different arbitration rules (consistent with the Service Agreements).

### III.   CONCLUSION

Based on the good cause shown herein, the Defendant respectfully requests that the Court shorten the time for Plaintiffs to respond to the pending motion for reconsidering and expedite the hearing of the matter or ruling thereon, prior to the Preliminary Hearing in the arbitration, which may be set as early as May 14, 2007.

This 4th day of May, 2007.

          **CALLAHAN & BLAINE, APLC**

By:     /s/ Marc P. Miles
DANIEL J. CALLAHAN (Cal. Bar No. 91490)
BRIAN J. McCORMACK (Cal. Bar No. 167547)
MARC P. MILES (Cal. Bar No. 197741)
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
(714) 241-4444
Fax: (714) 241-4445
Attorneys for Defendant
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

          **KIRBY & HOLT, LLP**

By:     /s/ David F. Kirby
DAVID F. KIRBY (N.C. Bar # 7841)
WILLIAM B. BYSTRYNSKI (N.C. Bar # 20883)
P.O. Box 31665
Raleigh, North Carolina 27622
(919) 881-2111
Fax: (919) 781-8630
LR 83.1 Counsel
Attorneys for Defendant
RICHARD P. NORDAN, as the Ancillary Administrator of the separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO and WESLEY J.K. BATALONA

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Memorandum of Law In Support of Motion to Shorten Time to Respond and Motion for Expedited Hearing or Ruling** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kirk G. Warner
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
P. O. Box 2611
Raleigh, NC 27602

depositing a copy hereof, postage prepaid, in the United States mail, addressed to:

Michael P. Socarras, Sr.
*Attorney for Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*
McDermott Will & Emery, LLP
600 Thirteenth Street, NW
Washington, DC 20005-3096


David S. Coats
Bailey & Dixon, L.L.P.
P. O. Box 1351
Raleigh, NC 27602

This the 4th day of May, 2007.

/s/David F. Kirby
David F. Kirby
Kirby & Holt, L.L.P.