UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

| | |
|---|---|
| BLACKWATER SECURITY ) <br> CONSULTING, LLC and ) <br> BLACKWATER LODGE AND ) <br> TRAINING CENTER, INC., ) <br> ) <br> Petitioners, ) <br> ) <br> vs. ) <br> ) <br> RICHARD P. NORDAN, as Ancillary ) <br> Administrator for the Separate Estates of ) <br> STEPHEN S. HELVENSTON, MIKE R. ) <br> TEAGUE, JERKO GERALD ZOVKO, ) <br> and WESLEY J.K. BATALONA, ) <br> ) <br> Respondent. ) | **MOTION FOR RELIEF** <br> **(MOT)** |

Richard P. Nordan, individually (hereinafter "Movant"), moves the Court, pursuant to Fed. R. Civ. P., Rule 60(b)(3), (4) and (6), to obtain appropriate relief from this Court's Order of April 20, 2007 (hereinafter "the Order"), for Richard P. Nordan individually, and in the alternative, Movant requests pursuant to Rule 59(e) that this Court amend the Order to prevent arbitration from proceeding against Richard P. Nordan individually.

In support of these motions, Movant respectfully shows the Court that:

1.      Movant is a resident of North Carolina and has been living continuously and exclusively in Wake County, North Carolina, for the past 22 years.

2. On December 20, 2006, Blackwater Security Consulting, L.L.C., (hereinafter "Blackwater Security") and Blackwater Lodge and Training Center, Inc., (hereinafter "Blackwater Lodge") (collectively "Petitioners" or "Blackwater") filed in this Court a Summons & Petition for Order Directing Arbitration Pursuant to the Federal Arbitration Act (hereinafter "the Petition"). A true copy of the Summons and Petition are included within the Court file, and are attached hereto as Exhibit A.

3. In the Petition, in Paragraph 3, Petitioners stated:

> Respondent Richard P. Nordan is, upon information and belief, a resident of Wake County, North Carolina. He is named in this action in his official capacity as ancillary administrator of the separate estates of the Decedents.

4. Also on December 20, 2006, Petitioners completed a Civil Cover Sheet (hereinafter the "Cover Sheet") naming as "Defendants", "Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, et. al." A true copy of the Civil Cover Sheet completed by Petitioners is attached hereto as Exhibit B.

5. On the Cover Sheet, in Section II, designated "Basis of Jurisdiction", Petitioners marked an "X" in the box indicating that the basis for jurisdiction was diversity of the parties. Further, in Section III, designated "Citizenship of Principal Parties", Petitioners marked an "X" in the box indicating that the Respondent, Richard P. Nordan, as Ancillary Administrator for the Estates, was a "Citizen of Another State", and marked an "X" in the box indicating that the Petitioners were "Incorporated or Principal Place of Business In This State".

6. Within the Petition, Petitioners also state in Paragraph 4 that:

> This court has subject matter jurisdiction over this proceeding under Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) and under 28 U.S.C. § 1332 because this is a civil matter between

citizens of different states wherein the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.  Based upon the above-referenced language in the Petition, and the Civil Cover Sheet filed therewith, Petitioners represented to this Court and made clear that they sought to arbitrate their claims against Movant in his capacity as "Ancillary Administrator for the Separate Estates", not claims that they may have against Movant individually or personally.

8.  Pursuant to the provisions of 28 U.S.C. §§ 1332 and 1367, this Court would not have appropriate subject matter jurisdiction to order into arbitration claims that Petitioners may have against the Movant, in his individual capacity.

9.  This Court has already ruled that Petitioners cannot claim subject matter jurisdiction over their disputes with Respondent in his capacity as Ancillary Administrator for the Separate Estates pursuant to 28 U.S.C. § 1331. *See* Judge Flanagan's Order in *Richard P. Nordan, as Ancillary Administrator for the separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Sovko, and Wesley J.K. Batalona, Plaintiff v. Blackwater Security Consulting, LLC; Blackwater Lodge and Training Center, Inc., and Justin L. McQuown, Defendants*, bearing file number 5:05-CV-48-FL(1). A true copy of Judge Flanagan's Order of Remand is attached hereto as Exhibit C.

10.  On April 12, 2007, in a document entitled "Memorandum of Law in Opposition to Issuance of TRO" (hereinafter "TRO Memorandum"), filed with the Honorable Judge Donald W. Stephens, Senior Resident Superior Court Judge for Wake County, in the case styled *Richard P. Nordan, as Ancillary Administrator for the separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Sovko, and Wesley J.K.*

3

*Batalona, Plaintiff v. Blackwater Security Consulting, LLC; Blackwater Lodge and Training Center, Inc., and Justin L. McQuown, Defendants*, bearing file number Wake County Superior Court 05 CVS 173 (hereinafter "Wake County Action"), on Plaintiff's (Respondent in this case) Motion for a Temporary Restraining Order, Defendants Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (Petitioners in this Case), made the following statements:

> In the arbitration, Blackwater is claiming damages against Nordan *personally* for breach of contract, including his breach of the decedents' contractually binding covenant not to sue and their duties of confidentiality and non-publicity, both of which are binding on Nordan as estate administrator. [emphasis in original] (See "TRO Memorandum", ¶ 6).
>
> In the arbitration, Blackwater claims $10 million from Nordan personally for breach not only of the liability provisions of the decedents' contracts with Blackwater, but also for breach of the confidentiality and non-publicity provisions of those contracts. The covenants are binding on Nordan, and he is personally liable for their breach. (See "TRO Memorandum", ¶ 9).
>
> Knowing full well that the arbitration is about Nordan's personal liability, Nordan falsely states to the Court that the arbitration is against the families. Who the arbitration is against can be easily verified by checking the first box in the upper left-hand corner of the Demand for Arbitration, where it states "Name of Respondent" and says underneath "Richard P. Nordan." Nordan is trying to enjoin a claim against himself. (See "TRO Memorandum", ¶ 11).

A true copy of the TRO Memorandum filed by Blackwater in Wake County Superior Court is attached hereto as Exhibit D.

      11.    In a hearing on the Motion for a Temporary Restraining Order filed by Nordan, as Ancillary Administrator for the Separate Estates (hereinafter "the Motion Hearing"), Michael Socarras, counsel for Petitioners, made the following statements:

> If an administrator of an estate, knowing that he has no right to do so, nonetheless asserts rights and prosecutes actions that he knows he has no right to do and causes damages as a result, he should be personally liable, is my understanding. [Motion Hearing Transcript, p. 18].

> [B]ecause the arbitration jurisdiction extends not only to the signatory of the arbitration agreement, but to those that are agents and associated with the signatory. [Motion Hearing Transcript, pp. 18-19]

> By accepting the commission to act as an ancillary arbitrator of the estate, and knowingly acting without right to cause damages, he has become – he has brought himself in the jurisdiction of the arbiter panel. [Motion Hearing Transcript, p. 19].

> Now, the arbitration, sir, is also a claim against the estate, because the estates have the same obligations as the decedents. And the obligation made in the contract was not to file suit, to release from all claims and liabilities. And that claim is also in the arbitration. So it is not solely a claim against Mr. Nordan, it's also the estates through him, because the estates are without assets, too. They're wrongful death estates. So it's incorrect and prejudicial in the motion, TRO motion to have the statement somehow Blackwater sued the families. Blackwater has not sued the families. It's not made a claim. [Motion Hearing Transcript, pp. 24-25]

The excerpted provisions of the transcript of the Motion Hearing are attached hereto as Exhibit E.

12. Additionally, in the Motion Hearing, this exchange occurred between Mark Ash, also counsel for Petitioners, and the Honorable Judge Donald W. Stephens:

> THE COURT: Mr. Ashe [sic], do you agree that Richard Nordan is personally, can be held personally liable by the arbitration panel if this matter proceeds and the panel addresses that issue and were to make such a determination.

> MR. ASH: Your Honor, I guess I have two responses to that. First, I've not been involved in the arbitration, but there have been so many, I'm going to say ancillary proceedings, to what Mr. Warner and I are engaged in, which is the local proceedings in

5

> your court and before Judge Fox, that we certainly have become acquainted with the arbitration proceedings. And we have reviewed the case law and the arguments that Mr. Socarras has reviewed with you, and we think that there are meritorious arguments. I have really nothing to add on the substance of what Mr. Socarras said.
>
> THE COURT: So you agree with that?
>
> MR. ASH: I think the law supports that claim. I do.

[Motion Hearing Transcript, p. 30].

    13.    In addition, during the Motion Hearing, the following exchange took place between Mr. Socarras and Judge Stephens:

> THE COURT: I believe that Richard Nordan individually can certainly show irreparable harm.
>
> MR. SOCARRAS: Mr. Nordan has the right to present his arguments and his evidence in the arbitration, just like he would any other place.
>
> THE COURT: I'd be real uncomfortable if I were Richard Nordan in that forum under these circumstances. Frankly, sir, based upon what you've described to me, I would have thought the law went in reverse about a hundred years.

[Motion Hearing Transcript, pp. 32-33].

    14.    Finally, additional statements were made by both Mr. Socarras and Judge Stephens regarding what claims were currently in arbitration:

> THE COURT: I do know that I'm going to restrain, at least for ten days, the arbitration panel from considering any aspect of the matter before that panel with regard to Richard Nordan individually. [Motion Transcript Hearing, p. 34].
>
> ...
>
> MR. SOCARRAS: As I explained, there is more in the arbitration than personal claims against Mr. Nordan. [Motion Transcript Hearing, p. 36].

15. The Order, issued by this Court on April 20, 2007, seven days following the Motion Hearing, granted Blackwater's Petition for an order compelling arbitration, but no where in the Order addresses the arbitability of Petitioner's claims against Movant, individually, which were not included in Blackwater's Petition.

16. Based on the arguments of counsel for Petitioners, it is manifest that Blackwater intends to arbitrate, pursuant to the Order issued by this Court, not only the claims alluded to in their Petition, but also all causes of action they claim they have with regard to the Movant, personally, and not in his capacity as Ancillary Administrator for the Separate Estates, which were conspicuously absent from the Petition filed with this Court.

17. Movant, in his individual capacity, has never appeared as a party to this action, and therefore cannot be subject to this Court's Order, compelling arbitration of Petitioners claims against him, as Ancillary Administrator for the Separate Estates.

18. Movant, individually, has never signed nor consented to arbitrate any dispute that he may presently have, or may in the future arise, with the Petitioners, or any agent or representative thereof, and therefore is not subject to the arbitration clause which Petitioners assert provides them with the right to arbitrate the claims of the Estates against them.

19. Should Movant, individually, be forced to arbitrate the claims brought against him personally, without his consent, he would be deprived of his constitutional rights to receive a trial by jury, pursuant to Article 1, Section 25 of the North Carolina Constitution.

20. Pursuant to the facts as stated in an Affidavit of William B. Bystrynski, Movant, even if properly named as a party to Blackwater's Petition, has never been served in his individual capacity in regard to Petitioner's claims against him personally. Mr. Bystrynski's affidavit is attached hereto as Exhibit F.

21. Additionally, should Richard P. Nordan, individually, have been named a party to Blackwater's Petition before this Court, whatever subject matter jurisdiction this Court would have had due to the diversity of citizenship between Blackwater and the separate Estates, would have been destroyed, as Movant, individually, is, as stated by Blackwater in their Petition, a citizen and resident of Wake County, North Carolina.

22. Pursuant to Fed. R. Civ. P., Rule 60(b)(4), this Court's Order, should it include or encompass claims made by Blackwater against Movant individually, compelling arbitration of Blackwater's claims, is void as this Court would not have the appropriate subject matter jurisdiction over claims made by Blackwater against Movant individually, in that such claims would destroy any diversity of citizenship required pursuant to 28 U.S.C. § 1332.

23. Statements made by counsel for Petitioners in the TRO Memorandum and the Motion Hearing reveal either fraud, misrepresentation, or other misconduct of the Petitioners, in that they either fraudulently concealed or affirmatively misrepresented in their Petition to this Court the true nature of the claims they wished to arbitrate, following an Order of this Court, and Movant, individually, is entitled to relief from this Court's Order, to the extent that it compelled arbitration of Petitioner's claims against him individually, pursuant to Fed. R. Civ. P., Rule 60(b)(3).

24. Movant is further entitled to relief from this Court's Order, pursuant to Fed. R. Civ. P., Rule 60(b)(6), as Richard P. Nordan, individually, has never been served with process, either in the form of a Demand for Arbitration, or the Petition itself, apprising him of Blackwater's attempt to compel arbitration of their individual claims against him, and therefore, this Court's Order, should it encompass Blackwater's claims against Richard P. Nordan personally, offends due process, and is therefore unconstitutional.

25. In the alternative, Movant, individually, is entitled to a clarification from this Court addressing specifically the claims compelled into arbitration by way of the Order, whether Blackwater's claims against Richard P. Nordan, individually, which were not alluded in Blackwater's Petition, were encompassed within the Order, and whether Movant was properly made a party to Blackwater's Petition before this Court, pursuant to Fed. R. Civ. P., Rule 59(e).

WHEREFORE, Richard P. Nordan, individually, respectfully requests that the Court:

1. It grant Richard P. Nordan, individually, relief from the Order pursuant to Fed. R. Civ. P., Rule 60(b)(3);

2. It grant Richard P. Nordan, individually, relief from the Order pursuant to Fed. R. Civ. P., Rule 60(b)(4);

3. It grant Richard P. Nordan, individually, relief from the Order pursuant to Fed. R. Civ. P., Rule 60(b)(6);

4. Its Order previously issued be declared void and be vacated;

5. In the alternative, it issue a clarification order stating affirmatively the specific claims compelled into arbitration by the original Order;

6. In the alternative, it issue a clarification order stating affirmatively the specific parties compelled into arbitration by the original Order;

7. In the alternative, it amend the Order to compel into arbitration only the claims presented in Petitioner's Petition, and not any claims or causes of action against Richard P. Nordan, individually;

8. the costs incurred by Richard P. Nordan, individually, including reasonable attorneys' fees, associated with the bringing of this Motion be taxed against the Petitioners; and

9. It grant Richard P. Nordan, individually, any such other and further relief as this Court deems just and proper.

This the 4th day of May, 2007

                    BAILEY & DIXON, L.L.P.

                    By: /s/ David S. Coats
                        David S. Coats, N.C. Bar # 16162
                    By: /s/ J.T. Crook
                        J.T. Crook, N.C. Bar # 35252
                    Attorneys for Richard P. Nordan, Individually
                    P.O. Box 1351
                    Raleigh, North Carolina 27602-1351
                    Telephone: (919) 828-0731

## CERTIFICATE OF SERVICE

       I hereby certify that on May 4, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

    David F. Kirby
    William B. Bystrynski
    Kirby & Holt, LLP
    3201 Glenwood Avenue, Suite 100
    Raleigh, North Carolina 27612

    Daniel J. Callahan
    Marc P. Miles
    Callahan & Blaine, APLC
    3 Hutton Centre Drive, Suite 900
    Santa Ana, California 92707

    Michael P. Socarras
    McDermott, Will, & Emery, LLP
    600 13th Street N.W.
    Washington, D.C. 2005

    Kirk G. Warner
    Mark Ash
    Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
    Post Office Box 2611
    Raleigh, North Carolina 27602-2611

This the 4th day of May, 2007

                            /s/ David S. Coats
                            David S. Coats