In turn, the statute sets out a detailed procedure by which the Secretary of Labor must adjudicate claims for compensation:

> (b) **Notice of claim.** Within ten days after such claim is filed the deputy commissioner, in accordance with regulations prescribed by the commission [Secretary of Labor], shall notify the employer and any other person (other than the claimant), whom the deputy commissioner considers an interested party, that a claim has been filed. Such notice may be served personally upon the employer or other person, or sent to such employer or person by registered mail.
>
> (c) **Investigations; order for hearing; notice; rejection or award.** The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereon. If a hearing on such claim is ordered the deputy commissioner shall give the claimant and other interested parties at least ten days' notice of such hearing, served personally upon the claimant and other interested parties or sent to such claimant and other interested parties by registered mail or by certified mail, and shall within twenty days after such hearing is had, by order, reject the claim or make an award in respect of the claim. If no hearing is ordered within twenty days after notice if given as provided in subdivision (b), the deputy commissioner shall, by order, reject the claim or make an award in respect of the claim.
>
> (d) **Provisions governing conduct of hearing; administrative law judges.** Notwithstanding any other provisions of this Act, any hearing held under this Act shall be conducted in accordance with the provisions of section 554 of title 5 of the United States Code. Any such hearing shall be conducted by a [an] administrative law judge qualified under section 3105 of that title. All powers, duties, and responsibilities vested by this Act, on the date of enactment of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972 [Oct. 27, 1972], in the deputy commissioners with respect to such hearings shall be vested in such administrative law judges.

33 U.S.C. § 919. In other words, the Secretary of Labor, through a deputy commissioner or administrative law judge, is responsible for making an initial order rejecting a claim or making an award of compensation. See 33 U.S.C. § 919(c). "A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19 [33 USCS § 919], and,

unless proceedings for the suspension or setting aside of such order are instituted, . . . shall become final at the expiration of the thirtieth day thereafter." 33 U.S.C. § 921(a).

Proceedings for review of compensation orders must begin with an appeal to the United States Department of Labor Benefits Review Board:

> The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this Act and the extensions thereof. The Board's orders shall be based upon the hearing record. The findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole. . . .
>
> The Board may, on its own motion or at the request of the Secretary, remand a case to the administrative law judge for further appropriate action.

33 U.S.C. § 921(b). Finally, "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." § 921(c).

Upon review of the exclusive comprehensive scheme set out by the DBA for compensation claims, the court is compelled to find that the DBA does not completely preempt state law claims. As the Fourth Circuit recently reiterated, "the *sine qua non* of complete preemption is a pre-existing federal cause of action that can be brought in the district courts." Lontz, 413 F.3d at 442 (emphasis added). Notably missing from the DBA statutory scheme is any provision for a "federal cause of action that can be brought in the district courts." Id. Rather, as noted above, the DBA provides for the exclusive filing of a claim for wrongful death benefits with the Secretary of Labor, the adjudication of such claims by a deputy commissioner or administrative law judge, the review of claims by the Benefits Review Board, and appellate review by a federal court of appeals. See 42

U.S.C. § 1651(a), 33 U.S.C. §§ 913, 919, 921. United States District Courts are not involved in the claims adjudication process. See id. Consequently, this court lacks subject matter jurisdiction to consider plaintiff's claims, however much they involve coverage issues under the DBA. See Lontz, 413 F.3d at 443 ("Congress's allocation of authority to a agency and away from district courts defeats a complete preemption claim.").

In their argument, defendants cite several cases holding that either the DBA or LHWCA provides a sweeping defense of preemption against state tort claims. See e.g., Davila-Perez v. Lockheed Martin Corp., 202 F.3d 464 (1st Cir. 2000); Smither & Co. v. Coles, 242 F.2d 220 (D.C. Cir. 1957); Pulley v. Peter Kiewit Son's Co., 223 F.2d 191 (7th Cir. 1955); Schmidt v. Northrop Grumman Systems, Corp., No. 3:04-CV-042-JTC (unpublished, attached to Def's Notice of Subsequently Decided Authority) (N.D. Ga., March 2, 2005); Colon v. United States Dep't of Navy, 223 F. Supp. 2d 368 (D.P.R. 2002).

These cases, however, are inapposite to the question of removal jurisdiction through complete preemption, and concern only the defense of preemption. See Davila-Perez, 202 F.3d at 468 (dismissing action originally filed in federal district court on grounds that DBA administrative scheme provided exclusive remedy); Smither & Co., 242 F.2d at 221, 223 (same); Pulley, 223 F.2d at 192 (dismissing negligence claims as preempted by the DBA); Schmidt, No. 3:04-CV-042-JTC (dismissing plaintiff's tort claims filed in federal court due to preemption under the DBA); Colon, 223 F. Supp. 2d at 370 (same). Regardless of whether the comprehensive federal compensation scheme set up by the DBA defensively preempts any and all state law claims for death benefits, defensive preemption does not act to establish federal district court jurisdiction over state law claims. See Franchise Tax Bd., 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of

13

a federal defense, including the defense of pre-emption."); Aaron v. Nat'l Union Fire Ins. Co., 876 F.2d 1157, 1166 (5th Cir. 1989) (rejecting argument that LHWCA completely preempts state claims, without reaching the question of defensive preemption).

Defendants also cite to Shives v. CSX Transportation, 151 F.3d 164 (4th Cir. 1998), in which the Fourth Circuit discussed preemption under the LHWCA. Although Shives is an important case bearing on the final disposition of this case in federal district court, it provides no assistance to defendants on the complete preemption issue. Indeed, the court's discussion in Shives only further undermines defendants' argument in favor of complete preemption.

In Shives, plaintiff brought suit in state court asserting a Federal Employers' Liability Act (FELA) claim regarding an injury suffered while unloading a flatbed rail car at an intermodal marine terminal. 151 F.3d at 166. Although federal statute expressly precluded removal of the FELA claim, defendant removed on grounds that the LHWCA, rather than FELA, covered plaintiff's injuries. Id. Upon review of the motion to remand by plaintiff, the district court found that plaintiff's injuries were not covered under the LHWCA, and remanded to state court. Id. at 167. The court of appeals, however, vacated the judgment of the district court, noting that "interpretation of the LHWCA is a matter for the federal executive and federal appeals courts." 151 F.3d at 167. In addition, the court undertook its own analysis of the coverage issue and concluded that plaintiff's injuries were covered under the LHWCA. Id. at 171. Given the limited statutory jurisdiction over LHWCA claims, the court of appeals directed outright dismissal of the action for lack of subject matter jurisdiction, so that the plaintiff could "proceed through the administrative process" rather than a civil action in state or federal district courts. Id.

Shives undermines defendants' argument in favor of complete preemption, by confirming that even a claim falling under the scope of the LHWCA "is not an action over which the district courts have original jurisdiction." Shives, 151 F.3d at 171. Rather, such a claim can "only be filed in the first instance with the Secretary of Labor." Id. Accordingly, where the DBA (incorporating the LHWCA) does not provide a cause of action in the federal district courts, removal based upon complete preemption by the DBA is foreclosed. See Lontz, 413 F.3d at 442, 443; Rosciszewski, 1 F.3d at 232 (noting "grant of exclusive jurisdiction to the federal district courts" in finding complete preemption). Indeed, the court in Shives anticipated this result by noting that, even though plaintiff's claim fell under LHWCA, it was "not removable under 28 U.S.C. § 1441(b)." Id.

In sum, defendants' argument that this case is removable by virtue of complete preemption under the DBA is without merit.

### B. Unique Federal Interest

As an alternative basis for removal jurisdiction, defendants argue that this lawsuit presents a "unique federal interest," specifically concerning the remedies available to individuals working in support of national defense or war-zone efforts. (Blackwater Def's Mem. in Opp. to Remand, p. 17; Def. McQuown Mem. in Opp. to Remand, pp. 16, 17). In response, plaintiff argues that a "unique federal interest" is not, in itself, a viable ground for removal jurisdiction. Under the circumstances presented by this case, the court finds that defendants' asserted "unique federal interest" is insufficient to confer federal jurisdiction.

The sole case upon which defendants rely that applied the "unique federal interest" doctrine for purposes of removal jurisdiction is Caudill v. Blue Cross and Blue Shield of North Carolina, 999 F.2d 74 (4th Cir. 1993). In Caudill, plaintiff received health insurance benefits as a federal employee

under an insurance policy provided by defendant, which provided insurance to government employees "pursuant to the Federal Employees Health Benefits Act." Caudill, 999 F.2d at 76. Under the statutory framework then in place, benefits decisions were decided by the United States Office of Personnel Management. Id. In Caudill, plaintiff brought an action in state court, based upon breach of contract, seeking to enjoin defendants from notifying a hospital that defendant did not provide coverage for the specific treatment she sought. Id. Defendant filed a notice of removal, asserting federal jurisdiction on grounds of complete preemption, and on grounds that the action "arises from a federal contract, giving rise to a uniquely federal interest so important that the 'federal common law' supplants state law." Id. at 77.

Upon motion to remand in Caudill, the Fourth Circuit did not analyze the complete preemption issue, but rather agreed with defendant that the case fell within a narrow category of cases presenting a "'uniquely federal interest' so important that the 'federal common law' supplants state law either partially or entirely regardless of Congress' intent to preempt the area involved." Caudill, 999 F.2d at 77 (citing Boyle v. United Tech. Corp., 487 U.S. 500, 504 (1988)). In reaching this conclusion, the court noted that "the federal government is a party to th[e] contract" with health insurers, and that federal common law was in significant conflict with state law. Id. at 78.

Although Caudill remains binding precedent in this Circuit, the case has been criticized on the issue of removal jurisdiction. Importantly, the primary Supreme Court case upon which Caudill derived its analysis, Boyle v. United Tech. Corp., did not address the question of removal jurisdiction, but rather only addressed the defense of preemption in a case that had been brought in Federal District Court. See Boyle, 487 U.S. at 502. Concerning this distinguishing factor, the Second Circuit noted recently:

> The Caudill court conflated the preemption and jurisdiction analyses by holding that a significant conflict with uniquely federal interests was sufficient to confer subject matter jurisdiction on the federal court. See 999 F.2d at 78-79. We agree with the criticism Caudill has received for giving short shrift to the well-pleaded complaint rule. See Goepel v. Nat'l Postal Mail Handlers Union, 36 F.3d 306, 314-15 (3d Cir. 1994) (rejecting Caudill's reasoning); 15 James Wm. Moore, et al., Moore's Federal Practice § 103.45[3][c] (3d ed. 2004) (commenting that Caudill is "fatally flawed if the validity of the well-pleaded complaint rule . . . [is] accepted").

Empire Healthchoice Assur., Inc. v. McVeigh, 396 F.3d 136, 142-143 (2d Cir. 2005); see also Reveal v. Stinson, 115 F. Supp. 2d 688, 691 (D. W. Va. 2000) ("Caudill has been roundly criticized by courts and commentators as an aberration.").

Moreover, after Caudill was decided, the Supreme Court has stated without qualification that "a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) (emphasis added). In addition, Fourth Circuit analysis of removal jurisdiction more recent than Caudill is consistent with this Supreme Court approach. In Lontz, the court noted that a case may be removed to federal court only on three separate grounds: 1) diversity jurisdiction, 2) a federal question as "an element, and an essential one, of the plaintiff's cause of action," or 3) complete preemption. Lontz, 413 F.3d at 439, 440. Notably missing from the court's discussion was any mention of "unique federal interest" as a basis for removal jurisdiction.

This more recent precedent provides reason to doubt whether removal on the basis of "unique federal interests," outside the specific facts of Caudill, is proper. Given the questionable authority of Caudill, well-established precedent requires resolution of such doubt in the favor of remand. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

17

Moreover, even assuming that "unique federal interests" may provide a basis for jurisdiction in some cases, application of such doctrine here is unavailing. In this case, the Blackwater defendants claim that this case involves a unique federal interest "in the remedies available to individuals killed or injured working under federal prime, subcontracts, and subordinate contracts in support of national defense or war zone efforts." (Blackwater Def's Mem. in Opp. to Remand, pp. 17-18). In similar terms, defendant McQuown claims that the "DBA advances a unique federal interest . . . to provide uniformity and certainty in the availability of compensation of injured non-military employees . . . performing public work," and that this federal interest in an exclusive DBA remedy is raised by plaintiff's claims. (Def. McQuown Mem. in Opp. to Remand, pp. 17).

This asserted unique federal interest, however, being based upon coverage under the DBA, assumes the very conclusion which this court lacks jurisdiction to reach, namely that the decedents in this case are covered as employees under the DBA. As discussed above, pursuant to Shives, although this issue is plainly a federal question, it is not an issue which this court has jurisdiction to address. See Shives, 151 F.3d at 167 (stating that the "question of whether the LHWCA applies to a workrelated injury is exclusively a federal question . . . for the federal executive and federal appeals courts" to resolve).

Moreover, this case does not present circumstances which fall under the "unique federal interest" test as applied by the court in Caudill. Unlike in Caudill, plaintiff's cause of action does not involve the direct interpretation of "a federal contract," such that "federal common law" supplants state law. See Caudill, 999 F.2d at 77. Indeed, the application of "federal common law" is not even asserted by defendants in this case. Rather, defendants assert a federal interest in "the remedies" that are available to individuals killed while working in war-zones. (Blackwater Def's Mem. in Opp. to

18

Rem., p. 17; see also Def. McQuown's Mem. in Opp. to Rem., p. 18). The determination of such remedies depends upon coverage under the DBA, which is not a federal contract, but rather a federal statute. While there is no doubt that there exists a federal interest in uniform application of the DBA, this interest is not sufficient to provide removal jurisdiction.

In summary, under the circumstances of this case, this court lacks subject matter jurisdiction over this cause of action, whether asserted on the basis of complete preemption or "unique federal interests." Having found no basis for subject matter jurisdiction the court turns to the remaining question of the ultimate disposition of this case.

## II. Disposition

Concerning the proper procedure following removal, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, where the court finds no basis for subject matter jurisdiction, § 1447(c) compels the court to remand this action to state court.

In opposition to remand, defendants raise an important point concerning the disposition in Shives following removal which must be addressed here. In Shives the court recognized that the "question of whether the LHWCA applies to a workrelated injury is . . . [a] question which Congress never intended for state courts to resolve." Shives, 151 F.3d at 167. Rather, any "interpretation of the LHWCA is a matter for the federal executive and federal appeals courts." Id. Accordingly, after finding that the LHWCA applied to the facts of that case, the Fourth Circuit noted that, regardless of whether the district court lacked jurisdiction upon removal, remand to the state court was not proper. See id. at 171. Specifically, the court explained:

> While the only intuitive remedy might nevertheless be to remand this case to the state court to decide the coverage question, if we were to do so, we would be committing the federal question of LHWCA coverage to the state court when Congress intended that it be decided exclusively in federal court. In the peculiarities of this case, we believe that the district court should not have remanded the case to state court, but should have dismissed it. Accordingly, we vacate the district court's remand order and remand this case to the district court with instructions to dismiss the case for lack of subject matter jurisdiction. In this way, [plaintiff] will be able to proceed through the administrative process before the Department of Labor with his protectively filed LHWCA claim.

Shives, 151 F.3d at 171 (emphasis added).

At first blush, where this court, like the court in Shives, is facing a "federal question of LHWCA coverage," Shives 151 F.3d at 167, it appears that the appropriate course of action is to dismiss the action outright for lack of subject matter jurisdiction rather than remand to the state court. Such a disposition, however, is premature. Notably, in Shives, the Fourth Circuit directed dismissal only after that court, sitting as a federal court of appeals, had determined the coverage issue under the LHWCA. Specifically, the Fourth Circuit devoted several pages of its opinion to discussing the question of coverage under the LHWCA. See 151 F.3d at 167-171. Although the Fourth Circuit in Shives was in a position to resolve the question of coverage, "a matter for the federal executive and federal appeals courts," id. at 167, this court is not. Accordingly, where this case is distinguishable from Shives, remand, rather than dismissal for lack of subject matter jurisdiction, is proper.

Lacking jurisdiction, this court does not reach defendants' arguments in support of dismissal for failure to state a claim, under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Finally, finding the jurisdictional issues raised by this case to be novel and complex, the court rejects plaintiff's argument in favor of attorney's fees and costs resulting from removal. See In re Lowe, 102 F.3d 731,

733 n.2 (4th Cir. 1996) (rejecting request for attorney's fees where basis for remand is not "obvious").

## CONCLUSION

Based upon the foregoing, the court GRANTS plaintiff's motion to remand, pursuant to 28 U.S.C. § 1447(c). (DE #12). Where the court lacks subject matter jurisdiction over this action, the court DENIES AS MOOT defendants' motions to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (DE #'s 5 & 8). This case is hereby REMANDED to the Superior Court of Wake County, North Carolina. The Clerk is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wake County, North Carolina.

SO ORDERED, this 11th day of August, 2005.

LOUISE W. FLANAGAN
Chief United States District Judge

I certify the foregoing to be a true and correct copy of the original.
Fred L. Borch III, Clerk
United States District Court
Eastern District of North Carolina
By _____
Deputy Clerk