UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

BLACKWATER SECURITY )
CONSULTING, LLC and )
BLACKWATER LODGE AND )
TRAINING CENTER, INC., )
)
         Petitioners, )
)
vs. ) AFFIDAVIT OF RICHARD P. NORDAN
)
RICHARD P. NORDAN, as Ancillary )
Administrator for the Separate Estates of )
STEPHEN S. HELVENSTON, MIKE R. )
TEAGUE, JERKO GERALD ZOVKO, )
and WESLEY J.K. BATALONA, )
)
         Respondent. )

RICHARD P. NORDAN, after being first duly sworn, deposes and says of his own personal knowledge as follows:

1. I have been living continuously and exclusively in Wake County, North Carolina, for the past 22 years.

2. I am the Ancillary Administrator for the Separate Estates of Stephen S. Helvenston ("the Helvenston Estate"), Mike R. Teague ("the Teague Estate"), Jerko Gerald Zovko ("the Zovko Estate"), and Wesley J.K. Batalona ("the Batalona Estate"). (collectively referred to herein as "the Estates").

3. I was appointed the Ancillary Administrator in Wake County Superior Court of the Helvenston Estate on December 6, 2004; of the Teague Estate on

December 6, 2004; of the Zovko Estate on December 6, 2004; and of the Batalona Estate on December 7, 2004. Subsequent thereto – on January 5, 2005 – the case captioned *Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona, Plaintiffs v. Blackwater Security Consulting, L.L.C.; Blackwater Lodge and Training Center, Inc.; Justin L. McQuown; and Thomas Powell* was filed in Wake County North Carolina Superior Court bearing caption no. 05 CVS 000173 ("the State Action").

4. I have never entered into any contract with Petitioner Blackwater Security Consulting, L.L.C. ("Blackwater Security"), Petitioner Blackwater Lodge and Training Center, Inc. ("Blackwater Lodge"), or any other Blackwater entity. Correspondingly, I have manifestly never entered into any type of arbitration agreement of any kind with Blackwater Security, Blackwater Lodge, or any other Blackwater entity.

5. I have never spoken with anyone in the media, or specifically authorized or directed anyone else to, regarding the State Action, either of the Petitioners or any other Blackwater entity, any aspect of any claim brought by or against Petitioners or any other Blackwater entity, or anything else which might be deemed pertinent to any claim by or against either of the Petitioners.

6. Petitioner Blackwater Security's December 14, 2006, Demand for Arbitration – which Petitioners attached as Exhibit F to the Petition for Order Directing Arbitration Pursuant to the Federal Arbitration Act filed in this action ("the Blackwater Arbitration") – was not served on me directly. I was sent a copy of this Demand for Arbitration by William B. Bystrynski, an attorney with Kirby & Holt, L.L.P.

7. Kirby & Holt, L.L.P. and Callahan & Blaine, L.L.P. are the law firms that have been representing the Estates for which I serve as Ancillary Administrator. Neither of these firms have represented me personally in the State Action, the Blackwater Arbitration, or any other claim or proceeding involving either of the Petitioners. I did not believe that I, individually, was ever a party to the State Action, the Blackwater Arbitration, or any other claim or proceeding involving either of the Petitioners.

8. When Mr. Bystrynski sent me a copy of the Blackwater Arbitration Demand, I reviewed it and believed, based upon the language used by Blackwater Security in the Demand, that they were claiming damages for alleged breach of contract against the respondent in the Blackwater Arbitration "[a]s administrator of the estates" as that was the language used by Blackwater Security in the arbitration demand.

9. This belief that the Blackwater Arbitration did not allege claims against me individually for alleged breaches of contracts - to which I was never a party - was buttressed in my mind when Petitioners filed the instant action on December 20, 2006, which attached this arbitration demand and which prayed that arbitration be directed. Among other things, Petitioners averment in paragraph 3 of their Petition filed in this action that Respondent "is named in this action in his official capacity as ancillary administrator of the separate estates of the Decedents" led me to believe that that statement was true and that the Blackwater Arbitration did not portend alleged claims against me individually.

10. The first time I discovered that the Petitioners were allegedly claiming that I was personally liable for damages caused by alleged breaches of contracts

3

to which I was not a party was when the lawyers for the Estates notified me that on April 12, 2007, Blackwater Security and Blackwater Lodge had filed in the State Action a Memorandum of Law in Opposition to Issuance of a TRO, a true copy of which is attached hereto as Exhibit A, which sets forth in paragraph 6 of page 4 of the Memorandum as follows:

> "A further point about the arbitration that Nordan fails to bring to the Court's attention is that while it is true that the arbitration concerns 'the very subject matter of this case' (TRO Motion at 2), that is not all the [sic] arbitrator concerns. Nothing that could ever happen in this case would preclude a separate set of distinct claims Blackwater has asserted against Nordan personally in the arbitration. In this case, Nordan is suing Blackwater for damages in his capacity as ancillary administrator on behalf of the decedents' estates, alleging wrongful death and fraudulent inducement. In the arbitration, Blackwater is claiming damages against Nordan ***personally*** for breach of contract, ..."

(Emphasis in original).

11. After receiving a copy of this April 12, 2007, Memorandum I, for the first time with respect to any aspect of any of these matters involving either of the Petitioners, retained counsel – Bailey & Dixon, L.L.P. - individually for myself.

12. Again, I have never been a party to any contract, including but not limited to any arbitration agreement, with either of the Petitioners; I have had no communications with any member of the media, any consultant, or any elected official about either of the Petitioners or any aspect of any claims brought by or against either of the Petitioners; I did not receive service of the Blackwater Arbitration Demand from either of the Petitioners or any counsel retained on their behalf; and I believe that I had a good faith basis to believe that nothing contained in the Blackwater Arbitration Demand or **anything** filed in the instant action by either of the Petitioners put me on notice that

4

Petitioners are apparently claiming that I am individually liable (apparently for up to $10,000,000.00) for alleged breaches of contracts to which I was never a party.

This the 4 day of May, 2007.

_____
Richard P. Nordan

LAURA ANN FLORES
NOTARY PUBLIC
WAKE COUNTY, N.C.
My Commission Expires 11-9-2008.

Sworn to and subscribed before me by Richard P. Nordan appearing this the 4 day of May, 2007.

_____
Notary Public

My Commission Expires: 11-9-08

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

David F. Kirby
William B. Bystrynski
Kirby & Holt, LLP
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612

Daniel J. Callahan
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707

Michael P. Socarras
McDermott, Will, & Emery, LLP
600 13th Street N.W.
Washington, D.C. 2005

Kirk G. Warner
Mark Ash
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611

This the 4th day of May, 2007

/s/ David S. Coats
David S. Coats