## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION
## CIVIL ACTION NO. 2:06-CV-00049-F

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; and BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation,    )<br>)<br>)<br>)<br>) | |
| Petitioners,    ) | **BRIEF IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND REQUEST FOR EXPEDITED CONSIDERATION** |
| v.    )<br>) | |
| RICHARD P. NORDAN, as Ancillary Administrator for the Separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO, and WESLEY J. K. BATALONA,    )<br>)<br>)<br>)<br>) | |
| Respondent.    ) | |

Respondent Richard P. Nordan has defied the Court's Order directing arbitration by filing papers in Wake County Superior Court asking the state court to enjoin the very arbitration that this Court has ordered to proceed. The mere filing of these papers violates this Court's Order. Nordan's actions in violation of the rulings of this Court are in contempt of this Court's order directing the parties to arbitrate, meriting prompt entry of a contempt order and appropriate sanctions, including Petitioners' attorneys' fees.

### Background

On December 14, 2006, Petitioner Blackwater Security Consulting, LLC, filed a Demand for Arbitration with the American Arbitration Association naming Richard P. Nordan as the respondent. Shortly thereafter, Petitioners filed in this Court a petition under 9 U.S.C. § 4 for an order directing arbitration [Dkt. 1], attaching to their Petition a copy of the Demand for Arbitration filed with the AAA. On April 20, 2007, the Court entered an Order [Dkt. 13] directing the parties to proceed with the arbitration.

Dockets.Justia.com

Rather than proceed with the arbitration, however, on May 4, 2007, Nordan filed papers in Wake County Superior Court (hand delivered to the Honorable Donald Stephens), accompanied by a motion for a temporary restraining order and a preliminary injunction, seeking to halt the arbitration ordered by this Court. Although the papers purported to be a new action, in reality Nordan's most recent state court filings are a continuation of the same state court action Nordan filed against Petitioners and which this Court ordered to be arbitrated.[1] A copy of the letters to Judge Stephens and to the undersigned counsel, notice of hearing, complaint, motion, and supporting affidavits is attached as Exhibit A.

The complaint asks the Wake County court for a declaratory judgment that:

(a)    [Nordan] has never consented or otherwise agreed to arbitration of any matter with either of the [Petitioners]; and

(b)    [Nordan] is not subject to any alleged claims in any arbitration forum which have been or which may be brought against him in his individual capacity by either of the [Petitioners], including but not limited to any claims alleged in Defendants' aforementioned Demand for Arbitration.

Complaint ¶ 37. By ordering Nordan to arbitrate, this Court already ruled on both issues.

The complaint includes a motion "for a temporary restraining order and a preliminary injunction prohibiting Defendants from proceeding against Plaintiff individually in Arbitration." *Id.* at p. 8. Nowhere in the newly filed complaint, the attached exhibits, or the supporting affidavits is there any mention of or reference to the Order entered by the Court on April 20 directing the parties to proceed in arbitration.

---

[1] There is nothing in these papers, as Blackwater's counsel received them, to show that the purported "new" action has in fact been filed with the state court or that a summons has issued. Blackwater has yet to be properly served in accordance with state law procedure governing service of an initial complaint.

In addition to asking the state court's reversal of this Court's Order, Nordan has noticed his motion for preliminary injunction for hearing before Judge Stephens in Courtroom 10-D at 10:00 a.m. on Tuesday, May 15. This is the exact judge, date, time, and location at which the Wake County court was scheduled to hear arguments on Nordan's motion for preliminary injunction against arbitration in the state court action stayed by virtue of this Court's Order. Notably, Judge Stephens is now assigned in Durham County but is nevertheless scheduled to hear Nordan's "new" motion in Wake County for a preliminary injunction. It is no mere coincidence that Nordan has managed to obtain the same judge, to hear the same arguments on the same day as his pending motion for preliminary injunction, the hearing on which was cancelled yesterday by Judge Stephens as a result of this Court's Order. They are one and the same case.

## Argument

### I.    The Court Has Inherent Authority To Impose Contempt Sanctions for Violations of Its Orders.

The Court's ability to impose contempt sanctions is an inherent part of the judicial function. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery. As a result, there could be no more important duty than to render such a decree as would serve to vindicate the jurisdiction and authority of courts to enforce orders . . . ." *Young v. United States ex rel. Vuitton et Files S.A.*, 481 U.S. 787, 796 (1987) (citation and internal quotations omitted). Consequently, the Court may impose civil contempt sanctions "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting

3

*Connolly v. J. T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)). "The appropriate remedy for

civil contempt is within the court's broad discretion." *Id*. at 259.

In *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899 (D.C. Cir. 1998), the district court

entered a stay of proceedings pending arbitration under Section 3 of the Federal Arbitration Act.

Plaintiff sought to evade the district court's order by going to state court and obtaining a stay of

the arbitration. Defendant moved for and obtained contempt sanctions. The Court of Appeals

for the District of Columbia Circuit, responding to a contention that the district court lacked

jurisdiction to impose such sanctions while the stay was in place, explained:

> Rather than interfering with the arbitration proceeding, the district court was
> attempting to protect that proceeding and the effect of its own order. The district
> court had ordered [plaintiff] that she could not pursue her civil remedies without
> first submitting to arbitration but, in clear contradiction of that order, [plaintiff's
> lawyers] appealed to the state court to stay the arbitration and remit the parties to
> judicial remedies, without even informing that court of the district court's
> instructions.

*Id*. at 903. The Court of Appeals affirmed the district court's imposition of sanctions, which

included enjoining the plaintiff from engaging in further proceedings before the state court and

requiring plaintiff's law firm to compensate the defendant in the amount of the attorneys' fees,

costs, and other expenses reasonably incurred as a result of the improper state court proceeding.

*See id.* at 901-02, 907; *see also In re Universal Serv. Fund Tel. Billing Practices Litig.*, 370 F.

Supp. 2d 1135, 1139 (D. Kan. 2005) ("The court may enforce its order compelling arbitration by,

for example, imposing sanctions against a party who contradicts the court's order compelling

arbitration.").

## II. Nordan and His Counsel Have Violated the Court's Order Requiring the Parties to Proceed with the Pending Arbitration.

The Court, in its Order of April 20, 2007, unequivocally directed the parties to proceed

with arbitration. The Order specifically referenced the arbitration initiated by Blackwater on

December 14, 2006, a copy of which was attached to Blackwater's petition. *See* Order [Dkt. 13] at 2; Petition for Order Directing Arbitration [Dkt. 1] at Ex. F. This is precisely the arbitration that Nordan is now asking the Wake County state court to enjoin. *See* Complaint at Ex. A.

Nordan's papers falsely and erroneously suggest that there is a legal difference between Nordan as ancillary administrator of the Decedents' estates and Nordan in his individual capacity. Under North Carolina law, no such distinction exists. *See Blumenthal v. Lynch*, 315 N.C. 571, 579, 340 S.E.2d 358, 362 (1986) ("The estate of a deceased person is not an entity known to the law, and is not a natural or an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent."). Nordan is one and the same person, including for purposes of his liability to Blackwater and his obligation to arbitrate Blackwater's claims.

Blackwater's claims against Nordan arise out of his status as ancillary administrator. It is that status that obligates Nordan to comply with the decedents' contracts, including the arbitration provision, the non-suit provisions, and the non-publicity provisions. *See Burch v. J.D. Bush & Co.*, 181 N.C. 125, 128, 106 S.E. 489, 490 (1921); *Shutt v. Butner*, 62 N.C. App. 701, 303 S.E.2d 399 (1983). Any damages assessed for breaches of these contracts by Nordan, however, are payable by Nordan *personally* rather than out of the estates of the decedents, because North Carolina law does not punish the beneficiaries for the misconduct of the administrator, such as when he breaches the estates' contractual obligations. *See Whisnant v. Price*, 175 N.C. 611, 613, 96 S.E. 27, 28 (1918) ("In actions against the personal representative on his own contract and engagements, though made for the benefit of the estate, the judgment is *de bonis propriis,* and he is, by every principle of legal analogy, to answer it with his personal property.") (internal quotations omitted). Thus, Blackwater is not pursuing claims against Richard Nordan in one "capacity" as opposed to another; rather, Blackwater is pursuing claims

against Richard Nordan, who as ancillary administrator is personally liable for his breaches of the decedents' contracts.[2]

More importantly for purposes of this motion, even if there were merit to Nordan's argument, it would not justify defying the Court's Order by continuing to litigate with Blackwater in Wake County state court. The Court, after giving both sides opportunity to be heard, has issued its Order. That Order requires the parties to proceed with arbitration. Nordan has moved for reconsideration of the Order based in part on his "personal liability" argument,[3] but filing a motion for reconsideration does not give Nordan license to violate the Order for which reconsideration is sought. Regardless of the merit (or lack thereof) of Nordan's argument that he is somehow immune from arbitration in his "personal capacity," he cannot disregard this Court's clear mandate and seek declaratory and injunctive relief from a North Carolina state court that would undermine the Court's order directing arbitration.

## III. Petitioners Request a Ruling on Their Motion for Order to Show Cause Prior to May 15.

Nordan's revived motion for preliminary injunction is scheduled for hearing before Judge Stephens at 10:00 a.m. on Tuesday, May 15. Nordan should not be allowed to make a mockery of this Court's Order by prosecuting this motion. Furthermore, Blackwater should not be forced to bear the cost, in both time and money, required to participate in a hearing that is plainly

---

[2] Similar disregard of North Carolina estate law is manifest by Respondent in the affidavit he filed in the new state court action, in which he states: "Kirby & Holt, L.L.P. and Callahan & Blaine, L.L.P. are the law firms that have been representing the Estates for which I serve as Ancillary Administrator." Nordan Aff. ¶ 7 (attached at Exhibit A). An estate, however, is not a legal entity that can have its own counsel. *See Blumenthal v. Lynch*, 315 N.C. 571, 579, 340 S.E.2d 358, 362 (1986). Thus, contrary to Nordan's affidavit, Kirby & Holt and Callahan & Blaine have not been representing "Estates" but have been representing Richard Nordan, as is evident from the filings in this case. See Notice of Appearance [Dkt. 5] at 1.

[3] The motion for reconsideration also is without merit, for the reasons set forth in Blackwater's response to the motion.

contrary to the Court's Order.[4]  Blackwater therefore requests expedited consideration of its Motion for Order to Show Cause such that the Court can issue a ruling prior to the scheduled hearing on May 15.

## Conclusion

In its Order directing arbitration, the Court declined to stay the then-pending state court action based on the Court's belief that the parties and the state court "will likely conform their conduct to the expectations of law."  Order at 10 n.2.  Nordan has abused the Court's trust in this regard, and should promptly be subjected to sanctions.  Petitioners therefore request that Nordan be enjoined from any further prosecution of the action filed in Wake County on May 4, and that he and his counsel be required to pay all expenses, including attorneys' fees, incurred by Petitioners in response to their actions.

---

[4] As of this time, Petitioners, who are equally bound by this Court's order not to arbitrate, have not filed any response in Wake County state court.

This the 8th day of May, 2007.

McDERMOTT, WILL & EMERY, LLP


By: /s/ Michael P. Socarras
      Michael P. Socarras
      DC Bar No. 418127
      600 13th Street NW
      Washington, DC  20005
      (202) 756-8000
      Facsimile: (202) 756-8087
      msocarras@mwe.com

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.


By: /s/ Kirk G. Warner
      Kirk G. Warner
      NCSB No. 16238
      Mark A. Ash
      NCSB No. 13967
      Post Office Box 2611
      Raleigh, North Carolina 27602
      (919) 821-1220
      Facsimile: (919) 821-6800
      kwarner@smithlaw.com
      mash@smithlaw.com

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

David F. Kirby
Kirby & Holt, LLP
3201 Glenwood Avenue
Suite 100
Raleigh, North Carolina  27612
E-Mail: dkirby@kirby-holt.com
Attorneys for Respondent

Daniel J. Callahan
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California  92707
E-Mail: daniel@callahan-law.com
Attorneys for Respondent

Notification has also been sent to U.S. Mail and facsimile to:

David S. Coats
Bailey & Dixon, L.L.P.
P.O. Box 1351
Raleigh, NC 27602-1351
Fax: 919-828-6592
Attorneys for Respondent

This the 8th day of May, 2007.

  /s/ Kirk G. Warner
Kirk G. Warner