# EXHIBIT A
# PART 1

Dockets.Justia.com

**BAILEY &amp; DIXON**

David S. Coats

dcoats@bdixon.com

May 4, 2007

**VIA OVERNIGHT MAIL**

Mr. Mark Ash
Mr. Kirk G. Warner
Smith, Anderson, Blount, Dorsett, Mitchell &amp; Jerningan, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611

Mr. Michael Socarras
McDermott, Will, &amp; Emery
600 13th Street, N.W.
Washington, D.C.  20005-3096

A
Show cause

      Re:    *Richard P. Nordan v. Blackwater Security Consulting, LLC et al.*
               Wake County Superior Court

Dear Gentlemen:

Enclosed please find a copy of the Verified Complaint and Motion for a Preliminary Injunction filed today in Wake County Superior Court, on behalf of Richard P. Nordan, Individually.  Also enclosed please find a Notice of Hearing, the Affidavit of Richard Nordan, the Affidavit of William Bystrynski, and a letter to Judge Stephens.  As indicated in the letter to Judge Stephens and in accord with Judge Stephens' oral request of April 13, 2007, in the separate state court action, I understand that all briefs in support of or in opposition to this motion shall be filed on or before 5:00 p.m. on May 10, 2007.

Should you have any questions or comments, please do not hesitate to contact us at your convenience.  Thank you and best wishes for a happy and productive summer.

                     Sincerely yours,

                     BAILEY &amp; DIXON, L.L.P.

                     David S. Coats



RECEIVED MAY -7 2007

Enclosures

Tel 919 828 0731   Post Office Box 1351
Fax 919 828 6592  Raleigh, NC 27602   www.bdixon.com

BAILEY &amp; DIXON, LLP
Attorneys at Law

BAILEY [B&D] DIXON

David S. Coats

dcoats@bdixon.com

May 4, 2007

**VIA HAND-DELIVERY**

The Honorable Donald W. Stephens
Senior Resident Superior Court Judge
Tenth Judicial District
Wake County Courthouse
Superior Court Judge's Office
Raleigh, North Carolina

      Re:    *Richard P. Nordan v. Blackwater Security Consulting, LLC, et al.*
              Wake County Superior Court

Dear Judge Stephens:

Enclosed please find a copy of our Verified Complaint and Motion for Preliminary Injunction which we are filing today on behalf of Richard P. Nordan, Individually, along with the affidavits of Richard Nordan and Bill Bystrynski. Also, enclosed please find a Notice of Hearing setting the hearing for the preliminary injunction motion for May 15, 2007, at 10:00 a.m. in Courtroom 10-D which I have confirmed through the Trial Court Administrator.

This time and date was previously agreed to by all counsel in the separate state court action pending before you. I understand that any briefs in support of or in opposition to the preliminary injunction motion are to be served on or before 5:00 p.m. on May 10, 2007, and in the manner prescribed by G.S. §1A-1, Rule 5. Also for your records, please find copies of the documents filed today in the pending federal court action.

Tel 919 828 0731    Post Office Box 1351
Fax 919 828 6592    Raleigh, NC 27602    www.bdixon.com

BAILEY & DIXON, LLP
Attorneys at Law

The Honorable Donald W. Stephens
May 4, 2007
Page Two

Thank you in advance for your time and attention. If you have any questions or comments, please feel free to contact me at any time. Best wishes for a happy and productive summer.

                                      Respectfully yours,

                                      BAILEY & DIXON, L.L.P.

                                      David S. Coats

Enclosures
cc:    Ms. Sallie Kearns (via hand delivery w/ Notice of Hearing)
       Mr. Mark Ash/Mr. Kirk G. Warner (via overnight mail, w/enclosures)
       Mr. Michael Socarras (via overnight mail, w/enclosures)

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 07 CVS _____ |

RICHARD P. NORDAN, )
)
      Plaintiff, )
)
vs. )
) **NOTICE OF HEARING**
BLACKWATER SECURITY ) **(OTHER)**
CONSULTING, L.L.C. and )
BLACKWATER LODGE AND )
TRAINING CENTER, INC., )
)
      Defendants. )

Please take notice that the undersigned will bring Plaintiff's Motion for Preliminary Injunction on for hearing on May 15, 2007, at the Wake County Courthouse, Courtroom 10-D, at 10:00 a.m. or as soon thereafter as the Court can hear it.

This the 4 day of May, 2007.

                      BAILEY & DIXON, L.L.P.

                      By: _____
                           David S. Coats
                           J.T. Crook
                      Attorneys for Plaintiff
                      Post Office Box 1351
                      Raleigh, North Carolina 27602
                      Telephone: (919) 828-0731

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 07 CVS _____ |

RICHARD P. NORDAN,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　AFFIDAVIT OF RICHARD P. NORDAN
BLACKWATER SECURITY　　　　　　)　　　　　　　　(AFF)
CONSULTING, L.L.C. and　　　　　)
BLACKWATER LODGE AND　　　　　　)
TRAINING CENTER, INC.,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)

　　　　RICHARD P. NORDAN, after being first duly sworn, deposes and says of his own personal knowledge as follows:

　　　　1.　　I am the Plaintiff in this action and I have been living continuously and exclusively in Wake County, North Carolina, for the past 22 years.

　　　　2.　　I am the Ancillary Administrator for the Separate Estates of Stephen S. Helvenston ("the Helvenston Estate"), Mike R. Teague ("the Teague Estate"), Jerko Gerald Zovko ("the Zovko Estate"), and Wesley J.K. Batalona ("the Batalona Estate"). (collectively referred to herein as "the Estates").

　　　　3.　　I was appointed the Ancillary Administrator in Wake County Superior Court of the Helvenston Estate on December 6, 2004; of the Teague Estate on December 6, 2004; of the Zovko Estate on December 6, 2004; and of the Batalona Estate on December 7, 2004.  Subsequent thereto – on January 5, 2005 – the case captioned *Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona, Plaintiffs v.*

*Blackwater Security Consulting, L.L.C.; Blackwater Lodge and Training Center, Inc.; Justin L. McQuown; and Thomas Powell* was filed in Wake County Superior Court bearing caption no. 05 CVS 000173 ("the State Action").

    4.     I have never entered into any contract with Defendant Blackwater Security Consulting, L.L.C. ("Blackwater Security"), Defendant Blackwater Lodge and Training Center, Inc. ("Blackwater Lodge"), or any other Blackwater entity. Correspondingly, I have manifestly never entered into any type of arbitration agreement of any kind with Blackwater Security, Blackwater Lodge, or any other Blackwater entity.

    5.     I have never spoken with anyone in the media, or specifically authorized or directed anyone else to, regarding the State Action, either of the Defendants or any other Blackwater entity, any aspect of any claim brought by or against Defendants or any other Blackwater entity, or anything else which might be deemed pertinent to any claim by or against either of the Defendants.

    6.     Defendant Blackwater Security's December 14, 2006, Demand for Arbitration – which Defendants attached as Exhibit F to their Petition for Order Directing Arbitration Pursuant to the Federal Arbitration Act filed in federal court ("the Blackwater Arbitration") – was not served on me directly. I was sent a copy of this Demand for Arbitration by William B. Bystrynski, an attorney with Kirby & Holt, L.L.P.

    7.     Kirby & Holt, L.L.P. and Callahan & Blaine, L.L.P. are the law firms that have been representing the Estates for which I serve as Ancillary Administrator. Neither of these firms have represented me personally in the State Action, the Blackwater Arbitration, or any other claim or proceeding involving either of the Petitioners. I did not believe that I, individually, was ever a party to the State Action,

2

the Blackwater Arbitration, or any other claim or proceeding involving either of the Defendants.

8. When Mr. Bystrynski sent me a copy of the Blackwater Arbitration Demand, I reviewed it and believed, based upon the language used by Blackwater Security in the Demand, that they were claiming damages for alleged breach of contract against the respondent in the Blackwater Arbitration "[a]s administrator of the estates" as that was the language used by Blackwater Security in the arbitration demand.

9. This belief that the Blackwater Arbitration did not allege claims against me individually for alleged breaches of contracts - to which I was never a party - was buttressed in my mind when Defendants filed their Petition in the federal court action on December 20, 2006, which attached this arbitration demand and which prayed that arbitration be directed. Among other things, Defendants averment in paragraph 3 of their Petition filed in the federal court action that Respondent "is named in this action in his official capacity as ancillary administrator of the separate estates of the Decedents" led me to believe that that statement was true and that the Blackwater Arbitration did not portend alleged claims against me individually.

10. The first time I discovered that the Defendants were allegedly claiming that I was personally liable for damages caused by alleged breaches of contracts to which I was not a party was when the lawyers for the Estates notified me that on April 12, 2007, Blackwater Security and Blackwater Lodge had filed in the State Action a Memorandum of Law in Opposition to Issuance of a TRO which sets forth in paragraph 6 of page 4 of the Memorandum as follows:

> "A further point about the arbitration that Nordan fails to bring to the Court's attention is that while it is true that the arbitration concerns 'the very subject

3

matter of this case' (TRO Motion at 2), that is not all the [sic] arbitrator concerns. Nothing that could ever happen in this case would preclude a separate set of distinct claims Blackwater has asserted against Nordan personally in the arbitration. In this case, Nordan is suing Blackwater for damages in his capacity as ancillary administrator on behalf of the decedents' estates, alleging wrongful death and fraudulent inducement. In the arbitration, Blackwater is claiming damages against Nordan *personally* for breach of contract, ..."

(Emphasis in original).

11. After receiving a copy of this April 12, 2007, Memorandum I, for the first time with respect to any aspect of any of these matters involving either of the Defendants, retained counsel – Bailey & Dixon, L.L.P. - individually for myself.

12. Again, I have never been a party to any contract, including but not limited to any arbitration agreement, with either of the Defendants; I have had no communications with any member of the media, any consultant, or any elected official about either of the Defendants or any aspect of any claims brought by or against either of the Defendants; I did not receive service of the Blackwater Arbitration Demand from either of the Defendants or any counsel retained on their behalf; and I believe that I had a good faith basis to believe that nothing contained in the Blackwater Arbitration Demand or **anything** filed in the federal court action by either of the Defendants put me on notice that Defendants are apparently claiming that I am individually liable (apparently for up to $10,000,000.00) for alleged breaches of contracts to which I was never a party.

4

This the 4 day of May, 2007.

**LAURA ANN FLORES**
**NOTARY PUBLIC**
**WAKE COUNTY, N.C.**
My Commission Expires 11-9-2008.

_____
Richard P. Nordan

Sworn to and subscribed before me
by Richard P. Nordan appearing
this the 4 day of May, 2007.

_____
Notary Public

My Commission Expires: 11-9-08

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| WAKE COUNTY | 07 CVS _____ |

RICHARD P. NORDAN,  )
                    )
    Plaintiff,      )
                    )
v.                  )
                    )
BLACKWATER SECURITY )    **AFFIDAVIT OF WILLIAM B.**
CONSULTING, L.L.C., and )  **BYSTRYNSKI**
BLACKWATER LODGE AND )
TRAINING CENTER, INC., )
                    )
    Defendants.     )
                    )

William B. Bystrynski, first being duly sworn, deposes and says:

1. I am an attorney practicing law with the law firm of Kirby & Holt, LLP, in Raleigh, North Carolina.

2. I represent Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko, and Wesley J.K. Batalona in the case of Nordan v. Blackwater, et al., 05 CVS 173.

3. I do not represent Mr. Nordan in his individual capacity, nor have I ever represented him in that capacity.

4. In December, 2006, I orally accepted service of a Blackwater arbitration demand, which I understood to be a demand on Richard P. Nordan in his official capacity as Ancillary Administrator for the Separate Estates.

5.  I did not accept service of the demand for arbitration on behalf of Richard P. Nordan in his individually capacity, nor was I authorized to do so.

Further, affiant sayeth not.

This the 4th day of May, 2007.

KIRBY & HOLT, L.L.P.

William B. Bystrynski
Attorney for Plaintiff
P. O. Box 31665
Raleigh, North Carolina  27622
(919) 881-2111

Sworn to and subscribed before me
this the 4 day of May, 2007.

Notary Public

My Commission Expires: 4-12-2012

NANCY C. BURNS
"NOTARY PUBLIC"
JOHNSTON COUNTY, NC
My Commission Expires 4-12-2012.

Prdk 11970.039