# EXHIBIT A
# PART 3

Dockets.Justia.com

# EXHIBIT 8

# Exhibit 8

# CALLAHAN & BLAINE

A PROFESSIONAL LAW CORPORATION

3 HUTTON CENTRE DRIVE

NINTH FLOOR

SANTA ANA CALIFORNIA 92707

(714) 241-4444

FAX (714) 241-4445

WWW.CALLAHAN-LAW.COM

DAN E. CALLAHAN*
STEPHEN E. BLAINE
JIM P. MAHACEK@
MICHAEL J. SACHS†
EDWARD SUBOLIK
BRIAN J. McCORMACK
JAVIER H. VAN OORDT

CAROLINE A. MOLLOY#
SARAH C. SERPA
GREGORY S. SCARLETT
DAVID E. HAYEN
TAE J. IM
MARC P. MILES
JAMES R. ROUSE
DOUGLAS M. CARASSO
LEE E. BURROWS
MICHAEL T. SMITH
KIMBERLY A. MAYNARD
SUE Y. PARK
KATHLEEN L. DUNHAM
REBECCA S. LEEDS

OF COUNSEL
SHELLEY M. LIBERTO
. IN RABAT, MOROCCO

*ALSO MEMBER OF HAWAII STATE BAR
†ALSO MEMBER OF ILLINOIS STATE BAR
#ALSO A MEMBER OF COLORADO STATE BAR
@CERTIFIED APPELLATE SPECIALIST
STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

LAURALII M. KOSAL
OFFICE ADMINISTRATOR

March 5, 2007

OUR FILE NUMBER:

2525-02

## VIA FAX & U.S. MAIL

Ms. Brigitte Omane
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

    RE:   **Blackwater Security Consulting, LLC, et al. v. Nordan, etc.**
          **Arbitration No.: 05 181 T 00524 06**

Dear Ms. Omane:

      In your letter dated February 16, 2007, you advised us of the disclosure made by proposed arbitrator Edward Dreyfus.  Please be advised that, while reserving all rights, Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J.K. Batalona, hereby objects to Mr. Dreyfus serving as an arbitrator in this matter, in that the ICDR is without jurisdiction over this matter because the subject claim is a compulsory counterclaim to a pending state court action in North Carolina (Case No. 05CV000173), as well as the fact that Mr. Dreyfus has a preexisting familial relationship with opposing counsel, namely, McDermott, Will & Emory.  There is currently a motion to dismiss pending in federal court in North Carolina (Case No. 2:06cv49) and with the ICDR.  Since the ICDR is without jurisdiction over this claim, no arbitrator can be selected to hear this case, including Mr. Dreyfus.

                    Very truly yours,

                    MARC P. MILES

cc:    Daniel J. Callahan, Esq.
       David F. Kirby, Esq.
       Michael P. Socarras, Esq.

G:\2525\2525-02\Cor\Omane 030507.wpd

# EXHIBIT 9

# Exhibit 9

# CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION

3 HUTTON CENTRE DRIVE
NINTH FLOOR
SANTA ANA CALIFORNIA 92707
(714) 241-4444
FAX (714) 241-4445
WWW.CALLAHAN-LAW.COM

DANIEL J. CALLAHAN*
STEPHEN E. BLAINE
JIM P. MAHACEK@
MICHAEL J. SACHS†
EDWARD SUSOLIK
BRIAN J. McCORMACK
JAVIER H. VAN OORDT

CAROLINE A. MOLLOY#
SARAH C. SERPA
GREGORY B. SCARLETT
DAVID E. HAYEN
TAE J. IM
MARC P. MILES
JAMES R. ROUBE
DOUGLAS M. CARASSO
LEE E. BURROWS
MICHAEL T. SMITH
KIMBERLY A. MAYNARD
SUE Y. PARK
KATHLEEN L. DUNHAM
REBECCA S. LEEDS
JILL A. THOMAS@
JENNIE J. BLONSKA

OF COUNSEL
SHELLEY M. LIBERTO
IN RABAT, MOROCCO

*ALSO MEMBER OF HAWAII STATE BAR
†ALSO MEMBER OF ILLINOIS STATE BAR
#ALSO A MEMBER OF COLORADO STATE BAR
@CERTIFIED APPELLATE SPECIALIST
STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

LAURAU M. KOBAL
OFFICE ADMINISTRATOR

March 14, 2007

OUR FILE NUMBER:
2525-02

**VIA FAX AND U.S. MAIL**

Ms. Brigitte Omane
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

RE:   **Blackwater Security Consulting, LLC, _et al._ v. Nordan, _etc._**
      **Arbitration No.: 05 181 T 00524 06**

Dear Ms. Omane:

In your letter dated February 27th and email dated March 13th, you advised us of the disclosures made by proposed arbitrators William Sessions and William H. Webster. Please be advised that, while reserving all rights, Richard P. Nordan, as Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, Mike R. Teague, Jerko Gerald Zovko and Wesley J.K. Batalona, hereby objects to Mr. Sessions and Mr. Webster serving as an arbitrator in this matter, in that the ICDR is without jurisdiction over this matter because the subject claim is a compulsory counterclaim to a pending state court action in North Carolina (Case No. 05CV000173), as well as the fact that Mr. Sessions works for Holland & Knight who currently represents Blackwater and the fact that Mr. Webster (1) works for Milbank Tweed, who has business relationships with three of Blackwater's law firms (Kirkland & Ellis, Wiley, Rein & Fielding, and McDermott Will & Emory); (2) knows Blackwater's counsel Kenneth Starr personally, (3) knows Blackwater former counsel Fred Fielding personally; (4) is acquainted with lawyers from the Department of Justice and the Department of Defense; (5) is acquainted with personnel in the Departments of Labor, Army, Air Force and Navy; and (6) sits on the board of SinglePoint, Inc. with Blackwater's general counsel Joseph Schmitz.

# CALLAHAN & BLAINE

Ms. Brigitte Omane
International Centre for Dispute Resolution
March 14, 2007
Page 2

Moreover, there is currently a motion to dismiss pending in federal court in North Carolina (Case No. 2:06cv49) and with the ICDR. Since the ICDR is without jurisdiction over this claim, no arbitrator can be selected to hear this case, including Mr. Sessions and Mr. Webster.

Very truly yours,

MARC P. MILES

cc:    Daniel J. Callahan, Esq.
       David F. Kirby, Esq.
       Michael P. Socarras, Esq.

G:\2525\2525-02\Cor\Omane 031407.wpd

# EXHIBIT 10

# Exhibit 10

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Michael P. Socarras
Attorney at Law
msocarras@mwe.com
1.202.756.8110

March 12, 2007

*VIA FAX AND EMAIL*

Ms. Brigitte Omane
International Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

Re:    *Blackwater Security Consulting, LLC, et. al. v. Nordan, etc.*
       No. 05 181 T 00524 06 (AAA ICDR)

Dear : Ms. Omane

On behalf of Claimants Blackwater Security Consulting, LLC and Blackwater Lodge and
Training Center, Inc. ("Claimants"), I write in response to the letter dated March 5, 2007, from
Marc P. Miles of Callahan & Blaine to you. Mr. Miles' letter of March 5, 2007, is legally
unsupported and an evident attempt to delay these proceedings. Accordingly, we respectfully
urge the ICDR to continue moving forward with the arbitration process *ex parte* and request that
the Tribunal schedule a conference as soon as possible, preferably by March 16, 2007.

First, the law firm of Callahan & Blaine has not stated that it objects to Mr. Dreyfus on
behalf of the Respondent Richard P. Nordan. Without that affirmative statement, which we
believe Callahan & Blaine has deliberately refused to make to avoid 'entering an appearance' in
the Arbitration on Mr. Nordan's behalf, there is no one choosing to participate in this Arbitration
as a representative of the Respondent.

Second, Mr. Miles' assertion about Arbitrator Edward Dreyfus on the basis of a
"preexisting familial relationship" with McDermott Will & Emery LLP ("McDermott") should
be rejected because it is legally mistaken and unfounded. The *only* grounds Mr. Miles states for
an objection is a preexisting familial relationship to a former lawyer at McDermott. That lawyer
has not been at McDermott since approximately nine years before this Arbitration began. In any
event, it is black-letter law in the Fourth Circuit (which has jurisdiction over the locale of this
Arbitration) that the mere allegation of a familial relationship between an arbitrator and someone
related to a party is insufficient by itself to put in question the arbitrator's impartiality.
*Consolidation Coal Co. v. Local 1643, United Mine Workers of America*, 48 F.3d 125, 129 (4th
Cir. 1995) (applying Federal Arbitration Act evident partiality standards to collective bargaining
agreement to hold that a sibling relationship between arbitrator and employee of national union).

Ms. Brigitte Omane
March 12, 2007
Page 2

As the Fourth Circuit has explained:

> To demonstrate evident partiality under the FAA, the party seeking vacation has the burden of proving "that 'a reasonable person would have to conclude that an arbitrator was partial' to the other party to the arbitration. . . . This reasonable person standard requires showing something more than the "appearance of bias," but not the "insurmountable" standard of "proof of actual bias." . . . The Court has reasoned that "the alleged partiality must be 'direct, definite, and capable of demonstration rather than remote, uncertain and speculative.'" . . .Furthermore, the party asserting evident partiality "must establish specific facts that indicate improper motives on the part of the arbitrator."

*Id.* at 129 (citations omitted).

The Fourth Circuit has adopted the following factors to assist in determining evident partiality: (1) any personal interest, pecuniary or otherwise, the arbitrator has in the proceeding; (2) the directness of the relationship between the arbitrator and the party he is alleged to favor; (3) the connection of the relationship to the arbitration; and (4) the proximity in time between the relationship and the arbitration proceeding. *Id.* at 130. Applying each of these factors undermines Mr. Miles' assertion of a conflict.

There is no evidence of any pecuniary interest by Mr. Dreyfus in this Arbitration. There is also not even an attenuated relationship between Mr. Dreyfus and Claimants or their counsel. Respondent objects solely because a *nephew* of Mr. Dreyfus *nine years ago* was an *associate* in McDermott's *Chicago* office for *three years*. No connection at all to Claimants is asserted. No allegation is made of any connection to the proceeding. And, as noted above, the proximity in time between Mr. Dreyfus' nephew's work at McDermott and this Arbitration is exceedingly remote. Under these circumstances, Mr. Miles has failed utterly in justifying disqualification of Mr. Dreyfus. *See id.; Peoples Security Insurance Co. v. Monumental Life Insurance Co.*, 991 F.2d 141 (4th Cir. 1993); *see also Transportes Coal Sea De Venezuela C.A. v. SMT Shipmanagement & Transport Ltd.*, 2007 U.S. Dist. Lexis 1802 (S.D.N.Y. January 9, 2007).

The Tribunal should note Respondent has had more than sufficient opportunity to participate in this Arbitration, including the selection of arbitrators. Respondent chose not to file any statement of defense, and has not participated in the Arbitration. The ICDR has received from Callahan & Blaine three express refusals (January 8, 2007, February 2, 2007, and March 5, 2007) to participate in the Arbitration, including specifically refusals to participate in the selection of arbitrators. Respondent should not be permitted to manipulate these proceedings by picking and choosing in which portions of the arbitration proceedings to participate and which to boycott. If Respondent were so allowed, doing so would seriously disrupt and delay this Arbitration, which has already been proceeding far more slowly than it should, given that it began almost three months ago on December 14, 2006.

Ms. Brigitte Omane
March 12, 2007
Page 3

By copy of this letter, I am requesting that Callahan & Blaine and Kirby & Holt identify whether either law firm, or someone else, represents the Respondent Richard P. Nordan in this Arbitration. If we do not receive a response within seven days of this letter, we will assume that Mr. Nordan is not represented in this proceeding and may be, and should be, contacted directly.

Finally, please note that even though Mr. Miles' letter states I was copied on it, I did not receive a copy of the letter until after you forwarded it to me on March 9, 2007. This is the second time Callahan & Blaine uses slow mail to serve a letter faxed to you on which I am shown as a "cc." Thank you again for forwarding to me Mr. Miles' correspondence, and for continuing to move this Arbitration forward.

Sincerely,

Michael P. Socarras

cc:    Marc P. Miles, Esq.
       David F. Kirby, Esq.
       Daniel J. Callahan, Esq.

# EXHIBIT 11

# Exhibit 11



# I C
# D R

**International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

**INTERNATIONAL
CENTRE FOR DISPUTE
RESOLUTION**

1633 Broadway, 10th Floor, New York, NY 10019
Telephone: 212-484-4181 Facsimile: 212-246-7274
Internet: http://www.adr.org/ICDR

---

In the Matter of Arbitration Between:

**VIA UPS ONLY**

Re: 50 181 T 00524 06
    Blackwater Security Consulting, LLC & Blackwater
    Lodge and Training Center, Inc.
    vs
    Richard P. Nordan

---

## NOTICE OF APPOINTMENT

**To: Hon. William H. Webster**

> It is most important that the parties have complete confidence in the arbitrator's impartiality. Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind. This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided to the AAA, it must also be disclosed. Any doubts should be resolved in favor of disclosure. If you are aware of direct or indirect contact with such individuals, please describe it below. Failure to make timely disclosures may forfeit your ability to collect compensation. The ICDR will call the disclosure to the attention of the parties.

You will not be able to serve until a duly executed Notice of Appointment is received and on file with the ICDR. Please review the attached *Disclosure Guidelines* and, after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment:

|  | | Yes | No |
|---|---|---|---|
| 1. | Do you or your law firm presently represent any person in a proceeding involving any party to the arbitration? | ☐ | ☑ |
| 2. | Have you represented any person against any party to the arbitration? | ☐ | ☑ |
| 3. | Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work? | ☑ | ☐ *see disclosure* |
| 4. | Have you had any professional or social relationship with any parties or witnesses identified to date in this proceeding or the entities for which | ☐ | ☑ |



they work?

5. Have you had any professional or social relationship of which you are aware with any relative of any of the parties to this proceeding, or any relative of counsel to this proceeding, or any of the witnesses identified to date in the proceeding? ☐ ☑

6. Have you, any member of your family, or any close social or business associate ever served as an arbitrator in a proceeding in which any of the identified witnesses or named individual parties gave testimony? ☐ ☑

7. Have you, any member of your family, or any close social or business associate been involved in the last five years in a dispute involving the subject matter contained in the case, which you are assigned? ☐ ☑

8. Have you ever served as an expert witness or consultant to any party, attorney, witness or other arbitrator identified in this case? ☑ ☐ *see disclosure*

|  | Yes | No |
|---|---|---|
| 9. Have any of the party representatives, law firms or parties appeared before you in past arbitration cases? | ☐ | ☑ |
| 10. Are you a member of any organization that is not listed on your panel biography that may be relevant to this arbitration? | ☐ | ☑ |
| 11. Have you ever sued or been sued by either party or its representative? | ☐ | ☑ |
| 12. Do you or your spouse own stock in any of the companies involved in this arbitration? | ☐ | ☑ |
| 13. If there is more than one arbitrator appointed to this case, have you had any professional or social relationships with any of the other arbitrators? | ☐ | ☑ |
| 14. Are there any connections, direct or indirect, with any of the case participants that have not been covered by the above questions? | ☐ | ☑ |

Should the answer to any question be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) on an attached page.

**Please indicate one of the following:**

☐ I have conducted a check for conflicts and have **nothing to disclose.**

☑ I have conducted a check for conflicts and have **made disclosures on an attached sheet.**

## THE ARBITRATOR'S OATH

~~State of~~ District of
~~County of~~ Columbia } SS:

I attest that I have reviewed the panel biography which the American Arbitration Association provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Commercial Arbitrators and/or all applicable statutes pertaining to arbitrator disclosures.

I understand that my obligation to check for conflicts and make disclosures is ongoing for the length of my service as an arbitrator in this matter, and that failing to make appropriate and timely disclosures may result in my removal as arbitrator from the case and/or my removal from the AAA's Roster of Neutrals.

The Arbitrator being duly sworn, hereby accepts this appointment, and will faithfully and fairly hear and decide the matters in controversy between the parties in accordance with their arbitration agreement, the Code of Ethics, and the rules of the American Arbitration Association will make an Award according to the best of the arbitrator's understanding.

Dated: 2/27/07          Signed: _William D. Arbor_

Sworn before me this 27th day of February , 2007

_Clara Elizabeth Heminger_
Notary Public for the District of Columbia
My Commission Expires September 30, 2008

## DISCLOSURE GUIDELINES
for
### Neutrals serving on American Arbitration Association Cases

**General**

1. The American Arbitration Association Rules and the *Code of Ethics* require you to make full disclosure.

2. Your duty to make disclosures is ongoing throughout all stages of the arbitration. The Case Manager may prompt you to conduct a subsequent conflict check during key points of the case, but you should conduct such checks and make disclosures on your own initiative whenever new information about the case participants comes to light.

3. Any doubt as to whether or not disclosure needs to be made should be resolved in favor of disclosure. You should not judge the significance of the potential conflict but rather you should make the disclosure and let the parties determine its significance.

4. As a guiding principle, *if a relationship or interest crosses your mind – disclose it.*

5. You must disclose:

- Any circumstance likely to give rise to *justifiable doubt* as to your impartiality or independence *(per AAA rules)*.
- Any interest or relationship that might create an *appearance* of partiality *(per the Code of Ethics)*.
- Any applicable statutes pertaining to arbitrator disclosures.

## Financial

As to any <u>party</u>, <u>attorney</u>, <u>witness</u> and <u>other arbitrator</u> involved in *this* case, you must disclose any:

- Financial interest that is *direct* (existing or past) or *indirect* (existing or past).

## Relational

You must disclose any *relationships* you have with any <u>party</u>, <u>attorney</u>, <u>witness</u> and <u>other arbitrator</u> involved in *this* case – this <u>includes</u> relationships with their:

- Families or household members
- Current employers
- Partners
- Professional and/or business associates

## How to Disclose

When disclosing, *specificity* is extremely important.  Provide enough detail in your disclosure so that the parties are fully informed of the potential conflict.  Tell us:

- Who
- What
- When
- Where
- How

Failing to provide a sufficient level of detail will delay the confirmation of your appointment, as well as the progress of the case overall, since the Case Manager will need to contact you for additional information.

All disclosures must be provided in writing.  In the rare situation where a disclosure comes to light at a hearing, you are obligated to excuse yourself from the proceeding and immediately contact the ICDR who will facilitate the process for communicating the disclosure to the parties and obtaining their response.  Pursuant to the AAA Rules, the ICDR shall determine whether or not a challenge raised by a party to an arbitrator's continued service shall be granted or denied.

### William H. Webster Disclosure Statement

### Blackwater Security Consulting, LLC & Blackwater Lodge and
### Training Center, Inc./Richard P. Nordan
### ICDR Case # 50 181 T 00524 06

Milbank, Tweed has a large financial practice. In this connection, there are frequently several parties to a transaction represented by counsel who may be lenders, creditors, issuers, insurers, etc. I have not participated in such cases. Moreover, as a consulting partner I have no interest in the fee revenues of such matters.

In this category are the following firms:

Kirkland & Ellis
Wiley, Rein & Fielding LLP
McDermott Will & Emery LLC

I acted as one of three moot court consultants to critique an oral argument by a partner of McDermott Will & Emery (not listed on the conflicts list) in preparation for his appearance before a U.S. Appellate Court. Similarly, I acted as one of three moot court consultants to critique an oral argument by a partner of Kirkland & Ellis, Kenneth Starr.

I am acquainted professionally with some of the partners in the three firms noted above, none shown on the conflicts list provided me except Kenneth Starr and Fred Fielding.

During 2006 and prior thereto, I served on an arbitration panel in a dispute in which Wiley, Rein & Fielding represented one of the parties.

I am acquainted professionally with Fred Fielding, formerly a partner and presently counsel to the President, and also with Richard Wiley.

I know personnel in the U.S. Departments of Defense, Air Force, Army, Labor, Navy and Justice, but have no professional conflicts with any of these departments nor would I be prejudiced by such acquaintances.

I am acquainted professionally with lawyers in the Department of Justice and the Department of Defense.

I am acquainted professionally with some lawyers in the firm of Kirkland & Ellis. I know Kenneth Starr from his years in the Department of Justice, on the bench, at Kirkland & Ellis and now Dean at Pepperdine Law School. I once acted with two other panel members in a moot court proceeding to help prepare him for an oral argument in a Federal Appellate Court case.

DC1:#8132114v1

**WILLIAM H. WEBSTER**
International Square Building
1850 K Street, N.W.
Suite 1100
Washington, D.C.  20006
202-835-7550
202-835-7596  fax
Email:  wwebster@milbank.com

March 9, 2007

Ms. Bridgitte Omane
International Case Manager
International Centre for Dispute Resolution
1633 Broadway
10th Floor
New York, New York  10019

    Re: Blackwater Security Consulting, LLC & Blackwater
      Lodge and Training Center, Inc./Richard P. Nordan
      ICDR Case # 50 181 T 00524 06

Dear Ms. Omane:

    Consistent with my continuing obligation to keep you informed of any matters which might arguably affect my impartiality in this matter, I wish to supplement my previous disclosure with the following:

    I am a member of the board of SinglePoint Inc., a small subsidiary of a British holding company, which was formed about a year ago.  In September, 2006 Joseph Schmitz was elected a member of the board.  Mr. Schmitz is a former government employee and now Chief Operating Officer and General Counsel for the Prince Group.  Our computer conflicts search revealed nothing about either Mr. Schmitz or the Prince Group which apparently owns Blackwater.  I met Mr. Schmitz at the September board meeting and again at a board meeting March 8.  Our relationship is professional and is limited to SinglePoint.  We have not and will not discuss the case in arbitration.  I do not believe this represents a conflict but have an obligation to disclose it.

    Should you or any party request it, I am prepared to resign from the board of SinglePoint or from this arbitration.

    Sincerely,

    *William H. Webster*

    William H. Webster

WHW:ceh

DCI:#8132114v1

 **International Centre for Dispute Resolution**

Thomas Ventrone
Vice President

March 30, 2007

1633 Broadway, 10th Floor, New York, NY 10019
Telephone: 212-484-4181 Facsimile: 212-246-7274
Internet: http://www.adr.org/ICDR

**VIA ELECTRONIC MAIL ONLY**

Michael P. Socarras, Esq.
McDermott Will & Emery
600 Thirteenth Street, N.W.
Washington, DC 20005-3096

Richard P. Nordan (rnordan@wnslaw.com)
3605 Glenwood Avenue
Suite 240
Raleigh, NC 27612

Re: 50 181 T 00524 06
     Blackwater Security Consulting, LLC & Blackwater
     Lodge and Training Center, Inc.
     vs
     Richard P. Nordan



Dear Parties:

After careful review of the comments submitted by the parties and pursuant to our authority under the International Arbitration and Mediation Rules, the ICDR has determined that the challenge is hereby denied and Arbitrator Webster's appointment is therefore reaffirmed.

At this stage the arbitration may proceed.

Sincerely,

*B.Omane*

Brigitte Omane
International Case Manager
212 484 4036
OmaneB@adr.org

Michael Namias
ICDR Supervisor
212 484 4170
NamiasM@adr.org

*A Division of the American Arbitration Association*

# EXHIBIT 12

# Exhibit 12

# CALLAHAN & BLAINE

A PROFESSIONAL LAW CORPORATION

Daniel J. Callahan*
Stephen E. Blaine
Jim P. Mahacek@
Michael J. Sachs†
Edward Susolik
Brian J. McCormack
Javier H. van Oordt

Caroline A. Molloy#
Sarah C. Serpa
Gregory B. Scarlett
David E. Hayen
Tae J. Im
Marc P. Miles
James R. Rouse
Douglas M. Carasso
Lee E. Burrows
Michael T. Smith
Kimberly A. Maynard
Sue Y. Park
Kathleen L. Dunham
Rebecca S. Leeds
Jill A. Thomas@
Jennie J. Blonska*

of counsel
Shelley M. Liberto
In Rabat, Morocco

3 Hutton Centre Drive
Ninth Floor
SANTA ANA CALIFORNIA 92707
(714) 241-4444
Fax (714) 241-4445
WWW.CALLAHAN-LAW.COM

*Also member of Hawaii State Bar
†Also member of Illinois State Bar
#Also a member of Colorado State Bar
@Certified Appellate Specialist
State Bar of California
Board of Legal Specialization

Laurali M. Koral
Office Administrator

April 9, 2007

Our File Number:

2525-02

Mr. Michael Namias
ICDR Supervisor
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

Ms. Brigitte Omane
International Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

RE:    **Blackwater Security Consulting, _et al._ v. Nordan, _etc._**
       **Arbitration No.: 05 181 T 00524 06**

Dear Mr. Namias and Ms. Omane:

Late last week I was appalled to learn that you recently ceased sending communications and notices to my office concerning Richard P. Nordan. You have been well aware that Mr. Nordan is represented by counsel as you have previously sent correspondence and notices to our office for Mr. Nordan since December of last year. In addition, I have sent correspondence to you on at least four different occasions (January 8, February 2, March 5, and March 14, 2007) indicating that our office represents Mr. Nordan with respect to the instant arbitration proceeding commenced by Blackwater. Nonetheless, the ICDR ceased sending the communications for Mr. Nordan to our office in late March, 2007. Moreover, this was done without any notification to our office whatsoever.

Even more disturbing is the fact that you apparently decided to circumvent Mr. Nordan's counsel in this case at the direction of Blackwater's counsel. In a correspondence to you from Michael P. Socarras, dated March 12, 2007, he suggests that you no longer send notices and

CALLAHAN & BLAINE

Mr. Michael Namias
Ms. Brigitte Omane
International Centre for Dispute Resolution
April 9, 2007
Page 2

correspondence to Mr. Nordan's counsel, but instead send them directly to Mr. Nordan. Following this suggestion by Blackwater's counsel, the ICDR did not send another single notice or correspondence to us or Mr. Nordan's other counsel, Kirby & Holt.

The ICDR's conduct in this case has been unethical and biased. First, the ICDR has continued to move these arbitration proceedings along, at Blackwater's urgence, despite there being no indication whatsoever that the ICDR has any jurisdiction over this case. On December 20, 2006, Blackwater filed a Petition for Order Directing Arbitration Pursuant to the Federal Arbitration Act in the U.S. District Court for the Eastern District of North Carolina, Northern Division. On January 8, 2007, I wrote to you on behalf of Mr. Nordan, indicating that the ICDR did not have any jurisdiction over the claim filed by Blackwater, and that we would be filing a Motion to Dismiss Blackwater's Petition in federal court. On January 10, 2007, we filed said Motion to Dismiss. To date, the District Court has not granted Blackwater's petition or otherwise ordered the instant action to proceed through arbitration at the ICDR. Nonetheless, even in the absence of a ruling on its own Petition to Compel Arbitration, Blackwater is attempting to improperly litigate this arbitration claim on an ex parte basis, and is using the ICDR to do so despite its lack of jurisdiction.

Second, the ICDR has acted improperly with respect to the selection of the arbitrators in this case. One of the arbitrators selected to serve on the panel, at the urgence of Blackwater, is Mr. William H. Webster, who: (1) works for Millbank Tweed, who has current business relationships with three of Blackwater's law firms (Kirkland & Ellis, Wylie, Ryan & Fielding, and McDermott, Will & Emery); (2) knows Blackwater's counsel Kenneth Starr personally; (3) knows Blackwater's counsel Fred Fielding personally; and (4) sits on the Board of SinglePoint, Inc. with Blackwater's general counsel Joseph Schmidt. Despite these glaring conflicts, the ICDR appointed Mr. Webster to serve on the arbitration panel, along with Mr. William Sessions, who works for Holland & Knight, a firm that currently represents Blackwater.

Third, again at the urgence of Blackwater, the ICDR ceased providing notices and correspondence to Mr. Nordan's counsel, despite doing so for nearly three months and despite numerous correspondence from my office indicating that we represent Mr. Nordan in this arbitration proceeding. The mere fact that Mr. Nordan objects to this arbitration proceeding because the ICDR lacks jurisdiction over it is not a ground for refusal to communicate with his counsel, and you have clearly done so pursuant to the urgence of Blackwater. Not only has the conduct of the ICDR been unethical and biased, it may very well open the ICDR up to civil liability.

CALLAHAN & BLAINE

Mr. Michael Namias
Ms. Brigitte Omane
International Centre for Dispute Resolution
April 9, 2007
Page 3

      The agreements that Blackwater is claiming were breached do <u>not</u> contain provisions which would allow an arbitration to proceed on an ex parte basis. Thus, as a conditioned precedent to the instant arbitration proceeding moving forward, Blackwater must first obtain a court order compelling this arbitration. This concept should not be disputed, in that Blackwater filed a Petition to Compel Arbitration in federal court more than three months ago. However, in an effort to obtain a swift and ex parte arbitration award, Blackwater has pushed these proceedings along without obtaining the requested court order compelling the arbitration, and has elicited the ICDR in its efforts. It is highly irregular for an arbitration company, who is supposed to be neutral, to acquiesce to the demands of one party (the party paying the bill) and act in the absence of jurisdiction and prior to the Court ruling on a Petition to Compel the Arbitration.

      Richard P. Nordan hereby demands that the ICDR stay this entire proceeding until there is a decision from the U.S. District Court concerning Blackwater's Petition to Compel these proceedings. Not only is this the ethical and proper thing to do, it will also avoid a tremendous waste of the time of the ICDR and the arbitrators, to the extent that the District Court denies Blackwater's Petition to Compel this Arbitration.

      In addition, in that the ICDR acquiesced to Blackwater's demand that notices not be sent to Mr. Nordan's counsel, despite our office representing him for the past three months, the recent notice concerning the Preliminary Haring is ineffective. As such, we hereby demand that the Preliminary Hearing scheduled for April 16, 2007, be canceled and taken off calendar indefinitely, until such time that the U.S. District Court rules on whether this entire arbitration proceeding is even proper.

      I look forward to the ICDR acting in a neutral and unbiased manner by taking the Preliminary Hearing off calendar and staying this entire proceeding until the point in time in which the District Court rules and it is determined whether the ICDR has jurisdiction over this claim.

CALLAHAN & BLAINE

Mr. Michael Namias
Ms. Brigitte Omane
International Centre for Dispute Resolution
April 9, 2007
Page 4

        Should you have any questions or comments, please do not hesitate to contact me
at any time.

                        Very truly yours,

                        MARC P. MILES

MPM:jsr

cc:    Daniel J. Callahan, Esq.
       Brian J. McCormack
       Richard P. Nordan, Esq.
       David F. Kirby, Esq.
       Michael P. Socarras, Esq.

G:\2525\2525-02\Cor\Namias Omane 040907.wpd

# EXHIBIT 13

**Exhibit 13**

APR. 10. 2007  9:15AM    WALLACE, NORDAN & SARDA ATTY          -        NO. 0945   P. 2

## WALLACE, NORDAN & SARDA, L.L.P.

JOHN R. WALLACE*
PETER J. SARDA
RICHARD P. NORDAN
JOSEPH A. NEWSOME

*ALSO ADMITTED IN FLORIDA

ATTORNEYS AT LAW
GLENWOOD PLAZA
3605 GLENWOOD AVENUE, SUITE 240
RALEIGH, NORTH CAROLINA 27612

MAILING ADDRESS
P.O. BOX 12065
RALEIGH, N.C. 27605
(919) 782-9322

FAX
(919) 782-8113

April 10, 2007

RECEIVED

APR 10 2007

INTERNATIONAL CENTER

VIA FACSIMILE AND US MAIL

Ms. Brigitte Omane
International Case Manager
International Centre for Dispute Resolution
1633 Broadway, 10th Floor
New York, NY 10019

RE:    Blackwater Security Consulting, *et al.* v. Nordan, *ect.*
       Arbitration No..: 05 181 T 00524 06

Dear Ms. Omane:

Please be advised that Callahan & Blaine and Kirby & Holt represent me with respect to the above reference arbitration claim filed by Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively "Blackwater"). For the past three months, Callahan & Blaine has objected to the jurisdiction of the ICDR over Blackwater's claim on my behalf. In addition, both firms jointly filed a Motion to Dismiss Blackwater's petition to compel this arbitration, which is pending in the U.S. District Court for the Eastern District of North Carolina (Northern Division). Please note that the District Court has not granted the petition or otherwise issued any order compelling this arbitration.

However, I note that you recently stopped sending notices to my counsel. Please understand that I am currently, and have always been, represented by these two firms. Please send all correspondence and notices to Callahan & Blaine and Kirby & Holt.

Very truly yours,

Richard P. Nordan

CC:    Marc P. Miles
       David F. Kirby
       Michael P. Socarras

# EXHIBIT 14

# Exhibit 14

## Marc Miles

| | |
|---|---|
| **From:** | Michael Namias [NamiasM@adr.org] |
| **Sent:** | Tuesday, April 10, 2007 8:30 AM |
| **To:** | Marc Miles; Brigitte Omane |
| **Cc:** | David Kirby; Bill Bystrynski; Brian McCormack; MSocarras@mwe.com; Richard Nordan |
| **Subject:** | RE: Blackwater v. Nordan |
| **Attachments:** | ICDR SCAN5292_000.pdf; ICDR SCAN5295_000.pdf; ICDR SCAN5294_000.pdf |

Dear Counsel:

This will acknowledge receipt of attorney Marc P. Miles' correspondence dated April 9, 2007.

Having reviewed the file, I note that Mr. Miles was not copied on the following correspondence:

(1.) letter dated March 30, 2007 from Brigitte Omane regarding the reaffirmation of Hon. William H. Webster.

(2.) letter dated March 30, 2007 from Ms. Omane regarding the removal of Hon. William S. Sessions.

(3.) letter dated April 4, 2007 from Ms. Omane regarding the appointment of Jean E. Kalicki, Esq. as Arbitrator, with Notice of Appointment and Notice of Compensation Arrangements.

(4.) e-mail dated April 5, 2007 from Ms. Omane confirming a conference call on April 16, 2007 at 11:00 a.m ET.

(5.) letter dated April 6, 2007 from Ms. Omane, outlining the proposed agenda for the pre-hearing teleconference on April 16, 2007, with Notice of Preliminary Hearing.

All of the above items are attached hereto in one (1) PDF file. For record keeping purposes, the ICDR has previously determined to *copy* Richard Nordan on all correspondence and communications, as requested by Mr. Socarras. However, the ICDR did not determine to cease corresponding with Callahan & Blaine, APLC. To the extent that Ms. Omane neglected to transmit the attached communications to Callahan & Blaine, APLC, this was an error on our part. We apologize for any inconvenience.

On another note, is it my understanding that the ICDR should copy attorney David F. Kirby, Esq. on all future correspondence and communications? Mr. Kirby, please confirm.

Mr. Miles, the ICDR is without authority to unilaterally adjourn the pre-hearing teleconference or otherwise stay these proceedings. However, you are welcome to submit an application to the Arbitrators for their consideration and determination. Upon receipt, the ICDR will invite the written comments of Claimant. I have attached contact information for each of the Arbitrators, as well as Arbitrator Kalicki's resume.

Best regards,

Michael F. Namias
ICDR - Supervisor
International Centre for Dispute Resolution
The International Division of the American Arbitration Association
1633 Broadway, 10th Floor
New York, NY 10019
U.S.A.
Phone: +01-212-484-4170
Facsimile: +01-212-246-7274

**E-Mail: NamiasM@adr.org**
**Website: www.adr.org/ICDR**

This e-mail transmission is intended only for the use of the person or persons to whom it is addressed. It may contain information that is confidential, privileged or otherwise exempt from disclosure. If you are not the intended recipient you are hereby notified that any dissemination of this e-mail is prohibited. If you have received this e-mail in error please notify the sender by return e-mail and then delete it immediately.

-----Original Message-----
**From:** Marc Miles [mailto:MarcM@callahan-law.com]
**Sent:** Monday, April 09, 2007 10:27 PM
**To:** Brigitte Omane; Michael Namias
**Cc:** David Kirby; Bill Bystrynski; Brian McCormack; MSocarras@mwe.com; Richard Nordan
**Subject:** Blackwater v. Nordan

Attached hereto please find a correspondence of today's date.

_____

Marc P. Miles
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
(714) 241-4444
www.callahan-law.com

4/11/2007

# EXHIBIT 15

# Exhibit 15

 **International Centre
for Dispute Resolution**

Thomas Ventrone
Vice President

April 6, 2007

1633 Broadway, 10th Floor, New York, NY 10019
Telephone: 212-484-4181 Facsimile: 212-246-7274
Internet: http://www.adr.org/ICDR

**VIA E-MAIL ONLY**

Michael P. Socarras, Esq.
McDermott Will & Emery
600 Thirteenth Street, N.W.
Washington, DC 20005-3096

Richard P. Nordan (rnordan@wnslaw.com)
3605 Glenwood Avenue
Suite 240
Raleigh, NC 27612

Re: 50 181 T 00524 06
    Blackwater Security Consulting, LLC & Blackwater
    Lodge and Training Center, Inc.
    vs
    Richard P. Nordan

Dear Parties:

This is to advise you the preliminary hearing in the above matter will be held on **April 16, 2007 at 11am
ET**, per the enclosed Notice of Preliminary Hearing.

This is a proposed agenda of the Preliminary Hearing. Please note the following items are primarily for
scheduling purposes and to structure the arbitration:

1. Brief presentation by the parties of claim and counterclaim, if any, to disclose the complexity
   and magnitude of the matter;

2. Discussion of the parties' preparation of a stipulation of uncontested facts;

3. Discussion regarding the need for the exchange of information and documents as well as
   further written statements and/or briefs;

4. Discussion regarding the form of the award, including confirmation if a reasoned award is
   requested; and

5. Discussion regarding any additional necessary items.

In certain cases the parties may also be in a position to discuss the following matters:

6. Arrangements for the advance filing of exhibits. The parties are encouraged to agree upon
   and submit a consolidated set of joint exhibits. Each party shall also exchange and submit one
   set of exhibits to the tribunal with a cover letter to the ICDR confirming exhibits sent to the
   Arbitrators, by on or before the date set by the tribunal;

*A Division of the American Arbitration Association*

7.  Discussion regarding the list of witnesses and the nature of their testimony;

8.  Discussion regarding the estimated length and scheduling of hearing;

9.  Discussion regarding the necessity of a court reporter and / or a language translator;

The American Arbitration Association has hearings rooms at many of its offices. The undersigned will be able to answer your questions regarding room availability, special equipment needs and fees.

Representatives should have their calendars available, as well as their client's calendar, to ensure availability and establish deadlines. The hearing on the merits will be scheduled during the preliminary hearing.

The ICDR will initiate the conference call through Conference America.

If for any reason you will not be at the number we have on file, or if you get disconnected please dial in to the conference call by using the following telephone number and security code:

Telephone: 1-877-270-2157
Security Code: OMANE

Each party has been billed **$5,900.00** as a deposit to cover the arbitrator's study and preparation time for this preliminary hearing, and payment is to be received by the ICDR no later than , per the attached invoice. Please also note that duplicate invoices are generated automatically every 30 days from our accounting department until the balance is paid.

At the conclusion of the preliminary hearing, the parties' representatives and the Case Manager will discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

.If you have any questions, please do not hesitate to contact me.

Sincerely,


Brigitte Omane
International Case Manager
212 484 4036
OmaneB@adr.org

Michael Namias
ICDR Supervisor
212 484 4170
NamiasM@adr.org

cc:     Edward Dreyfus, Esq.
        Hon William H. Webster
        Jean E. Kalicki, Esq.

 **International Centre for Dispute Resolution**

Thomas Ventrone
Vice President

1633 Broadway, 10th Floor, New York, NY 10019
Telephone: 212-484-4181 facsimile: 212-246-7274
Internet: http://www.adr.org/ICDR

## Notice of Preliminary Hearing

April 6, 2007

**VIA ELECTRONIC MAIL ONLY**

Michael P. Socarras, Esq.
McDermott Will & Emery
600 Thirteenth Street, N.W.
Washington, DC 20005-3096

Richard P. Nordan (rnordan@wnslaw.com)
3605 Glenwood Avenue
Suite 240
Raleigh, NC 27612

Re: 50 181 T 00524 06
    Blackwater Security Consulting, LLC & Blackwater
    Lodge and Training Center, Inc.
    vs
    Richard P. Nordan

PLEASE TAKE NOTICE that a preliminary hearing in the above-entitled arbitration will be held as follows:

| | |
|---|---|
| Date: | April 16, 2007 |
| Time: | 11:00 AM |
| Before: | Edward Dreyfus, Esq.<br>Hon William H. Webster<br>Jean E. Kalicki, Esq. |

NOTE: The call will be initiated by the ICDR on that date and Conference America will dial the parties directly. Please be prepared to participate promptly. In the event you need to dial in to said call, please use the following number and security code: 877-270-2157, OMANE.

Please be prepared to participate promptly.

NOTICE: The arbitrators have arranged their schedule and reserved the above date to participate in this conference call for the convenience of the parties. Therefore, every effort should be made to participate on the date scheduled.

cc:    Edward Dreyfus, Esq.
       HON William H. Webster
       Jean E. Kalicki, Esq.

*A Division of the American Arbitration Association*