# EXHIBIT 1

Dockets.Justia.com



# The North Carolina State Bar
Grievance Committee

James R. Fox, Chair
208 Fayetteville St. (27601)
Post Office Box 25908
Raleigh, North Carolina 27611
Telephone (919) 828-4620
Fax: (919) 834-8156
Web: www.ncbar.gov

FEB 26 2007

Marc P. Miles,
Attorney at Law
3 Hutton Centre Dr., Ste 900
Santa Ana, CA 92707

**LETTER OF WARNING**

Re:   Grievance of the North Carolina State Bar
      Our File No.: 06G0470

Dear Mr. Miles:

At its regular quarterly meeting on January 18, 2007 the Grievance Committee of the North Carolina State Bar considered the grievance filed against you in the above-mentioned matter. Following its deliberations, the Committee did not find probable cause to justify imposing discipline and dismissed the grievance. Nevertheless, the Committee determined that your conduct constituted an unintentional, minor, or technical violation of the Rules of Professional Conduct which may be the basis of discipline if continued or repeated and hereby issues this letter of warning to you.

First, the Committee would like to point out that Rule 3.6, Trial Publicity, does apply to matters in pretrial status. At the time you made statements to the media the underlying merits of the complaint filed in state court had not been tried before any court. The issue that was on appeal was a jurisdiction question regarding which court the case should be tried in, state or federal. Therefore, at the time you made statements to the media no trial had been held to determine the merits of the complaint. Thus, there was a possibility that any statements made to the media could violate Rule 3.6, notwithstanding the stay of the state court action.

Second, the North Carolina Court of Appeals and the Supreme Court have stated that lawyers are prohibited from calling a witness a liar. Rule 3.4(e), Fairness to Opposing Party and Counsel, prohibits a lawyer from stating his personal opinion as to... the credibility of a witness.... You should therefore not use the word "lied" as it is offensive and is likely to have a substantial likelihood of materially prejudicing the adjudicatory proceeding.

Pursuant to section .0113(j) of the Discipline & Disability Rules of the North Carolina State Bar, you are hereby advised that the letter of warning will be deemed accepted by you if you do not file a written rejection of the letter of warning within fifteen days of service of the letter of warning upon you. To reject the letter of warning, you must indicate your rejection on the enclosed form and send it to the Office of

Counsel of the North Carolina State Bar at P.O. Box 25908, Raleigh, N.C. 27611 by certified mail.

If you do not reject the letter of warning, a copy of the letter of warning will be maintained in the N.C. State Bar's files for three years. A copy of the letter of warning may be introduced into evidence in any formal disciplinary hearing commenced against you in the next three years and the Grievance Committee may also be informed of the letter of warning if any other grievances are filed against you within three years after service of the letter of warning upon you. The complainant will be notified that the Committee dismissed this grievance, but that you were warned.

If you reject the letter of warning, counsel will be instructed to prepare and file a complaint against you with the Disciplinary Hearing Commission of the North Carolina State Bar. The hearing before the Disciplinary Hearing Commission is public and all of its proceedings and its decisions are public.

This the 22nd day of February, 2007.

James R. Fox
Chair, Grievance Committee
The North Carolina State Bar

JRF/npm