Blackwater Security Consulting, LLC et al v Nordan							Doc. 27 Att. 4

# EXHIBIT 4

Dockets.Justia.com

Westlaw.

Not Reported in F.Supp.2d                                                                                    Page 1

Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Hayes v. Illinois Cent. R. Co.
N.D.Miss.,2000.
Only the Westlaw citation is currently available.
United States District Court, N.D. Mississippi, Delta Division.
Annie M. **HAYES**, Wrongful Death Beneficiary of John W. Washington, a/k/a John W. **Hayes**, Deceased Plaintiff
v.
**ILLINOIS CENTRAL** RAILROAD COMPANY, C.R. Martin and Bunge Corporation Defendants
No. 2:99CV95-B-B.

Feb. 10, 2000.

*Memorandum Opinion*
BIGGERS, Chief J.
*1 This cause comes before the court on the plaintiff's motion to remand and motion to dismiss without prejudice. The court has duly considered the parties' memoranda and exhibits and is ready to rule.

The plaintiff brought this wrongful death action in state court against Illinois Central Railroad Company [Illinois Central] and C.R. Martin for negligence resulting in the collision between an Illinois Central train and the decedent's vehicle. Illinois Central and Martin removed this action on the ground of diversity jurisdiction alleging fraudulent joinder of Martin "whose presence would otherwise defeat diversity." The notice of removal alleges that the decedent was a citizen of the state of Tennessee,[FN1] Martin is a citizen of Mississippi, and Illinois Central "is a citizen of another state." [FN2] The notice of removal incorrectly alleges that Martin's Mississippi citizenship, if considered, defeats diversity of citizenship. In fact, Martin is a diverse defendant since the plaintiff is not a Mississippi citizen.

FN1. The complaint alleges that the plaintiff is a citizen of Tennessee. *See* 28 U.S.C. 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Therefore, it is undisputed that the plaintiff is a Tennessee citizen.

FN2. The court finds that the jurisdictional allegation of Illinois Central's corporate citizenship is inadequate. *See Getty Oil Corp., Div. Of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1259 (5th Cir.1998) (citations omitted). However, the diversity between the plaintiff and Illinois Central is undisputed.

The plaintiff timely moved to remand on the ground that Martin's citizenship precludes removal under 28 U.S.C. § 1441(b). Section 1441(b) provides that a diversity action
shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

It is well settled that removal jurisdiction based on diversity is more limited than original jurisdiction based on diversity.[FN3] *E .g., Hartford Acc. & Indem. v. Costa Lines Cargo Serv.,* 903 F.2d 352, 358 n. 6 (5th Cir.1990) ("Under 28 U.S.C. § 1441(b), even where an action could have been originally brought in federal court, the defendant may not remove the state action to federal court if the defendant is a citizen of the state in which the action was filed.") [FN4] The removing defendants [FN5] fail to address the local defendant limitation on removal jurisdiction not only in the notice of removal but also in their memoranda and continue to erroneously argue that Martin's citizenship should be disregarded for diversity purposes. Since Martin is a Mississippi citizen, i.e., citizen of the forum state, the issue properly raised in the instant motion to remand is whether the court has removal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 2
Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.2d)**

jurisdiction, as opposed to original jurisdiction.

> FN3. 28 U.S.C. § 1441(a) provides in part: Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants ...
> (Emphasis added).
>
> FN4. *See* 14B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723 & n. 10 at 564-65 (3d ed.1998).
>
> FN5. Bunge Corporation, added as a diverse defendant after removal, joined the opposition to the plaintiff's motion to remand, as well as the plaintiff's motion to dismiss. The defendants oppose the motion to dismiss and, in the alternative, request that certain conditions be placed on the dismissal: assessment of attorney's fees, costs and expenses and prohibition of re-filing in state court.

The plaintiff initially alleged that Martin, an Illinois Central employee, operated the train at an excessive rate of speed and otherwise operated the train in a careless and negligent manner. The United States Magistrate Judge stayed "all discovery in this matter not relevant to the remand issue ... pending the Court's ruling on the Motion to Remand." The plaintiff was granted extensions of time to submit a rebuttal memorandum in support of the motion to remand for the purpose of conducting limited discovery. In lieu of a rebuttal memorandum, the plaintiff filed a motion to dismiss without prejudice. The plaintiff asserts that, as a result of discovery, she has concluded that Martin was incorrectly identified on the accident report as the engineer operating the train at the time of the accident, that the train was traveling within the posted speed limit [FN6] and that the whistle was apparently sounded prior to the accident.[FN7] The plaintiff filed an amended complaint alleging that Bunge Corporation

> FN6. In opposition to the motion to remand, the defendants argued that the excessive train speed claim against Martin is barred by federal preemption in that the train was traveling at a rate of speed less than the Federal Railroad Administration speed limit.
>
> FN7. In opposition to the motion to remand, the defendants submitted the affidavit of Mark Carter, Illinois Central Supervisor of Locomotive Engineers operating the train at the time of the accident, stating that the train's horn was properly sounded at the crossing.

*2 was negligent for locating box cars on a secondary track in such a fashion so as to obstruct the view of oncoming traffic and to activate the cross arms for an extended period of time, thereby giving a false warning for an extended period of time.

In support of the motion to dismiss, the plaintiff states that she has discovered that Illinois Central placed the boxcars on the storage track at the Bunge facility, that the boxcars activated the cross-arms and lights, and that Don Domingue, the manager of the Bunge facility, saw that the cross-arms were activated by the empty boxcars. The plaintiff asserts that since her theory has substantially changed, she opted to move for a voluntary dismissal.[FN8] The plaintiff intends to re-file this action in state court against Illinois Central, Bunge Corporation and Don Domingue, alleging that Illinois Central negligently placed empty boxcars on the storage track, causing the island circuit to be activated, and negligently installed the island circuit device and markers, causing faulty activation of the island circuit, that Domingue negligently failed to instruct Bunge Corporation personnel to move the cars so as to de-activate the island circuit and that that Bunge Corporation and Domingue negligently allowed the placement of the boxcars to obstruct the motorists' view.

> FN8. The plaintiff intends to withdraw the motion to dismiss and move to amend and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.2d)**

to remand if the court is inclined to assess costs and attorney's fees, as requested by the defendants. *See Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.,* 904 F.2d 298, 301 (5th Cir.1990) ( "Ordinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous.").

The defendants contend that the claims against Domingue are the only new allegations and that Domingue is an unnecessary party since Bunge Corporation is responsible for its employees' negligence under the *respondeat superior* doctrine. The court finds that the plaintiff has the right to seek recovery from Domingue, as well as Bunge Corporation, just as the plaintiff chose originally to name Martin, as well as Illinois Central. The defendants do not assert that there is no possibility of a viable claim against Domingue. [FN9] The defendants assert that the plaintiff moves for dismissal in order to avoid an adverse ruling on the instant motion to remand. However, denial of the instant motion to remand [FN10] would not preclude the filing of a state court action.

> FN9. The possibility of recovery against a particular defendant is the test for fraudulent joinder. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992) ("In evaluating fraudulent joinder claims ... [w]e are ... to determine whether [the non-removing party] has any possibility of recovery against the party whose joinder is questioned."), *cited in Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995).

> FN10. If Martin is fraudulently joined, his citizenship would be disregarded for purposes of section 1441(b).

The defendants further contend that the motion to dismiss is an attempt to circumvent the balancing test used in determining whether post-removal joinder of a nondiverse defendant should be allowed. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987) (balancing the diverse defendant's interest in a federal forum against the undesirability of parallel federal and state actions). 28 U.S.C. § 1447(e) provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

(Emphasis added). Violation of the no-local-defendants rule is a procedural or nonjurisdictional defect. *Coury v. Prot,* 85 F.3d 244, 252 (5th Cir.1996) (noncompliance with 28 U.S.C. § 1441(b) is a waivable defect under 28 U.S.C. § 1447(c) [FN11]); *In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991), *cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992). Joinder of Domingue would not destroy subject matter jurisdiction and therefore would not invoke section 1447(e). Even if the court were to apply the balancing test, it is clear that the plaintiff's intention to bring an action against Domingue is not for the purpose of destroying diversity. *Hensgens,* 833 F.2d at 1182 ("the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction").

> FN11. 28 U.S.C. § 1447(c) provides in part:
> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). (Emphasis added).

*3 This cause is distinguishable from the typical case in which the plaintiff seeks to add a defendant; the plaintiff, in effect, seeks to substitute, Domingue for Martin, both of whom are Mississippi citizens. Had the plaintiff known of the particular circumstances at the subject railroad crossing, as well as the train's rate of speed, upon the commencement of this action in state court, the plaintiff would have named Domingue, instead of Martin, as the original individual defendant in state court. Since the plaintiff was unaware of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 4
Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.2d)**

Domingue's involvement without the benefit of discovery and since the defendants erroneously insist that Domingue's joinder is impermissible on the ground that it is intended to destroy diversity, [FN12] the court would be inclined to allow Domingue's joinder. However, there would be no statutory basis for remand.[FN13] There is no statutory provision providing for post-removal joinder of a local diverse defendant and remand. *Cf.* 28 U.S.C. § 1447(e).

>   FN12. The defendants incorrectly identify Domingue, a Mississippi citizen, as well as Martin, as a nondiverse defendant:
>   The Plaintiff's Motion [to dismiss] should be viewed for what it is: An 'end-run' effort to add a non-diverse nonindispens[a]ble party in a federal diversity action in order to defeat diversity.
>   *See* Defendants' rebuttal memorandum at 5. Complete diversity of citizenship existed at the time of removal and would continue to exist if Domingue were joined as a defendant.
>
>   FN13. The no local defendants rule under section 1441(b) applies to only defendants "properly joined and served" at the time of removal. Removability of a state court action under section 1441(b) is determined as of the time of removal. *See Zaini v. Shell Oil Co.,* 853 F.Supp. 960, 963 (S.D.Tex.1994) (citizenship of defendants not yet served with process at the time of removal, although considered for purposes of diversity, is disregarded for purposes of section 1441(b)); *Windac Corp. v. Clarke,* 530 F.Supp. 812, 813-14 (D.Neb.1982) (" When a defendant has not been 'served' [at the time removal is effected], citizenship in the forum state does not defeat removal jurisdiction.").

Removed actions have been dismissed without prejudice to allow the plaintiff to start anew in state court. *E.g., O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639 (W.D.Mo.1989) (allowing dismissal as an alternative to § 1447(e) amendment and remand); [FN14] *Grivas v. Parmelee Transp.,* 207 F.2d 334(7th Cir.1953), *cert. denied,* 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069 (1954) (allowing the possibility of voluntary dismissal of a pre- § 1447(e) action in which the plaintiff discovered after removal a possible claim against a nondiverse person). *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 & n. 23 at 287 (2d ed.1995). Dismissal without prejudice pursuant to Rule 41(a)(2) [FN15] of the Federal Rules of Civil Procedure is discretionary. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976) (citation omitted).

>   FN14. *Cited in Moore v. Interstate Fire Ins. Co.,* 717 F.Supp. 1193 (S.D.Miss.1989) (denying plaintiff's motion to dismiss action removed on the ground of fraudulent joinder of a nondiverse defendant). The court reasoned:
>   This is not a situation in which the plaintiff has expressed a desire to name an additional defendant ... but rather a case in which she has already attempted to state a claim against the resident defendant but has failed to do so.
>   *Id.* at 1198. In *Moore* the court observed that the plaintiff moved to dismiss without prejudice "[a]pparently anticipating at least the possibility of an adverse ruling on her motion for remand." *Id.* at 1197.
>
>   FN15. Fed.R.Civ.P. 41(a)(2) provides in part:
>   an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Since this action, with the exception of discovery relevant to the remand issue, was stayed pending the ruling on the instant motion to remand, the court finds that dismissal for the purpose of re-filing in state court would not unduly prejudice the defendants. The defendants concede that the prospect of a second lawsuit alone does not constitute legal prejudice [FN16] but assert that the collective discovery conducted in this action and in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 5
Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)
**(Cite as: Not Reported in F.Supp.2d)**

a declaratory judgment brought by Illinois Central and Martin to protect indemnity rights against Bunge Corporation is "virtually complete on liability issues." [FN17] The plaintiff suggests that all the discovery in this action and the indemnity action could be used in the state court action, thereby preventing additional expense.[FN18] The defendants assert that the discovery conducted in the indemnity action has been furnished to the plaintiff. Similarly, the court finds that there is no reason to duplicate the discovery obtained in either action for use in state court. Therefore, the court will grant the plaintiff's motion to dismiss without prejudice on the condition offered by the plaintiff, i.e., that all discovery conducted to date be available for use in state court.[FN19]

>   FN16. *Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976) (quoting *Holiday Queen Land Corp. v. Baker,* 489 F.2d 1031, 1032 (5th Cir.1974)).
>
>   FN17. *See* Defendants' memorandum in opposition to the motion to dismiss at 6.
>
>   FN18. "[M]ere litigation cost in and of itself [will not] amount to legal prejudice." *Yoffe v. Keller Indus., Inc.,* 580 F.2d 126, 129-31 (5th Cir.1978), *cert. denied,* 440 U.S. 915, 99 S.Ct. 1231, 59 L.Ed.2d 464 (1979).
>
>   FN19. The instant motion to remand will be denied as moot.

*4 An order will issue accordingly.

N.D.Miss.,2000.
Hayes v. Illinois Cent. R. Co.
Not Reported in F.Supp.2d, 2000 WL 33907691 (N.D.Miss.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.