# EXHIBIT 7

Search ▶
Checkout ▶
AAA *ONLINE* Assistant ▶

| ABOUT US | DISPUTE RESOLUTION SERVICES | FILE A CASE | EDUCATION | NEUTRALS | CONTACT US |

HOME
PRINT VERSION

International Dispute Resolution PROCEDURES
(Including Mediation and Arbitration Rules)
Amended and Effective 1 May, 2006
Click here to view the summary of the rules change.

TABLE OF CONTENTS

INTERNATIONAL DISPUTE RESOLUTION PROCEDURES

INTRODUCTION
International Mediation
International Arbitration

INTERNATIONAL MEDIATION RULES
M-1. Agreement of Parties
M-2. Initiation of Mediation
M-3. Requests for Mediation
M-4. Appointment of the Mediator
M-5. Qualifications of the Mediator
M-6. Vacancies
M-7. Representation
M-8. Date, Time and Place of Mediation
M-9. Identification of Matters in Dispute
M-10. Authority of the Mediator
M-11. Privacy
M-12. Confidentiality
M-13. No Stenographic Record
M-14. Termination of Mediation
M-15. Exclusion of Liability
M-16. Interpretation and Application of Rules
M-17. Expenses
M-18. Language


ADMINISTRATIVE FEES

INTERNATIONAL ARBITRATION RULES


R-1. Commencing the Arbitration

There shall be no stenographic record of the mediation process.

M-14. Termination of Mediation

The mediation shall be terminated:

   (a) by the execution of a settlement agreement by the parties;

   (b) by a written declaration of the mediator to the effect that further efforts at mediation are no longer worthwhile; or

   (c) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

M-15. Exclusion of Liability

Neither the ICDR nor any mediator is a necessary party in judicial proceedings relating to the mediation.

Neither the ICDR nor any mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

M-16. Interpretation and Application of Rules

The mediator shall interpret and apply these rules insofar as they relate to the mediator's duties and responsibilities. All other rules shall be interpreted and applied by the ICDR.

M-17. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including required traveling and other expenses of the mediator and representatives of the ICDR, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the mediator, shall be borne equally by the parties unless they agree otherwise.

M-18 Language

If the parties have not agreed otherwise, the language(s) of the mediation shall be that of the documents containing the mediation agreement.

ADMINISTRATIVE FEES

The nonrefundable case set-up fee is $325 per party. In addition, the parties are responsible for compensating the mediator at his or her published rate, for conference and study time (hourly or per diem).

All expenses are generally borne equally by the parties. The parties may adjust this arrangement by agreement.

Before the commencement of the mediation, the ICDR shall estimate anticipated total expenses.

Each party shall pay its portion of that amount as per the agreed upon arrangement. When the mediation has terminated, the ICDR shall render an accounting and return any unexpended balance to the parties.

INTERNATIONAL ARBITRATION RULES

Article 1

1. Where parties have agreed in writing to arbitrate disputes under these International Arbitration Rules or have provided for arbitration of an international dispute by the International Centre for Dispute Resolution or the American Arbitration Association without designating particular rules, the arbitration shall take place in accordance with these rules, as in effect at the date of commencement of the

arbitration, subject to whatever modifications the parties may adopt in writing.

2. These rules govern the arbitration, except that, where any such rule is in conflict with any provision of the law applicable to the arbitration from which the parties cannot derogate, that provision shall prevail.

3. These rules specify the duties and responsibilities of the administrator, the International Centre for Dispute Resolution, a division of the American Arbitration Association. The administrator may provide services through its Centre, located in New York, or through the facilities of arbitral institutions with which it has agreements of cooperation.

R-1. Commencing the Arbitration

Notice of Arbitration and Statement of Claim

Article 2

1. The party initiating arbitration ("claimant") shall give written notice of arbitration to the administrator and at the same time to the party against whom a claim is being made ("respondent").

2. Arbitral proceedings shall be deemed to commence on the date on which the administrator receives the notice of arbitration.

3. The notice of arbitration shall contain a statement of claim including the following:

   (a) a demand that the dispute be referred to arbitration;

   (b) the names, addresses and telephone numbers of the parties;

   (c) a reference to the arbitration clause or agreement that is invoked;

   (d) a reference to any contract out of or in relation to which the dispute arises;

   (e) a description of the claim and an indication of the facts supporting it;

   (f) the relief or remedy sought and the amount claimed; and

   (g) may include proposals as to the means of designating and the number of arbitrators, the place of arbitration and the language(s) of the arbitration.

4. Upon receipt of the notice of arbitration, the administrator shall communicate with all parties with respect to the arbitration and shall acknowledge the commencement of the arbitration.

Statement of Defense and Counterclaim

Article 3

1. Within 30 days after the commencement of the arbitration, a respondent shall submit a written statement of defense, responding to the issues raised in the notice of arbitration, to the claimant and any other parties, and to the administrator.

2. At the time a respondent submits its statement of defense, a respondent may make counterclaims or assert setoffs as to any claim covered by the agreement to arbitrate, as to which the claimant shall within 30 days submit a written statement of defense to the respondent and any other parties and to the administrator.

3. A respondent shall respond to the administrator, the claimant and other parties within 30 days after the commencement of the arbitration as to any proposals the claimant may have made as to the number of arbitrators, the place of the arbitration or the language(s) of the arbitration, except to the extent that the parties have previously agreed as to these matters.

1. If the parties disagree as to the place of arbitration, the administrator may initially determine the place of arbitration, subject to the power of the tribunal to determine finally the place of arbitration within 60 days after its constitution. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

2. The tribunal may hold conferences or hear witnesses or inspect property or documents at any place it deems appropriate. The parties shall be given sufficient written notice to enable them to be present at any such proceedings.

Language

Article 14

If the parties have not agreed otherwise, the language(s) of the arbitration shall be that of the documents containing the arbitration agreement, subject to the power of the tribunal to determine otherwise based upon the contentions of the parties and the circumstances of the arbitration. The tribunal may order that any documents delivered in another language shall be accompanied by a translation into the language(s) of the arbitration.

Pleas as to Jurisdiction

Article 15

1. The tribunal shall have the power to rule on its own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

2. The tribunal shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the tribunal that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

3. A party must object to the jurisdiction of the tribunal or to the arbitrability of a claim or counterclaim no later than the filing of the statement of defense, as provided in Article 3, to the claim or counterclaim that gives rise to the objection. The tribunal may rule on such objections as a preliminary matter or as part of the final award.

Conduct of the Arbitration

Article 16

1. Subject to these rules, the tribunal may conduct the arbitration in whatever manner it considers appropriate, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.

2. The tribunal, exercising its discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute. It may conduct a preparatory conference with the parties for the purpose of organizing, scheduling and agreeing to procedures to expedite the subsequent proceedings.

3. The tribunal may in its discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

4. Documents or information supplied to the tribunal by one party shall at the same time be communicated by that party to the other party or parties.

Further Written Statements

Article 17

1. The tribunal may decide whether the parties shall present any written statements in addition to statements of claims and counterclaims and statements of defense, and it shall fix the periods of time for submitting any such statements.

2. The periods of time fixed by the tribunal for the communication of such written statements should not exceed 45 days. However, the tribunal may extend such time limits if it considers such an extension justified.