Blackwater Security Consulting, LLC et al v Nordan
Case 2:06-cv-00049-F   Document 27-14   Filed 05/10/2007   Page 1 of 6
Doc. 27 Att. 13

# EXHIBIT 12

Dockets.Justia.com

LEXSEE 2006 US DIST LEXIS 62577

DARLENE LUTCH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DENISE P. KIRKPATRICK, DECEASED, Plaintiff, v. HUFFY CORPORATION; HUFFY BICYCLE COMPANY; HUFFY SERVICE SOLUTIONS, INC., Defendants.

CIVIL ACTION NO. 04-66J

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2006 U.S. Dist. LEXIS 62577

August 31, 2006, Decided
September 1, 2006, Filed

**COUNSEL:** [*1] For DARLENE LUTCH, individually and as administrator of the ESTATE OF DENISE P KIRKPATRICK, deceased, Plaintiff: Quinn A. Johnson, Thomas A. Berret. , Meyer, Unkovic & Scott, Pittsburgh, PA.

For HUFFY CORPORATION, HUFFY BICYCLE COMPANY, Defendants: John P. Miller, William J. Wyrick, LeBoeuf, Lamb, Greene & MacRae, Pittsburgh, PA; Thomas P. Birris, Marshall, Dennehey, Warner, Coleman & Goggin, Pittsburgh, PA.

**JUDGES:** KIM R. GIBSON, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** KIM R. GIBSON

**OPINION:**

MEMORANDUM OPINION and ORDER OF COURT

GIBSON, J.

SYNOPSIS

This matter comes before the Court on Darlene Lutch's (hereinafter "Lutch") Motion to Amend and Certify Orders for Interlocutory Appeal (Document No. 21). This Motion has been filed pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3). For the reasons stated herein, Lutch's Motion is denied.

BACKGROUND

Lutch is the sister of the late Denise P. Kirkpatrick (hereinafter "Kirkpatrick"), and the personal representative of her estate. Document No. 21, p. 1. She alleges that, on May 3, 2003, Kirkpatrick was riding a Huffy [*2] Micro DLX Suspension Kick Scooter down a grade. Document No. 21, pp. 1-2. Lutch further alleges that when Kirkpatrick attempted to apply the brakes, they did not work properly, causing Kirkpatrick to be thrown from the scooter and onto the roadway. Document No. 21, p. 2. Kirkpatrick died as a result of a head injury sustained in the May 3, 2003 incident. Document No. 21, p. 2.

On March 5, 2004, Lutch commenced suit against Huffy Corporation, Huffy Bicycle Company and Huffy Service Solutions (hereinafter collectively referred to as "Huffy") in the Court of Common Pleas of Cambria County, Pennsylvania for the wrongful death of Kirkpatrick. Document No. 21, p. 2. In her Complaint, Lutch alleged that the scooter was defective because it lacked adequate warnings and instructions, lacked an adequate breaking system, and was not properly tested. Document No. 22, p. 2. On March 30, 2004, Huffy removed the case to this Court pursuant to 28 U.S.C. § 1441. Document No. 1.

On October 20, 2004, Huffy filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of Ohio. Document No. 23, p. 2. As a result, [*3] all proceedings in the instant case were automatically stayed pursuant to 11 U.S.C. § 362(a). Document No. 22, p. 2.

During the initial stages of the discovery process, prior to the bankruptcy stay going into effect, Lutch learned that the scooter may have been manufactured and/or assembled by one or more of a number of Chinese

Case 2:06-cv-00049-F    Document 27-14    Filed 05/10/2007    Page 3 of 6

Page 2
2006 U.S. Dist. LEXIS 62577, *

entities. Document No. 22, p. 3. These entities included: HL Corp.; Hsin Lung Accessories Co., Ltd.; Hsin Lung Accessories (Shenzhen) Co., Ltd.; Hsin Lung Corp. (Shenzhen) Co.; Ltd.; HL China Corp. (Taichang); HL China a/k/a HL China/Kalin Industrial Co., Ltd.; and Shenzhen Kalin Co., Ltd. Document No. 22, p. 3. Apparently, Lutch also learned that the Chinese entity responsible for manufacturing or assembling the scooter had agreed to provide insurance coverage to Huffy for any claims resulting from alleged defects in these products. Document No. 22, p. 3.

On April 25, 2005, Lutch filed a Motion for Relief from Stay with the Bankruptcy Court. Document No. 21, p. 2. This motion was filed for the limited purpose of obtaining documents related to any insurance coverage provided to Huffy by the Chinese entities. Document No. 21, p. 2. The [*4] motion was granted by the Bankruptcy Court, and Huffy proceeded to give Lutch a copy of the certificate of insurance naming Huffy as an additional insured vendor under a policy issued by the Illinois Union Insurance Company and the Lexington Insurance Company. Document No. 22, Exhibit A. After determining the extent of the insurance coverage, Lutch filed another Motion for Relief from Stay with the Bankruptcy Court on August 5, 2005. Document No. 22, p. 4. On August 30, 2005, U.S. Bankruptcy Judge Lawrence S. Walter entered an "Agreed Order Partially Granting Motion of Darlene Lutch for Relief from the Automatic Stay Provision of the Bankruptcy Code." Document No. 22, Exhibit C. The Agreed Order stated, in pertinent part, as follows:

> 1. For the limited purposes set forth herein, the automatic stay of the Action afforded by 11 U.S.C. § 362 shall be, and hereby is, lifted so that Lutch may proceed to adjudicate her claims which are the subject of the Action against Defendants with the understanding that recovery, if any, against the Defendants, will be limited to any amounts recoverable under the Policy or the Certificate policy limits and any other applicable [*5] insurance policy provided to the Debtors under which any Defendant is an insured.
>
> 2. The Automatic Stay provision of 11 U.S.C. § 362 shall, and hereby does, remain in full force and effect for all other purposes including, but not limited to, any action undertaken by Lutch regarding the Action, which would require any payment by the Defendant of any self-insured retention under any insurance policy or cause the Debtors to incur costs to defend the Action.

Document No. 22, p. 3. Lutch filed a Notice of Relief from Stay in this Court on October 7, 2005. Document No. 13. During the next few months, Lutch's attorney sent letters to Huffy's litigation counsel, Huffy's bankruptcy counsel, the Bankruptcy Trustee and the Chinese entities' counsel requesting that the defense of Lutch's suit be tendered to the insurance company. Document No. 22, p. 5. In a November 30, 2005 letter to Illinois Union and Lexington, Lutch's attorney stated that, if the suit was not defended, a default judgment would be pursued against Huffy, and that the amount of the judgment would be collected from the insurance coverage. Document No. 22, Exhibit E, p. 5.

Apparently, Lutch's [*6] attempts to get Huffy's defense to be tendered and accepted by the insurance carrier were unsuccessful. On January 16, 2006, she served her Requests for Admissions on Huffy. Document No. 23, p. 3. Huffy believed that this action by Lutch constituted a violation of the Agreed Order because it would have required Huffy to incur the costs associated with responding to Lutch's Requests for Admission. Therefore, Huffy filed a Motion for Protective Order in this Court on February 14, 2006. Document No. 14. This Court granted the motion on March 9, 2006. Document No. 17. This Court's March 9, 2006 Order determined that Lutch's Requests for Admissions were deemed withdrawn and that Huffy would not be required to respond to them. Document No. 17. This Court further ordered Lutch not to serve upon Huffy any further pleadings, motions or discovery requests which would force Huffy to incur the costs incident to a response. Document No. 17. Finally, the Court directed Huffy "to submit an invoice for fees associated with the preparation and presentation of the Motion for Protective Order for consideration by the Court as to the reasonableness thereof and issuance of a separate Order directing the [*7] amount to be paid by Plaintiff's counsel." Document No. 17. Huffy proceeded to file a Motion for Attorneys' Fees on May 11, 2006, seeking an award of $ 3,630.65. Document No. 18. On June 1, 2006, this Court ordered Lutch to pay Huffy $ 1,796.25 for the costs associated with the Motion for Protective Order. Document No. 20.

On June 30, 2006, Lutch filed a Motion to Amend and Certify Orders for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). n1 Document No. 21. The Orders which Lutch seeks to appeal are this Court's Orders granting Huffy's Motion for Protective Order and Motion for Attorneys' Fees. Document Nos. 17 and 20.

> n1 Huffy contends that Lutch violated Local Rules 7.1 and 37.1 in failing to make a reasonable effort to reach an agreement with Huffy "on the matters set forth in the motion and to attach a discovery dispute certificate to the motion." Document No. 23, p. 6. Huffy argues that the Clerk erred in accepting Lutch's motion for filing, and that the Court should dismiss it on the basis of Local Rules 7.1 and 37.1. Nevertheless, because of developments subsequent to the filing of the motion, the Court is convinced that the orders which Lutch seeks to challenge on interlocutory appeal are no longer within the criteria outlined in 28 U.S.C. § 1292(b). Consequently, there is no need for the Court to concern itself with remedying the alleged violation of the Local Rules.

[*8]

### ANALYSIS

The statutory provisions at issue in the instant matter are those that govern the appellate jurisdiction of the Courts of Appeal. Under 28 U.S.C. § 1291, the U.S. Court of Appeals for the Third Circuit has jurisdiction to entertain appeals from "final decisions" of this Court. The parties to the instant case agree that this Court's Protective Order and award of attorneys' fees do not constitute "final decisions" within the meaning of the jurisdictional statute. Instead, Lutch is seeking to appeal this Court's interlocutory decisions pursuant to 28 U.S.C. § 1292(b). This provision states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit [*9] an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Neither of the orders of this Court at issue in this case contain the statement referred to in the statute. Therefore, at the present time, the Court of Appeals is without jurisdiction to entertain the interlocutory appeal sought by Lutch. Lutch asks this Court to amend its prior orders to include the statement described in the statute, thereby allowing her to pursue a discretionary appeal at this juncture. Her request is before the Court pursuant to Federal Rule of Appellate Procedure 5(a)(3), which states as follows:

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include [*10] the required permission or statement. In that event, the time to petition runs from entry of the amended order.

Federal Rule of Appellate Procedure 5(a)(3).

Earlier this year, in *Will v. Hallock,* 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006), the U.S. Supreme Court observed that 28 U.S.C. § 1291 embodies "substantial finality interests" that are meant to further "judicial efficiency" and the "sensible policy of avoiding the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise." *Will,* 546 U.S. 345, 126 S. Ct. at 957, 163 L. Ed. 2d at 845. In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Supreme Court explained:

> The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), was enacted to meet the recognized need for prompt review of certain nonfinal orders. However, Congress carefully confined the availability of such review. Nonfinal orders could never [*11] be appealed as a matter of right. Moreover, the discretionary power to permit an interlocutory appeal is not, in the first instance, vested in the courts of appeals. A party seeking review of a nonfinal order must first obtain the consent of the trial judge. This screening procedure serves the dual purpose of ensuring that such review will be confined to appropriate cases and avoiding time-consuming

Case 2:06-cv-00049-F    Document 27-14    Filed 05/10/2007    Page 5 of 6

Page 4
2006 U.S. Dist. LEXIS 62577, *

jurisdictional determinations in the court of appeals. Finally, even if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' *Fisons, Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972). The appellate court may deny the appeal for any reason, including docket congestion.

*Coopers & Lybrand,* 437 U.S. at 474-475, 98 S.Ct. at 2461, 57 L.Ed.2d at 361-362, (footnotes omitted). These cases make it clear that interlocutory appeals should be permitted only in a limited number of appropriate cases where an exception to the final judgment [*12] requirement is justified. "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for. exceptional cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 74, 117 S.Ct. 467, 475, 136 L.Ed.2d 437, 450 (1996).

In order to obtain certification of an order for interlocutory appeal, the party seeking such certification must show that: (1) the issue involves a controlling question of law; (2) there are substantial grounds for difference of opinion as to how the question should be resolved; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation. *Simon v. United States,* 341 F.3d 193, 199 (3d Cir. 2003). "The key consideration is not whether the order involves the exercise of discretion, but whether it truly implicates the policies favoring interlocutory appeal. The determination of what orders are properly reviewable under § 1292(b) must be made by a practical application of those policies, not by a mechanical application of labels such as 'discretionary' or 'nondiscretionary.'" [*13] *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 756 (3d Cir. 1974). With this guidance in mind, the Court now turns to Lutch's Motion to Amend and Certify Orders for Interlocutory Appeal. Document No. 21.

In support of her argument, Lutch advances two reasons for filing this Motion. The first reason is that she is effectively precluded from proceeding with her case because of the Protective Order, and that she has no way of going forward until the insurance carrier takes over the defense of the suit. Document No. 22, p. 7. The second reason is that she is unsure as to whether she can proceed against Huffy even with the insurance carrier's acceptance of the defense since Huffy would still incur some administrative costs for participating in its defense. Document No. 22, p. 8. Since Lutch's Motion to Amend and Certify Orders for Interlocutory Appeal was filed, however, the circumstances have changed dramatically. For the reasons that follow, the Court must deny Lutch's Motion.

The Court first considers whether "there are substantial grounds for difference of opinion" as to how the relevant "controlling question of law" should be resolved. *Simon,* 341 F.3d at 199. [*14] When Lutch filed this Motion on June 30, 2006, n2 there may have been "substantial grounds for difference of opinion" as to whether or not the Agreed Order and Protective Order, coupled with the factual circumstances of the case, effectively prevented her from taking any action in furtherance of her claim.

> n2 The Court notes that Huffy argues, relying on two decisions of the U.S. Court of Appeals for the Seventh Circuit, that requests for certification must be made within a reasonable period of time following the entry of the order, and that such a request should be denied if it is not made immediately after the issuance of the order. Document No. 23, p. 9. In support of its position, Huffy relies on *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.,* 202 F.3d 957 (7th Cir. 2000), and *Ahrenholz v. Board of Trustees,* 219 F.3d 674 (7th Cir. 2000). In those cases, the Court of Appeals spoke of a "nonstatutory requirement" that the request for certification "be filed with the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz,* 219 F.3d at 675, (emphasis in original). Huffy contends that Lutch's motion should be denied on the ground that it was filed nearly three months after the issuance of the Protective Order and one month after the issuance of the Order awarding attorneys' fees. Document No. 23, p. 9.

> The Court is not convinced that Lutch's motion should be denied solely on the ground that her request was not filed immediately after the entry of the challenged orders. The U.S. Court of Appeals for the Seventh Circuit, in *Richardson Electronics, Ltd.* and *Arenholz,* merely explained under what circumstances it would agree to entertain an interlocutory appeal. As the U.S. Supreme Court explained in *Coopers & Lybrand,* the decision of the Court of Appeals to permit an interlocutory appeal under § 1292(b) is purely discretionary. *Coopers & Lybrand,* 437 U.S. at 474-475, 98 S.Ct. at 2461, 57 L.Ed.2d at 361-362. The U.S. Court of Appeals for the Seventh Circuit chooses to exercise its discretion by preclud-

ing an interlocutory appeal when there is a delay between the issuance of the underlying order and the complaining party's request for the district court's permission to appeal. How that Court chooses to exercise its discretionary review process has nothing to do with whether this Court should permit Lutch to seek an interlocutory appeal to the U.S. Court of Appeals for the Third Circuit. While the decisions of other federal appellate courts carry persuasive weight when they involve the construction of statutes or constitutional provisions, they are of minimal value when they merely explain how a particular court will choose to exercise powers that are purely discretionary. For this reason, the Court analyzes Lutch's motion solely in accordance with the statutory criteria appearing in § 1292(b) and without placing dispositive weight on Lutch's delay in filing the motion.

[*15]

The Court, however, does not need to reach this issue because after Lutch filed this motion the factual circumstances about which she complains changed. On July 18, 2006, Huffy filed an Answer and Memorandum in Opposition to Motion to Amend and Certify Orders for Interlocutory Appeal. Document No. 23. In that Memorandum, Huffy assures this Court that "the action has been tendered to and now accepted by the manufacturer's insurance company[.]" Document No. 23, p. 10. The day after Huffy filed its Memorandum, an appearance was entered by Huffy's new defense counsel. Document No. 24. Huffy concedes that the Agreed Order *does not preclude* Lutch from adjudicating her claim. Document No. 23, p. 10. The first paragraph of the Agreed Order lifts the automatic stay afforded by 11 U.S.C. § 362 precisely to enable Lutch to obtain the adjudication that she desires. Therefore, there are no "substantial grounds for difference of opinion" as to whether Lutch's case against Huffy may proceed. Under the present circumstances, Lutch may pursue her action against Huffy, albeit with the understanding that any recovery will be limited to "any amounts recoverable" under the [*16] insurance policy, as set forth in the Agreed Order. Document No. 22, Exhibit C, p. 3.

With regard to the issue of the administrative costs which Huffy will likely incur for purposes related to its defense, Huffy now concedes that Lutch may proceed with her action *even though it may have to incur administrative costs associated with its defense.* Document No. 23, p. 10. Given this concession by Huffy, there is no "difference of opinion" as to whether Lutch's lawsuit may go forward. Indeed, the parties themselves agree that a proper adjudication is now forthcoming. For the same reasons, it is clear that an interlocutory appeal will not "materially advance the ultimate termination" of this litigation. 28 U.S.C. § 1292(b). Accordingly, Lutch's Motion to Amend and Certify Orders for Interlocutory Appeal must be denied. Document No. 21.

Finally, Huffy argues that Lutch violated both the Agreed Order and this Court's Protective Order when she filed this Motion, and that Huffy is now entitled to an order awarding additional attorneys' fees associated with preparing a response. Document No. 23, pp. 7, 11. When this Court issued the Protective Order, it directed [*17] Huffy's counsel to submit an invoice for the relevant attorneys' fees so that an appropriate determination could be made as to the amount of compensation due. Document No. 20. After Huffy filed a Petition for Award of Attorneys' Fees, Lutch filed a Response to Petition for Award of Attorneys' Fees. Document Nos. 18 and 19. The Court then awarded attorneys' fees to Huffy. Given the nature of the latest pleading filed by Lutch, namely a motion seeking the right to pursue an interlocutory appeal, and taking into account the overall existing circumstances, the Court views this recent pleading differently than it viewed the previously filed pleading which resulted in the issuance of the Protective Order and the prior award of attorney's fees; accordingly, this Court determines that an award of attorney's fees based upon the filing of Lutch's Motion to Amend and Certify Orders for Interlocutory Appeal is not appropriate and Huffy's request for such fees is denied.

An appropriate order follows.

AND NOW, this 31<st> day of August, 2006, this matter coming before the Court on the Plaintiff's Motion to Amend and Certify Orders for Interlocutory Appeal (Document No. 21), IT IS HEREBY [*18] ORDERED THAT the Plaintiff's Motion is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**

**UNITED STATES DISTRICT JUDGE**