# EXHIBIT 13

LEXSEE 1999 U.S. DIST. LEXIS 1169

IN THE MATTER OF SOUTH COAST BOAT RENTALS, INC. AS OWNER OF THE M/V SOUTH WINDS PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION NO. 98-3452 SECTION "K" (5)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

1999 U.S. Dist. LEXIS 1169

January 27, 1999, Decided
January 27, 1999, Filed; January 28, 1999, Entered

**DISPOSITION:** [*1] House's Motion to Lift Stay Against Reliance Insurance Company, Insurer of South Coast Boat Rentals, Inc., For Reconsideration of Denial of Motion to Lift Stay and For 28 U.S.C. § 1292(b) Certification DENIED.

**COUNSEL:** For SOUTH COAST BOAT RENTALS, INC., petitioner: Stanley Jerome Cohn, Scott Rodgers Wheaton, Jr., Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA.

For CENAC EVIRONMENTAL SERVICES, INC., claimant: Michael L. McAlpine, Franklin Hardy Jones, III, Richard Abelard Cozad, McAlpine, Peuler & Cozad, New Orleans, LA.

For HAROLD HOUSE, ROSA HOUSE, claimants: Louis Roy Koerner, Jr., Law Offices of Louis R. Koerner, Jr., New Orleans, LA.

For HAROLD HOUSE, ROSA HOUSE, claimants: Robert Brent Cueria, R. Brent Cueria, Attorney at Law, New Orleans, LA.

For TEXACO INC, TEXACO EXPLORATION AND PRODUCTION, INC., claimants: Allen Joseph Krouse, III, James Robert Silverstein, Edward F. Kohnke, IV, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA.

For AMERICAN OILFIELD DIVERS, INC., AMERICAN POLLUTION CONTROL CORPORATION, claimants: Ralph E. Kraft, Trevor D. Hance, Preis, Kraft & Roy, Lafayette, LA.

**JUDGES:** Stanwood R. Duval, Jr.

**OPINION BY:** Stanwood R. Duval, [*2] Jr.

**OPINION:**

Before the court is a Motion to Lift Stay Against Reliance Insurance Company, the Insurer of South Coast Boat Rentals, Inc., For Reconsideration of the Denial of the Motion to Lift Stay, and for 28 U.S.C. § 1292(b) Certification, filed by Harold House, et al. The court will address each portion of the motion in turn.

House first requests an order lifting the stay against Reliance Insurance Company, the P&I insurer of South Coast Boat Rentals, Inc. This court is required under the holding of *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1580 (5th Cir. 1992) to protect the limitation fund. In some cases, this means "requiring the stay of actions against insurers pending the outcome of limitation proceedings." *Seabulk Offshore, Ltd. v. Honora*, 158 F.3d 897 (5th Cir. 1998), citing, *Magnolia*, 964 F.2d at 1579. The court finds that staying the actions against insurers pending the outcome of the limitation proceeding is the strategy that will best protect the limitation fund from depletion in this case. The portion of the Motion that requests lifting the stay against Reliance Insurance Co. must therefore be denied.

House next requests that this [*3] court reconsider its prior ruling denying a lifting of the stay. House argues that there are significant differences between the instant case and *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996), such that this court is not bound by *Bonnette*. This court disagrees. As it stated in its prior minute entry denying House's Motion to Lift Stay, this court is bound by *Bonnette* and must therefore deny the Motion to Lift Stay.

House finally requests that the court certify these matters for interlocutory appeal under 28 U.S.C. § 1292(b) and § 1292(a)(1). Section 1292(b) requires that the court find that the motion involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b). The court is unable to make that finding in this case. The court finds no novelty in this case, nor any ambiguity in *Bonnette*. Furthermore, the court finds that interlocutory appeal would not materially advance the ultimate termination of the litigation.

House's brief also states that "it appears that movers are entitled [*4] to a non-discretionary appeal under 28 U.S.C. § 1292(a)(1)." If House's counsel believes he is really entitled to a non-discretionary appeal, then he need not trouble this court with argument on the issue; he should simply appeal. A reading of the authority upon which counsel relies for the proposition that his client is entitled to a 1292(a)(1) appeal, however, shows that this argument is disingenuous at best, if not an outright misrepresentation of the case law. Counsel relies once again on the *Seabulk* case for the proposition that his client is entitled to a non-discretionary appeal because this court's ruling was an order "refusing to modify an injunction." The *Seabulk* case held exactly the opposite of what House claims. In that case, the trial judge had modified the terms of the stay. The appellate court held that it had jurisdiction to hear the appeal under § 1292(a)(1) because the trial court had modified the stay, but that it would not have had jurisdiction to hear the appeal had she merely interpreted the existing stay. *Seabulk Offshore*, 158 F.3d at 899. Here, the trial court has merely refused to modify the stay, interpreting and upholding the existing stay. [*5] Under *Seabulk*, then, House is not entitled to a § 1292(a)(1) appeal. Accordingly,

**IT IS ORDERED** that House's Motion to Lift Stay Against Reliance Insurance Company, the Insurer of South Coast Boat Rentals, Inc., For Reconsideration of the Denial of the Motion to Lift Stay, and For 28 U.S.C. § 1292(b) Certification is hereby **DENIED**.

Stanwood R. Duval, Jr.