UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

| | |
|---|---|
| BLACKWATER SECURITY CONSULTING, LLC and BLACKWATER LODGE AND TRAINING CENTER, INC., Petitioners, v. RICHARD P. NORDAN, as Ancillary Administrator for the Separate Estates of STEPHEN S. HELVESTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO, and WESLEY J. K. BATALONA, Respondent. | O R D E R |

This matter is before the court on a Motion for Order to Show Cause [DE-25] filed by Petitioners Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. [collectively, "Blackwater"] and an Emergency Motion for Reconsideration [DE-14] and Motion for Relief from Order [DE-20] filed by Respondent Richard P. Nordan. These matters are now ripe for disposition.

This action arises out of four Independent Contractor Service Agreements ["Service Agreements"] entered into by Stephen S. Helveston, Mike R. Teague, Jerko Gerald Zovko and Weskley J. K. Batalona [collectively, "Decedents"], which provided *inter alia*:

> Contractor and [Blackwater] hereby agree that any dispute regarding interpretation or enforcement of any of the parties' rights or obligations under this Agreement shall be resolved by binding arbitration according to the rules of the American Arbitration Association and shall be conducted in Currituck or Camden County in North Carolina.

Petition [DE-1] Exs. A, B, C and D at § 20.1. On March 31, 2004, Decedents were killed while working for Blackwater in Fallujah, Iraq. On January 5, 2005, Nordan, as Ancillary Administrator for the separate estates of Decedents, filed an action in the Superior Court of

1

North Carolina in Wake County alleging state law claims of fraud and wrongful death against Blackwater and two of its employees ["Nordan's State Law Claims"].

About one year later, on December 14, 2006, Blackwater initiated an arbitration in Currituck County, North Carolina against Nordan ["Blackwater's Arbitration Breach of Contract Claim"]. In its Demand for Arbitration, Blackwater described its claim as:

> Breach of contract: As administrator of the estates of four Blackwater professionals killed by a mob of insurgents on 3/31/04 in Fallujah, Iraq, [Nordan] has breached decedents' contractual obligations not to sue, not to seek publicity and to protect classified and confidential information, to release Blackwater & affiliates from all claims, and to assume all risks of "being shot, . . . killed by a firearm . . . . terrorist activity, hand to hand combat" etc. in Iraq.

Less than one week later, on December 20, 2006, Blackwater initiated this action in federal district court by filing a petition, maintaining that it was "entitled under Section 4 of the Federal Arbitration Act to an Order directing [Nordan] to proceed in Currituck or Camden County with binding arbitration of *[Nordan's] alleged claims.*" Petition [DE-1] at ¶ 20 (emphasis added). In other words, Blackwater sought an order compelling arbitration of Nordan's State Law Claims in accordance with the Service Agreements. In an order [DE-13] filed April 20, 2007, the court allowed Blackwater's petition and ordered the parties "to proceed with arbitration in the manner provided for in the Service Agreements." Order [DE-13] at p. 10.

On May 4, 2007, Nordan reportedly filed a motion for a temporary restraining order and a preliminary injunction in Wake County Superior Court. The next day, on May 5, 2007, Nordan filed an Emergency Motion for Reconsideration [DE-14] and Motion for Relief from Order [DE-20] in the instant action. On May 8, 2007, Blackwater filed a Motion for Order to Show Cause [DE-25], arguing that Nordan should be sanctioned by this court for attempting to prohibit further arbitration of Blackwater's Arbitration Breach of Contract Claim and seeking emergency injunctive relief in state court.

Each of these motions misconstrues the court's April 20, 2007, order as compelling arbitration of Blackwater's Arbitration Breach of Contract Claim. To the contrary, the court's April 20, 2007 order allowed Blackwater's petition to compel arbitration of Nordan's State Law Claims in accordance with the Service Agreements. The court takes no position on the propriety of Blackwater's Arbitration Breach of Contract Claim. Moreover, at this point, any dispute regarding the proper arbitration procedure should be brought before the America Arbitration Association. Accordingly, Nordan's Emergency Motion for Reconsideration [DE-14] and Motion for Relief from Order [DE-20] and Blackwater's Motion for Order to Show Cause [DE-25] are DENIED.

SO ORDERED.

This the 11th day of May, 2007.

James C. Fox
Senior United States District Judge