# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NORTHERN DIVISION
## NO. 2:06-CV-49-F

| | |
|---|---|
| BLACKWATER SECURITY ) <br> CONSULTING, LLC, a Delaware Limited ) <br> Liability Company; BLACKWATER ) <br> LODGE AND TRAINING CENTER, INC., ) <br> a Delaware Corporation, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> RICHARD P. NORDAN, as Ancillary ) <br> Administrator for the separate Estates of ) <br> STEPHEN S. HELVENSTON, MIKE R. ) <br> TEAGUE, JERKO GERALD ZOVKO ) <br> and WESLEY J.K. BATALONA, ) <br> ) <br> Respondent. ) <br> _____) | **MOTION FOR LEAVE TO FILE** <br> **A SUPPLEMENTAL PETITION** |

Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc. (collectively, "Blackwater"), respectfully move this Court, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, for leave to file a Supplemental Petition in this case. A copy of the proposed Supplemental Petition, including all exhibits thereto, is annexed to this motion as Exhibit 1.

1.     Blackwater commenced an arbitration against respondent Richard P. Nordan, in his capacity as Ancillary Administrator ("Nordan"). That arbitration is pending before the American Arbitration Association ("AAA") as Case No. 50 181 T 00524 06.

2.     This Court's Orders of April 20 and May 11, 2007 in this action require Nordan to arbitrate his claims against Blackwater, but take no position on the propriety of Blackwater's

claims against him. Since the entry of those orders, Nordan has asserted, both before this Court and before the AAA, that he is not required to arbitrate the claims Blackwater has brought against him, and he has also failed to pay his share of the arbitrators' fees as requested by the AAA, which could result in the dismissal of the arbitration. (*See* Exhibit 1 hereto, ¶¶ 22-32 and accompanying exhibits.)

3. Nordan, through his counsel, has publicly asserted, falsely, that Blackwater "is suing the families for $10 million to silence them and keep them out of court."

4. Accordingly, in light of those events, which have taken place since the entry of this Court's orders of April 20 and May 11, 2007, Blackwater respectfully submits that this Court should issue a definitive ruling as to Nordan's obligation to arbitrate Blackwater's claims against him. In order to obtain such ruling, Blackwater respectfully requests leave to file the accompanying Supplemental Petition.

5. Under Rule 15(d) of the Federal Rules of Civil Procedure, this Court may, upon motion, "permit [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

6. "The goal of Rule 15(d) is to establish a liberal policy favoring a merit-based resolution of the entire controversy between the parties," *Eisen v. Kallstrom*, 75 F. Supp.2d 113, 116 (S.D.N.Y. 1999) (quotations omitted), and to prevent a party from having "to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated [it] had a right to relief." *Frank v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002) (quotations omitted).

7. Accordingly, the standards governing a motion to supplement under Rule 15(d) are the same as those governing a motion for leave to amend under Rule 15(a). *Frank v. Ross*, 313 F.3d at 198 n.15; *Micron Technology, Inc. v. Rambus Inc.*, 409 F. Supp.2d 552, 558 (D. Del. 2006). In other words, "leave should be freely granted, and should be denied only where good reason exists, such as prejudice to defendants." *Frank v. Ross*, 313 F.3d at 198 n.15. *Accord, Families & Youth Inc. v. Maruca*, 156 F. Supp.2d 1245, 1249 (D.N.M. 2001); *Eisen v. Kallstrom*, 75 F. Supp.2d at 116.

8. In this case, Nordan can demonstrate neither undue prejudice nor any other ground sufficient to overcome the Federal Rules' policy that leave to supplement should be "freely granted." *Frank v. Ross*, 313 F.3d at 198 n.15.

9. Under 9 U.S.C. § 6, this Petition should be treated as a motion, and should be given expedited consideration in light of the FAA's "goal of moving the parties to an arbitral dispute . . . into arbitration as quickly and easily as possible." *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 85 (2000).

10. Accordingly, Blackwater should be granted leave to serve and file the annexed Supplemental Petition.

This 10th day of July 2007.

                                            McDERMOTT WILL & EMERY LLP

By:    /s/ Michael P. Socarras
        Michael P. Socarras
        DC Bar No. 418127
        600 13th Street NW
        Washington, DC  20005
        Telephone:   (202) 756-8000
        Facsimile:    (202) 756-8087
        E-Mail:       msocarras@mwe.com

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

By:    /s/ Kirk G. Warner
        Kirk G. Warner
        North Carolina State Bar No. 16238
        Mark A. Ash
        North Carolina State Bar No. 13967
        Post Office Box 2611
        Raleigh, North Carolina  27602
        Telephone:   (919) 821-1220
        Facsimile:    (919) 821-6700
        E-Mails:      kwarner@smithlaw.com
                            mash@smithlaw.com
        LR  83.1 Counsel

*Counsel for Defendants Blackwater Security Consulting, LLC and Blackwater Lodge and Training Center, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date below, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by United States Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

David F. Kirby
William B. Bystrinski
Kirby & Holt, LLP
3201 Glenwood Avenue
Suite 100
Raleigh, North Carolina 27612
dkirby@kirby-holt.com
bbystrinski@kirby-holt.com

David S. Coats
Bailey & Dixon
Post Office Box 1351
Raleigh, North Carolina 27602
dcoats@bdixon.com

Daniel J. Callahan
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Drive
Suite 900
Santa Ana, California 92707

This 10th day of July 2007.

                                                                        /s/ Kirk G. Warner
                                                                       Kirk G. Warner