Blackwater Security Consulting, LLC et al v Nordan
Case 2:06-cv-00049-F     Document 35-7     Filed 07/10/2007     Page 1 of 16
Doc. 35 Att. 6

# EXHIBIT D

Dockets.Justia.com



# North Carolina Estate Procedure Pamphlet

*Executor*
*Administrator*
*Collector By Affidavit*
*Summary Administration*

North Carolina
Administrative Office of the Courts
www.nccourts.org

# North Carolina Estate Procedure Pamphlet

*for*
*Executor*
*Administrator*
*Collector By Affidavit*
*Summary Administration*

**IMPORTANT**

- The clerk of superior court in all 100 counties serves as the judge of probate and cannot practice law or give legal advice. Therefore, you should not ask the clerk or the clerk's staff to prepare your accounts or to advise you on the completion of forms or any legal issue.
- For any necessary assistance, you should consult an attorney, especially regarding disbursement of any funds and federal and state taxes payable by the estate.
- You must keep accurate records and file accurate accounts.
- Court costs and fees must be paid to the clerk of superior court. You will be informed about the amounts by the clerk's office.

Published by
N.C. Administrative Office of the Courts
John M. Kennedy, Director
PO Box 2448
Raleigh, NC 27602
March 2002

For copies of this pamphlet or forms, please contact your local clerk of superior court or obtain on-line at www.nccourts.org

2

## REGULAR ADMINISTRATION OF AN ESTATE

1. **Will, Letters, Executor, Administrator, Personal Representative**

    (a) When a person dies with a will, the person is said to have died "testate." When a person dies without a will, the person has died "intestate."

    (b) When a person has died, a search should be made to see if that person (the decedent) left a will. If there is a will, the clerk of superior court, upon application, [*Application For Probate And Letters*, AOC-E-201] issues "letters" to the person who qualifies as <u>executor</u> of the will. "Letters Testamentary" [*Letters*, AOC-E-403] are the official written authorization for a person to carry out the responsibilities of executor of a will.

    (c) A search should also be made to determine if the decedent had a safe deposit box, since the will and other valuable papers or items may be in the safe deposit box. If a will is discovered in the safe deposit box it **must** be filed with the clerk of superior court. [G.S.28A-15-13(d)].

    (d) If the decedent dies intestate, that is without leaving a will, "letters" are issued by the clerk of superior court, upon application, [*Application For Letters Of Administration*, AOC-E-202] to the person who qualifies as <u>administrator</u> of the estate. "Letters of Administration" [AOC-E-403] are the official written authorization for a person to carry out the responsibilities of administrator of an estate. [G.S. 28A-4-1(b)].

    (e) The term "personal representative" is used to refer to either an executor or an administrator.

2. **Qualification As Personal Representative**

    (a) *Application to Qualify* [*Application For Probate And Letters*, AOC-E-201, *or Application For Letters Of Administration*, AOC-E-202]

    A person who seeks to qualify as a personal representative must apply to the clerk of superior court on a form provided by the clerk's office. The form calls for a preliminary inventory of all assets of the decedent **as of the date of death.** Therefore, the applicant will need to have a general knowledge of the decedent's real estate, bank accounts, stocks, bonds, motor vehicles, and other personal property, and an estimated value of these assets, to complete the application. The instructions for that form assist you in completing the form. [G.S. 28A-6-1(a)].

    (b) *Qualified Persons*

    If the decedent did not name an executor in the will or dies intestate (without a will), the clerk of superior court will grant letters of

*3*

administration to a person(s) who applies and is qualified to serve, in the following order:

(1) The surviving spouse of the decedent;
(2) Anyone who is to receive property as indicated by the will of the decedent;
(3) Anyone who is entitled to receive property of the decedent by law in the absence of a will;
(4) Any next of kin;
(5) Any creditor to whom the decedent became obligated prior to death;
(6) Any person of good character residing in the county who applies with the clerk of superior court.
(7) Any other person of good character not disqualified by law.

*(c) Disqualified persons*

No person may serve as a personal representative who:

(1) Is under 18 years of age;
(2) Has been adjudged incompetent by the court and remains under such disability;
(3) Is a convicted felon whose citizenship has not been restored;
(4) Is a nonresident of this state who has not appointed a resident of the state to accept service of process in all actions or proceedings with respect to the estate;
(5) Is a corporation not authorized to act as a personal representative in this state;
(6) Repealed by Session Laws 1999-133, s.1, effective January 1, 2000;
(7) Has committed acts which by law constitute a forfeiture of the right to serve;
(8) Is illiterate;
(9) Is a person whom the clerk of superior court finds otherwise unsuitable;
(10) Was previously designated as executor of the estate but has renounced that office or otherwise chose not to carry out the duties of the personal representative. [G.S. 28A-4-2].

*(d) Oath/Affirmation* [Oath, AOC-E-400]

A person qualifying as personal representative must take an oath or make an affirmation to carry out the duties faithfully and honestly. [G.S. 28A-7-1].

*4*

(e) *Bond* [Bond, AOC-E-401].

Generally, an <u>executor</u> of a will who is a North Carolina resident is not required to furnish a bond before being authorized to act as executor, unless the will expressly requires that bond be furnished. However, there are exceptions, and the clerk of supedescretion to require a bond. An to require a bond. An <u>administrator</u> of an estate <u>is</u> required to furnish a bond unless all the heirs are 18 years of age or older, of sound mind and have filed written waivers [*Waiver Of Personal Representative's Bond*, AOC-E-404] of the bond requirement. However, no bond is required of an administrator, if the administrator is the sole heir. If the sole purpose of the appointment is to bring a wrongful death lawsuit, a bond is not required until wrongful death funds are received. [G.S. 28A-8-1].

3. **Authority of Personal Representative** – A personal representative is authorized to collect assets, pay claims, and make all disbursements necessary to settle an estate and to distribute the assets in an orderly, accurate and timely manner. Before the personal representative can sell any real property of the decedent's estate to generate cash with which to pay debts of the estate, the personal representative must petition the clerk of superior court for permission to sell such real estate. However, the clerk's approval is not needed if the will expressly directs the executor to sell the real property. [G.S. 28A-13-3, G.S. 28A-15-1, G.S. 28A-17-1].

4. **Notice To Creditors** [*Affidavit Of Notice To Creditors*, AOC-E-307] –
After letters are issued, a personal representative must advertise for creditor's claims against the estate in a newspaper "qualified to publish legal advertisements" which is published in the county where the estate is being administered. If there is no newspaper printed in the county then: (1) the notice must be published in a newspaper of general circulation in the county and posted at the courthouse or (2) a copy of the notice must also be posted at the courthouse and in four (4) other public places in the county. The advertisement must be published once a week for four consecutive weeks, and should state that claims must be filed by a date certain, which is at least three months from the date of first publication or the posting of the notice. Within seventy-five (75) days after the granting of letters, and prior to filing proof of publication with the clerk of superior court's office, the personal representative must also personally deliver or send by first class mail a notice about how, when, and where to file claims against the estate to all creditors who are actually known, or can be discovered upon reasonable investigation. However, no notice need be delivered or mailed with respect to any claim that the personal representative already recognizes as valid and has or will pay the claim. Following publication, a copy of the notice, an affidavit from the newspaper attesting to publication, and as applicable, an affidavit from the personal representative attesting that he or she has mailed or personally delivered the notice, must be filed with the clerk of superior court.
[G.S. 28A-14-1, G.S. 28A-14-2].

5. **Filing An Inventory** [*Inventory For Decedent's Estate*, AOC-E-505] – Within three (3) months from the date of qualification, the personal representative must file with the clerk of superior court's office an accurate inventory of the estate, giving descriptions and values of all real and personal property of the decedent as of the date of death. The personal representative should obtain copies of signature cards and deposit contracts associated with any joint accounts from the depository financial institution and submit them with the inventory. Property discovered later must be reported on a supplemental inventory. [G.S. 28A-20-1, G.S. 28A-20-3]. Income of the estate, property acquired by the estate after the decedent's death, or asset conversions (e.g. sale of real estate or stock, foreclosure of deed of trust, etc.) must be reported on the next accounting. [G.S. 28A-21-1].

6. **Year's Allowance** [*Application And Assignment Year's Allowance*, AOC-E-100] – An application for a year's allowance for the surviving spouse and/or dependent child(ren) may be filed with the clerk at any time within one year of the decedent's death. The clerk or magistrate will hold a hearing on the application. The allowance will be entered on the application form by the clerk or magistrate. The allowance will be from cash or personal property or a combination of both, but does not include real estate. The allowance should be paid as a priority claim before any other claims against the estate are paid. The amount of allowance is $10,000 for a surviving spouse, and $2,000 for each surviving child of the decedent under eighteen (18) years of age or as otherwise qualified by statute. [G.S. 30-15, G.S. 30-17].

7. **Real Property – Rents, Expenses** – Unless real property is willed directly to the estate, title to the land vests in the heirs, and passes outside the administered estate. Accordingly, rents from those properties are not income to the estate, and estate funds may not be used to pay real estate expenses, such as mortgages, taxes, insurance or utilities.

    If real property not willed to the estate is needed to pay claims, it can be brought into the estate by filing a special proceeding before the Clerk. [G.S. 28A-17-2]

8. **Claims** – All claims against the decedent's estate, which arose before the death of the decedent, must be presented to the personal representative by the date specified in the notice to creditors, or forever be barred. [G.S. 28A-19-3].

    (a) *Insufficient Funds To Pay All Claims*

    In order to determine if there will be sufficient funds with which to pay claims, the personal representative should not pay any claims until after the time for filing claims has expired.

If the estate is not sufficient to pay all of the creditors in every class, the personal representative should pay in full those classes of creditors for which there is sufficient money, starting with those at the top of the priority list as listed in paragraph 8(b). Then the personal representative should distribute the remaining money proportionally among each creditor of the next highest class. [G.S. 28A-19-6].

(b) *Order Of Priority Of Claims*

After payment of the costs and expenses of administration, *including the year's allowance*, the personal representative must pay claims against the estate in the following order: [G.S. 28A-19-6].

(1) Claims which by law have a specific lien on property up to the amount of the value of such property (for example, car loans).

(2) Funeral expenses up to the statutory preference limit of $2,500. This limit does not include a cemetery lot or gravestone. (The balance of funeral expenses, if any, has no preference and should be paid as all other claims in #7 below.)

(3) All dues, taxes and other claims with preference under federal law.

(4) All dues, taxes and other claims with preference under the laws of the State of North Carolina or under the laws of local governments in North Carolina.

(5) Judgments of any court of competent jurisdiction within the state, docketed and in force, to the extent to which the judgments were liens on the property of the decedent at the time of death, and Medicaid claims filed under G.S. 108A-70.5.

(6) Wages due any employee of the decedent for a period of not more than twelve (12) months immediately preceding the death of the decedent; the cost of any medical services received during the twelve (12) months preceding the death of the decedent; and the cost of necessary drugs and all other medical supplies incurred during the **last illness** of the decedent (not to exceed 12 months).

(7) All other claims (for example, credit card debt).

9. **Filing Individual And Estate Tax Returns** – Income tax returns for the decedent must be filed. Effective January 1, 1999, the State of North Carolina no longer collects inheritance tax on distributions to heirs of decedents dying on or after that date. An estate tax, instead, is imposed on certain estates. [G.S. 105-32.2].

If the estate is of sufficient value under federal tax law, the personal representative must file a federal estate tax return within nine (9) months after the date of death, regardless of the time of qualification. In addition, state estate taxes may be due and state and federal fiduciary income tax returns may also be required. Following qualification, the personal representative should promptly contact state and federal tax offices or a tax professional to determine what tax information should be filed with those offices. Relevant tax forms used in settlement of the estate may be obtained from the North Carolina Department of Revenue at (919) 733-3311. [G.S. 105-23]. If estate tax returns are filed, the personal representative should obtain closing letters from the taxing authorities and file copies with the clerk.

If no federal or state taxes are due, the personal representative must provide the clerk of court with a certification that estate or inheritance taxes are not due *[Estate Tax Certification (For Decedents Dying On Or After 1/1/99, AOC-E-212 or Inheritance Estate Tax Certification (For Decedents Dying Prior to 1/1/99, AOC E-207]* or a certificate furnished by the North Carolina Secretary of Revenue, stating the estate tax liability has been satisfied in full.

10. **Commissions** – The personal representative may receive a commission for handling the estate. If the will does not establish the amount or method of compensation, or if there is no will, the clerk of superior court may, in his discretion, allow a commission of **up to** five percent (5%) of the estate receipts and disbursements. The clerk will consider the time, responsibility, trouble and skill involved in the management of the estate. Commissions to personal representatives are accounted for as costs and expenses of administration. The personal representative should petition the clerk for approval of a commission before making distribution. [G.S. 28A-23-3].

11. **Attorney's Fees** – The personal representative may choose to hire an attorney to represent the estate. However, the funds of the estate may not be used to pay the attorney's fees unless the clerk finds that the fee is reasonable. Unless the attorney's services are beyond the normal scope of estate administration, the attorney's fees allowed may reduce the amount of the personal representative's commission. *Not all attorney's fees may be approved by the clerk and if not allowed, the personal representative will be personally responsible for the attorney's fees.*

12. **Distribution Of Assets** – After paying the costs of administration, taxes and other valid claims against the estate, the personal representative must distribute the remaining assets of the estate in accordance with the will, or, if none, in accordance with the Intestate Succession Act, (Chapter 29 of the General Statues).

If general bequests of money (those not payable out of a specified fund) set forth in the will, yet there is not enough cash within the administered estate to pay all such bequests, the personal representative should prorate the amount available among all similarly situated recipients of general bequests [G.S. 28A-15-5]. The personal representative should obtain receipts from all distributees. [G.S. 28A-22-1].

13. **Accounting:**

   *(a) Inventory*

   See page 4, paragraph 5.

   *(b) Final Accounting*

   The personal representative **may** file a final accounting after the date specified in the notice to creditors if all claims have been paid or otherwise satisfied. [G.S. 28A-21-2(b)]. The personal representative **must** file a final accounting within one year of the date on which he or she qualified to serve unless the clerk of superior court has granted an extension of time for good cause. [G.S. 28A-21-2(a)]. If an extension has been granted, an annual accounting must be filed within one year of the date of qualification.

   *(c) Annual Accounting*

   The personal representative **must** file annual accounting no later than one year from the date on which he or she qualified to serve. If the estate is not finalized within one year, then an annual accounting must be filed every year thereafter until the final accounting is filed. [G.S. 28A-21-1].

   *(d) Proof*

   All accountings must be accompanied by cancelled checks or other proof satisfactory to the clerk for all disbursements and distributions, and for all balances held or invested. (Example, bank statements showing balance held.) [G.S. 28A-21-1].

   *(e) Contents Of Accountings*

   Accountings filed with the clerk of superior court must be signed under oath and contain:

   (1) The period which the account covers and whether it is an annual accounting or final accounting;

   (2) The amount and value of the property of the estate according to the inventory and appraisal, or according to the previous accounting; the manner and nature of any investments; the amount of income and additional property received during the accounting period; and all gains or losses from the sale of any property or otherwise;

   (3) All payments, charges, losses, and distributions;

(4) The property on hand constituting the balance of the estate, if any;

(5) Any other facts and information determined by the clerk to be necessary to an understanding of the account. [G.S. 28A-21-3, G.S. 8A-21-1].

*(f) Accounting for Wrongful Death Proceeds*

After the completion of a wrongful death lawsuit, the personal representative must be bonded before receiving the wrongful death proceeds and must file a separate accounting concerning the wrongful death proceeds. Under G.S. 28A-18-2, the proceeds may only be used to pay certain designated expenses, and the balance may only be distributed to heirs of the decedent under the Intestate Succession Act (Chapter 29 of the General Statutes), regardless of whether or not there is a will. The authorized expenses are:

- Reasonable and necessary expenses of bringing the suit, and attorney fees
- Burial expenses of the deceased
- Medicare reimbursement [Cox v. Shalala, 112 F. 3rd 151 (4th Cir., 1997)]
- Reasonable hospital and medical expenses (not exceeding $4,500) incurred as a result of the injury resulting in death. (**Note:** The amount applied to hospital and medical expenses may not exceed 50% of the total recovery, less attorney fees). (**Note:** This amount is separate and in addition to any Medicaid reimbursement.)

14. **Discharge Of The Personal Representative** – When the clerk of superior court approves the final account, the clerk will enter an order discharging the personal representative from further liability in the estate. [G.S. 28A-23-1].

15 **Removal, Contempt, Jail** – If the personal representative fails to account as required, or if he or she renders an unsatisfactory account, the Clerk of Superior Court may issue an order for the personal representative to appear and show cause as to why he or she failed to file an inventory or account. If, within 20 days after service of such an order, he or she does not make the required filing, the clerk may have the sheriff serve the personal representative with an order of contempt and commitment, and the sheriff will place the personal representative in the county jail until he or she complies with the order. The personal representative shall be personally liable for all costs associated with such proceedings. The clerk may also remove the personal representative and appoint someone else to complete the administration of the estate. [G. S. 28A-21-4, G. S. 28A-9-1].

## SMALL ESTATES – COLLECTION BY AFFIDAVIT

The following simplified procedure may be used after thirty (30) days from the decedent's death if the value of the decedent's personal property, less liens and

*10*

encumbrances, does not exceed ten thousand dollars ($10,000) *[NOTE: $20,000 if the surviving spouse is the collector and the sole heir or devisee]* (regardless of the value of any real property), and **if** no application for appointment of a personal representative is pending or has been granted. [G.S. 28A-25-1].

1. **Affidavit For Collection** [*Affidavit For Collection Of Personal Property Of Decedent*, AOC-E-203] – An executor, heir, or creditor of the decedent, or the public administrator of the county, may file an affidavit with the clerk of superior court on a form provided by the clerk's office, requesting authorization to proceed with collection and administration of the estate. [G.S. 28A-25-1(a), G.S. 28A-25-1.1(a)]

2. **Distribution Of Assets And Payment Of Claims** – Upon filing the affidavit with the clerk of superior court, the person making the affidavit is authorized to proceed with collection of the decedent's personal property and with distribution of the property in the following order of priority:

   (1) Payment of the year's allowance of the surviving spouse and child(ren), if any;
   (2) Payment of debts and claims against the estate in the order set out in paragraph 8(b) of the section of this pamphlet dealing with Regular Administration Of An Estate;
   (3) Distribution of the remainder of the personal property, if any, to the persons entitled to it by the will, or, if no will exists, to the persons specified by the Intestate Succession Act (Chapter 29 of the General Statutes) [G.S. 28A-25-3(a)(1)].

3. **Closing Affidavit** [*Affidavit Of Collection, Disbursement And Distribution*, AOC-E-204] – After the distribution has been completed, an affidavit must be filed with the clerk of superior court showing collection, disbursement and distribution of the personal property. This closing affidavit must be filed within ninety (90) days after the date of filing of the qualifying affidavit, unless the clerk has granted an extension of time [G.S. 28A-25-3(a)(2)].

## SUMMARY ADMINISTRATION

The surviving spouse of a decedent who died with or without a will may petition the clerk of superior court for an order of summary administration if the spouse is the sole heir or devisee of the decedent. An order of summary administration will permit the spouse to proceed with the collection and distribution of the decedent's property without the formality of regular administration. By obtaining the order, the *surviving spouse assumes all liabilities* of the decedent to the extent of the value of the property received. If a sale of real estate by the surviving spouse is forseeably necessary or desirable, a formal administration with notice to creditors is probably necessary. [Article 28 of Chapter 28A of the General Statutes.]

| Name Of Decedent | Social Security Number |
|---|---|
| File No. | Date Of Death |
| Name Of Executor-Administrator | Date Qualified |
| Name Of Attorney | Telephone No. |

| Bond<br>$ | Name Of Surety (Bonding Company, etc.) | |
|---|---|---|
| Date Inventory Due | Date Inventory Filed | Date Of Annual Account(s) |
| Date Final Account Due | Date Final Account Filed | |

- ☐ Will probated
- ☐ Lock box searched
- ☐ Estate bank account opened
- ☐ Bank _____ No. _____
- ☐ Signature cards on bank accounts of decedent delivered to clerk
- ☐ Application for spouse's and child(ren)'s allowance(s) filed
- ☐ Motor vehicle titles transferred
- ☐ Stock certificates and other titles transferred
- ☐ Insurance, retirement, I.R.A funds, etc., if payable to the estate, collected
- ☐ Other: _____

- ☐ Notice to creditors published and mailed, and affidavits of publication and mailing filed
- ☐ Funeral expenses, medical expenses and other claims paid
- ☐ Court's approval, if required, obtained to sell real property to create assets with which to pay claims
- ☐ Federal and State Income tax returns filed for decedent and for the estate
- ☐ Estate tax certification (AOC-E-212 or 207) filed with the Clerk; or Federal and State estate tax returns filed, closing letter received and a copy filed with the clerk.
- ☐ Remaining assets distributed to heirs and receipts obtained
- ☐ Accounting of wrongful death proceeds filed
- ☐ Other: _____

*12*



## *(NOTES AND CHECKLIST)*

*14*

