Blackwater Security Consulting, LLC et al v Nordan
Case 2:06-cv-00049-F   Document 35-8   Filed 07/10/2007   Page 1 of 3
Doc. 35 Att. 7

# EXHIBIT E

# McDermott
# Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Michael P. Socarras
Attorney at Law
msocarras@mwe.com
202.756.8110

June 25, 2007

**VIA FAX 1-919-828-6592 & REGISTERED FIRST CLASS MAIL**

David S. Coats, Esq
Bailey & Dixon, LLP
Post Office Box 1351
Raleigh, North Carolina  27602

Re:    *Blackwater Security Consulting, LLC v. Nordan, No. 50 181 T 00524 06 (AAA-ICDR)*

Dear David:

　　We received a copy of the enclosed press release issued by your client's legal team, falsely stating that our client in this arbitration, Blackwater Security Consulting, LLC ("Blackwater"), is "suing the dead men's estates for $10 million" and is "suing the families for $10 million." The announcement of a legal defense fund compounds the libel. The purpose of this letter is to respond to those public statements. We are responding to you since we understand you defend Mr. Nordan from claims for which he may be personally liable.

　　Your client, Mr. Nordan, filed and publicized a suit in state court making claims against Blackwater, which the decedents contractually released and agreed never to make, in relation to the decedents' services for and contracts with Blackwater, which decedents agreed never to publicize. Mr. Nordan, as administrator, is bound by the decedents' contracts.

　　Blackwater seeks in this arbitration to recover its damages, estimated in December 2006 at $10 million, against Mr. Nordan as ancillary administrator of the separate estates of the decedents. North Carolina requires Mr. Nordan to pay personally all obligations incurred in the course of his administration of the decedents' estates, without assurance that the Clerk of the Superior Court would approve requests for reimbursement that Mr. Nordan could make after he has paid and accounted for such payments. That procedure is summarized by the North Carolina Administrative Office of the Courts in its *North Carolina Estate Procedure Pamphlet*, and is also set forth in North Carolina's applicable statutes and precedents.

　　Therefore it is maliciously false for Mr. Nordan, through the lawyers he has hired and authorizes to act on his behalf, to say that Blackwater is "suing the families for $10 million" or "suing the dead men's estates for $10 million." Blackwater has made a $10 million claim against your client Mr. Nordan as estate administrator for which he, not the families or the estates, is liable under North Carolina law. Blackwater would oppose any attempt by Mr. Nordan, his law firm, or its professional carrier, to try to pass the consequences of his actions in

David S. Coats, Esq
June 25, 2007
Page 2 of 2

his capacity as administrator to the families or to the estates of the decedents. Likewise, Blackwater has never made any claim against Mr. Nordan in his individual capacity.

We thus reiterate the suggestion in the email I sent you before the preliminary hearing on May 25, 2007. To the extent that your mandate is to defend Mr. Nordan against personal liability, you absent yourself from this arbitration at your client's peril. We do not presume the Tribunal's ultimate decision, but we do presume that if Blackwater prevails Mr. Nordan, as North Carolina estates procedure mandates, will personally pay the damages he has caused in the course of his administration of the decedents' estates, without any assurance that the Clerk, over Blackwater's opposition, would approve an attempt on his part to pass his obligations as administrator to the estates or to the beneficiaries.

Blackwater has agreed to pay arbitration fees relating to its claims against Mr. Nordan not because of any academic exercise, but because as a commercial business it seeks to collect its damages from Mr. Nordan as administrator. If Mr. Nordan, *as administrator*, does not consent to arbitrate Blackwater's claims against him, please let me know in writing by the close of business on June 27, 2007.

Sincerely,

Michael P. Socarras

Enclosure

cc:   David F. Kirby, Esq.
      Daniel J. Callahan, Esq.