UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

| | | |
|---|---|---|
| BLACKWATER SECURITY CONSULTING, LLC and BLACKWATER LODGE AND TRAINING CENTER, INC., | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | NOTICE OF APPEARANCE |
| RICHARD P. NORDAN, as Ancillary Administrator for the Separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO, and WESLEY J.K. BATALONA, | ) ) ) ) ) ) | |
| Respondent. | ) | |

**PLEASE TAKE NOTICE** that David S. Coats and J.T. Crook of the law firm of Bailey & Dixon, L.L.P., appear as counsel for Richard P. Nordan for the limited purpose of filing a Response to Petitioners' Motion for Leave to File Supplemental Pleading. As grounds and by way of explanation for this limited Notice of Appearance, Richard P. Nordan, shows the Court that:

1.  Richard P. Nordan, individually, was not served with an appropriate summons, in the manner provided by Fed. R. Civ. P., Rule 4.

2.  Prior to April 12, 2007, Richard P. Nordan, Individually, was informed by and through counsel for the Estates at issue, and personally believed based upon the filings of Petitioners in this action, that the Petition filed in this Court was an

attempt to direct arbitration of claims pertaining to Petitioners and the Estates for which he serves as Ancillary Administrator.

3. Counsel for the Respondent, Richard P. Nordan, Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, et al., namely William B. Bystrynski and David Kirby of Kirby & Holt, L.L.P., and Marc P. Miles, Daniel J. Callahan, and Brian J. McCormack, of Callahan & Blaine, APLC, do not represent Richard P. Nordan, individually.

4. On April 12, 2007, Richard P. Nordan first learned, despite Blackwater's arguments to the contrary in their filings in this Court, that Petitioners' were seeking to arbitrate claims against him individually, with a possible reward coming directly from his personal assets, and for which he would be individually responsible, when he was informed by counsel for the Estates that Petitioners had served a document entitled "Memorandum of Law in Opposition to Issuance of TRO" (hereinafter "TRO Memorandum") in the state court action on April 12, 2007.

5. Further, in a hearing in Wake County Superior Court on April 13, 2007, before Judge Donald L. Stephens on a motion filed by attorneys for Richard P. Nordan, Ancillary Administrator for the Separate Estates of Stephen S. Helvenston, et al., (hereinafter "Motion Hearing") counsel for Petitioners stated that they were seeking to arbitrate not only the claims brought against them in Wake County Superior Court, but also whatever claims they may have against Richard P. Nordan personally in his individual capacity.

6. On May 4, 2007, Richard P. Nordan, in his individual capacity, filed an action against the Petitioners seeking a declaratory judgment regarding his

obligation to arbitrate claims brought against him in his individual capacity by the Petitioners which would subject him to personal liability (hereinafter "the Declaratory Action").

7. On May 14, 2007, the Declaratory Action was removed by Petitioners to this Court, bearing case number 5:07-CV-00175-F.

8. On May 24, 2007, the panel of arbitrators ("the Panel") in the arbitration initiated by Petitioners before the International Center for Dispute Resolution Division of the American Arbitration Association (hereinafter "the Arbitration") issued an order (hereinafter "Order 1") in which it determined that Blackwater's arbitration demand does not allege a claim against Richard P. Nordan for personal liability:

> "The Panel has reviewed the Demand in this matter. Such Demand makes no claim against Mr. Nordan for personal liability."

A true copy of ICDR Order No. 1 is attached hereto as Exhibit 1.

9. On June 13, 2007, relying on ICDR Order 1, this Court dismissed the Declaratory Action on the grounds that it did not present a live "case or controversy" sufficient to meet the requirements of Article III of the United States Constitution and 28 U.S.C. § 2201 *et seq.*

10. Petitioners now seek to "supplement" their original pleading, which this Court determined pertained only to a petition to direct arbitration of the Estates claims against Blackwater, to seek an apparent reversal of ICDR Order No. 1 so that they can seek personal liability against Richard P. Nordan in Blackwater's claim.

11. The undersigned hereby appear and request to be heard on behalf of Richard P. Nordan, to the extent that personal liability is sought against him, apart from the representation by Callahan & Blaine, APLC, and Kirby & Holt, LLP, for the

purpose of responding to and opposing Petitioners' Motion for Leave to Supplement Pleadings, on the grounds that the proposed supplemental claims seek damages from Richard P. Nordan personally, and to the extent that such claims seek damages from Richard P. Nordan personally, such claims (1) have already been determined by the arbitration panel in ICDR Order No. 1 *not* to be part of the pending arbitration of Blackwater's claims, (2) are not, in any fashion, part of the original Petition as this Court has determined that that Petition pertained to only the Estates claims against Blackwater and not Blackwater's claims, (3) involve an apparent demand to arbitrate claims – and to compel that they be part of an ongoing arbitration - seeking personal liability against Richard P. Nordan despite a lack of subject matter jurisdiction and the noted failure to afford Mr. Nordan his right to due process and a right to trial by jury, and (4) are not recognizable under North Carolina law.

This the 30th day of July, 2007

BAILEY & DIXON, L.L.P.

By: /s/ David S. Coats
    David S. Coats, N.C. Bar 16162
By: /s/ J.T. Crook
    J.T. Crook, N.C. Bar 35232
Attorneys for Richard P. Nordan, Individually
Post Office Box 1351
Raleigh, North Carolina 27602-1351
Telephone: (919) 828-0731

CERTIFICATE OF SERVICE

       I hereby certify that on July 30, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

Michael P. Socarras
McDermott, Will, & Emery, LLP
600 13th Street N.W.
Washington, D.C. 2005

Kirk G. Warner
Mark Ash
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611

David F. Kirby
William B. Bystrynski
Kirby & Holt, LLP
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612

Daniel J. Callahan
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707

This the 30th day of July, 2007

                                        /s/ David S. Coats
                                        David S. Coats