UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CV-49-F

| | | |
|---|---|---|
| BLACKWATER SECURITY CONSULTING, LLC and BLACKWATER LODGE AND TRAINING CENTER, INC., | ) ) ) ) ) | |
| Petitioners, | ) ) ) | MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS |
| vs. | ) ) | |
| RICHARD P. NORDAN, as Ancillary Administrator for the Separate Estates of STEPHEN S. HELVENSTON, MIKE R. TEAGUE, JERKO GERALD ZOVKO, and WESLEY J.K. BATALONA, | ) ) ) ) ) ) | |
| Respondent. | ) | |

Richard P. Nordan, for the limited purpose of providing a response to Petitioners' Motion to Supplement Pleadings, on the grounds that his personal assets may ultimately be imperiled by the outcome of Petitioners' motion, hereby submits, pursuant to Local Rule 7.1, the following Memorandum in Response to Petitioners' Motion to Supplement Pleadings in which it respectfully shows the Court as follows:

**STATEMENT OF RELIEF SOUGHT**

Petitioners seek in their supplemental pleading to allege a claim which is not recognizable in North Carolina or elsewhere and to exercise jurisdiction where this Court has none. Therefore, the supplemental claims are futile and frivolous, and Petitioners' motion should be denied.

Dockets.Justia.com

Furthermore, as the Court ruled in its May 11, 2007, Order entered in this action, the sole remedy sought by the Petitioners in this action was "an Order directing [Nordan] to proceed in Currituck or Camden County with binding arbitration of *[Nordan's] alleged claims.*" (5/11/07 Order, p. 2; emphasis in original). This action has never involved any type of determination or direction pertaining to *Blackwater's alleged claims*. These claims by Blackwater were set forth in their December 14, 2006, Demand for Arbitration (a true copy of which is attached hereto as Exhibit 1). Pursuant to Rule 15(d), Blackwater can only seek leave to serve a supplemental pleading "setting forth transactions or occurrences or events which have happened *since* the date of the pleading sought to be supplemented." Blackwater filed the Petition in the instant action on December 20, 2006, *six days after* their separate, December 14, 2006, Demand for Arbitration of their claims. Blackwater's purported Supplemental Petition involves something wholly separate – their claims against Nordan, not Nordan's claims against Blackwater – and sets forth transactions, events, or occurrences which pre-date their Petition they wish to supplement.

Moreover, the ICDR arbitration panel in the pending arbitration of Blackwater's claims has already determined in its May 24, 2007, ICDR Order No. 1 that Blackwater's claims set forth in their December 14, 2006, Demand for Arbitration do not include claims of personal liability against Richard Nordan. This Order sets forth, in pertinent part, as follows:

> The Panel has reviewed the Demand in this matter. Such Demand makes no claim against Mr. Nordan for personal liability.

A true copy of ICDR Order No. 1 is attached hereto as Exhibit 2. Blackwater apparently seeks, through this supplemental petition, to reverse this determination by the ICDR

which is manifestly improper. In addition, there is no subject matter jurisdiction upon which to assert a new petition seeking to pursue a claim against Richard Nordan for personal liability.

**STATEMENT OF THE CASE**

On December 20, 2006, Petitioners Blackwater Security Consulting, L.L.C. and Blackwater Lodge and Training Center, Inc. (collectively "Petitioners" or "Blackwater") filed the present action against the Respondent, in his capacity as ancillary administrator of the Separate Estates of Stephen S. Helvenston ("Helvenston Estate"), Mike R. Teague ("Teague Estate"), Jerko Gerald Zovko ("Zovko Estate"), and Wesley J.K. Batalona ("Batalona Estate") (collectively "the Estates"). The Petition sought to have the estates claims filed in Wake County Superior Court, bearing file number 05 CVS 0173 (hereinafter "the Estates Action"), directed to arbitration. In the Petition, Blackwater describes Respondent Richard P. Nordan only his capacity as ancillary administrator of the separate Estates. [Dkt. 1, ¶ 3]. The sole basis of subject matter jurisdiction claimed in the Petition was diversity pursuant to 28 U.S.C. § 1332. [Dkt. 1, ¶'s 3-4].

On April 12, 2007, Blackwater filed in the Estates Action in state court a "Memorandum of Law in Opposition to Issuance of TRO" (hereinafter "TRO Memorandum"). In the TRO Memorandum, Petitioners indicated that it their intention to compel into arbitration their claims which included, for the first time, a contention that, if they were successful, Richard P. Nordan would be personally liable for any award of damages. Such statements include the following:

> In the arbitration, Blackwater is claiming damages against Nordan *personally* for breach of contract, including his breach of the

> decedents' contractually binding covenant not to sue and their
> duties of confidentiality and non-publicity, both of which are
> binding on Nordan as estate administrator.  [emphasis in original]
> (See "TRO Memorandum", ¶ 6; emphasis in original).

> In the arbitration, Blackwater claims $10 million from Nordan
> personally for breach not only of the liability provisions of the
> decedents' contracts with Blackwater, but also for breach of the
> confidentiality and non-publicity provisions of those contracts.
> The covenants are binding on Nordan, and he is personally liable
> for their breach.  (See "TRO Memorandum", ¶ 9).

On April 20, 2007, the Court entered an Order in this action – affirmed
through entry of a May 11, 2007, Order denying motions to show cause, for relief from
the initial Order, and for reconsideration – which directed that the claims alleged against
Blackwater in the Estates Action be arbitrated.  The Court confirmed in the May 11,
2007, Order that issues pertaining to Blackwater's claims against Respondent were not
the subject of this action.

Thereafter, Richard P. Nordan, in his individual capacity, filed an action in
Wake Superior Court seeking a declaratory judgment that he was not subject to any
arbitration of Blackwater's claims.  After removal and prior to a determination as to
whether the Court had subject matter jurisdiction, the Court dismissed the declaratory
action on grounds that it did not present a justiciable "case or controversy" pursuant to
Article III of the United States Constitution, based upon an Order entered by the ICDR
arbitration panel ("the Panel").  [5:07-cv-175; Dkt. 25].  The May 24, 2007, ICDR Order
- Order No. 1 – determined that Blackwater's claims set forth in their December 14,
2006, Demand for Arbitration do not include claims of personal liability against Richard
Nordan.

> The Panel has reviewed the Demand in this matter. Such Demand makes
> no claim against Mr. Nordan for personal liability.

Petitioners now seek to supplement their initial Petition in this action (which pertained only to the claims against it alleged in the Estates Action) for "a definitive ruling as to Nordan's obligation to arbitrate Blackwater's claims against him." [Dkt 35, ¶ 4].[1]  Blackwater states that the Arbitration brings claims against Mr. Nordan only "in his capacity as Ancillary Administrator." [Dkt. 35, ¶ 1].  However, in the supplemental pleading, Petitioners' have renewed their efforts to seek damages of Richard Nordan personally, though they have only brought a claim against him in his representative capacity.  The alleged acts for which Blackwater claims they have a right to receive $10 million are the "filing, prosecution, and publication" of wrongful death claims against Blackwater.  [Dkt. 35-2, ¶ 22].  It is these acts which Blackwater describes as obligations arising out of the Service Agreements which Richard Nordan must pay personally.  [Dkt. 35-2, ¶ 29].  The law, however, requires that such claims must be brought against Richard Nordan solely in his individual capacity.

### STANDARD OF REVIEW

Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.  Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.  If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

[1] This request comes in light of the fact that this Court has already ordered Respondent to participate in the arbitration of the Estates' claims against Blackwater, and that attorneys for Mr. Nordan, as a ancillary administrator of the Estates, have filed an Answer and Counterclaims to Blackwater's claims of Breach of Contract.  Accordingly, there has been no refusal to participate in the already commenced Arbitration.

The standards governing a motion to supplement under Rule 15(d) are the same as those governing a motion for leave to amend under Rule 15(a). *Frank v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). A motion to supplement pleadings may be denied upon a showing by the nonmovant of bad faith, futility, or undue prejudice. *Cohen v. Reed*, 868 F.Supp. 489, 497 (E.D.N.Y. 1994). Similarly, a motion for leave to amend under Rule 15(a) will be denied if the amendment would be prejudicial to an opposing party, where there has been bad faith on the part of the moving party, or when amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

        In reviewing a proposed amended claim, courts are directed to consider the legal sufficiency of the amended claim. 3 James Wm. Moore, *Moore's Federal Practice-Civil* § 15.15[3] (3d ed. 1997). Accordingly, federal courts have denied motions for leave to amend a claim where the amended pleading itself could not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Sinay v. Lamson & Sessions, Co.*, 948 F.2d 1037, 1041-1042 (6th Cir. 1991) (amendment not allowed if amended complaint would not withstand Fed. R. Civ. P. 12(b)(6) motion); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993 (plaintiff's efforts to amend complaint were futile because amendment could not withstand motion to dismiss for failure to state claim). Further, leave to amend a pleading should be denied if the party's claims are frivolous, and no additional facts would cure the deficiency. *See Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) (although Rules generally favor liberal amendment, justice does not require courts to give leave to amend frivolous or repetitive allegations at any stage of litigation).

This Court, in resolving whether to allow Petitioners the opportunity to supplement their original pleading, must first review the proposed pleading to determine whether the pleading is legally sufficient, and states new, non-frivolous allegations which post-date the pleading sought to be supplemented. The test of legal sufficiency for a pleading is governed under the well-known standard of Fed. R. Civ. P. 12(b)(6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it." *Hooper v. North Carolina*, 379 F.Supp.2d 804 (M.D.N.C. 2005). Accordingly, a dismissal of a complaint may be granted in the case where the plaintiff "includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *First Financial Sav. Bank, Inc. v. American Bankers Ins. Co.*, 699 F.Supp. 1158, 1161 (E.D.N.C. 1988).

In this case, Blackwater's new claims are not recognizable in law. Claims against an administrator, executor or personal representative in their representative capacity do not allow for personal recovery from the individual who serves in that capacity. Therefore, such claims do not provide for the relief sought by Blackwater, and the motion to add such supplemental claims should be denied. Further, any claimed subject matter jurisdiction in the supplemental pleading over Richard Nordan does not meet even the menial test of 9 U.S.C. § 202, as there is no arbitration agreement between the parties, and therefore this Court does not even have the appropriate jurisdiction to compel arbitration of claims against Richard Nordan for which personal liability is sought.

**ARGUMENT**

I.    THE PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS SHOULD
      BE DENIED AS IT PERTAINS TO TRANSACTIONS, EVENTS, OR
      OCCURRENCES WHICH PRE-DATE THE PLEADING SOUGHT TO BE
      SUPPLEMENTED.

Again, pursuant to the specific language of Rule 15(d), Blackwater can

only seek leave to serve a supplemental pleading "setting forth transactions or

occurrences or events which have happened *since* the date of the pleading sought to be

supplemented." The Court in its May 11, 2007, Order entered in this action ruled that the

sole remedy sought by the Petitioners in this action was "an Order directing [Nordan] to

proceed in Currituck or Camden County with binding arbitration of *[Nordan's] alleged*

*claims.*" (5/11/07 Order, p. 2; emphasis in original). This action has never involved any

type of determination or direction pertaining to *Blackwater's alleged claims.*

Blackwater moves for leave to file a supplemental petition pertaining to

their separate, December 14, 2006, Demand for Arbitration of their claims. This

December 14, 2006, Demand for Arbitration was filed *six days before* their initial

pleading filed in this action – their December 20, 2006 petition to direct arbitration of the

claims *against* Blackwater which had been filed in state court. Blackwater can not seek

to supplement their original pleading by referring to a separate, previously pending

Demand for Arbitration which has now been litigated before the ICDR for eight months.

Blackwater filed the Petition in the instant action on December 20, 2006, *six days after*

their separate, December 14, 2006, Demand for Arbitration of their claims. Blackwater's

purported Supplemental Petition involves something wholly separate – their claims

against Nordan, not Nordan's claims against Blackwater – and sets forth transactions,

events, or occurrences which pre-date their Petition they wish to supplement. Hence,

Blackwater's motion should be denied.

II.    THE PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS SHOULD
       BE DENIED AS THE ARBITRATION PANEL HAS ALREADY RULED
       THAT THE PENDING ARBITRATION OF BLACKWATER'S CLAIMS DO
       NOT INVOLVE A CLAIM IMPOSING POTENTIAL PERSONAL LIABILITY
       ON MR. NORDAN AND PETITIONERS ARE SEEKING TO REVERSE AN
       INTERLOCUTORY ORDER OF THE PANEL.

       Again, the arbitration panel in ICDR Order No. 1 ruled that "the Panel has

reviewed the Demand in this matter" and "[s]uch Demand makes no claim against Mr.

Nordan for personal liability." Blackwater seeks in their supplemental petition a reversal

of that arbitration panel ruling.

       Blackwater's proposed supplemental petition seeks an Order directing that

the pending arbitration of Blackwater's claims include a direction that Mr. Nordan is

personally liable and personally responsible for any damages, costs, and fees assessed in

that arbitration. (Supplemental Petition ¶26-29). The supplemental petition attacks the

ruling in ICDR Order No. 1 and seeks a reversal of that interlocutory Order which is

manifestly improper and unlawful:

> In order to be "final," an arbitration award must be intended by the
> arbitrators to be their complete determination of all claims submitted to
> them. . . . The district court correctly recognized that the interlocutory
> nature of the interim award rendered premature Charterer's challenge to it
> under 9 U.S.C. s 10(d). . . . Under the Federal Arbitration Act, 9 U.S.C. s 1
> et seq., a district court does not have the power to review an interlocutory
> ruling by an arbitration panel. . . . The language of the Act is
> unambiguous: it is only after an award has been made by the arbitrators
> that a party can seek to attack any of the arbitrators' determinations in
> court, by moving either to vacate the award, see 9 U.S.C. s 10, or to
> modify or correct it, see id. at s 11. . . . Policy considerations, no less than
> the language of the Act and precedent construing it, indicate that district
> courts should not be called upon to review preliminary rulings of
> arbitrators. Most of the advantages inherent in arbitration are dissipated by
> interlocutory appeals to a district court.

*Michaels v. Mariforum Shipping, S. A.,* 624 F.2d 411 (2d Cir. 1980); see also, *Norfolk*

*and Western Railway Co. v. Transportation Communications Int'l. Union,* 780 F.Supp.

364 (E.D.Va. 1991). Blackwater's supplemental petition seeks to invade the province

and discretion of the arbitration panel and seeks a reversal of ICDR Order No. 1.

Consequently, Blackwater's motion is improper and should be denied.

III.    THE PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS SHOULD
        BE DENIED AS THE ORIGINAL PETITION HAS REACHED FINAL
        RESOLUTION IN THE DISTRICT COURT AND ITS NEW PLEADING
        SHOULD BE THE SUBJECT OF A SEPARATE ACTION.

            The Court has entered a final Order in this action which Order directs that

Nordan's claims be arbitrated.    As the Court in *Planned Parenthood of Southern*

*Arizona v. Neely,* 130 F.3d 400 (9th Cir. 1997), determined, it is improper to permit

a Rule 15(d) supplemental pleading to be filed when the action has already reached

final judgment. The new pleading should be the subject of a separate action. The Court

in *Planned Parenthood* determined that it was an abuse of discretion to permit leave to

file a supplemental pleading in this context:

> Upon motion of a party the court may, upon reasonable notice and upon such
> terms as are just, permit the party to serve a supplemental pleading setting forth
> transactions or occurrences or events which have happened since the date of the
> pleading sought to be supplemented. Fed.R.Civ.P. 15(d). While leave to permit
> supplemental pleading is "favored," *Keith,* 858 F.2d at 473, it cannot be used to
> introduce a "separate, distinct and new cause of action," *Berssenbrugge v. Luce*
> *Mfg. Co.,* 30 F.Supp. 101, 102 (D.Mo.1939); *see also,* 6A Charles Alan Wright,
> Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2D §
> 1509 (1990) (noting that leave to file a supplemental pleading will be denied
> where "the supplemental pleading could be the subject of a separate action").
> The supplemental complaint filed by plaintiffs involved a new and distinct action
> that should have been the subject of a separate suit. . . . Additionally, a final
> judgment had been rendered in the original action four years prior to plaintiffs'
> request to supplement their complaint. That judgment was not appealed and in no

way would be affected by plaintiffs' supplemental complaint. Nor did the district court retain jurisdiction after entering that order.

*Id.* at 402. Blackwater's supplemental pleading involves its claims for $10 million, does not involve Nordan's claims which were the subject of this action and a final Order issued in this action, and should be the subject of a separate action; consequently, Blackwater's motion for leave to file this supplemental pleading in this action should be denied.[2]

IV.    THE PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS SHOULD BE DENIED AS THE NEW CLAIMS ARE NOT RECOGNIZABLE UNDER NORTH CAROLINA LAW AND SUPPLEMENTATION WOULD BE FUTILE.

Petitioners' new cause of action seeks to require Respondent, in his representative capacity "as Administrator", to arbitrate "his *personal* obligation under North Carolina law to pay Blackwater, from his *personal* assets, for the obligations incurred in the course of his administration of the Decedent's estates." [Dkt. 35-2, ¶ 26] (emphasis added). As a basis for this request, Petitioners' claim that "Nordan is legally required as Administrator to comply with the Service Agreements in full, including arbitration clauses, and to pay personally all obligations arising from the Service Agreements." [Dkt. 35-2, ¶ 29]. Petitioners' also allege that "Nordan, as Administrator, refuses to have anything to do with this entire matter, including the arbitration."[3] [Dkt. 35-2, ¶ 2].

---

[2] In addition, an appeal was taken by Respondent of the Court's final Order in this case. Once an appeal is taken, the District Court is divested of jurisdiction over the case and a new issue can not be raised by a Rule 15(d) supplemental pleading. *Walker v. Felmont Oil Corp., 262 F.2d 163 (6th Cir. 1958), cert. denied, 80 S.Ct. 61, 361 U.S. 840, 4 L.Ed.2d 78.*

[3] This allegation is false. Richard P. Nordan, as Administrator of the Separate Estates has participated in the Arbitration OF Blackwater's claims. In keeping with the law of this State, Richard P. Nordan, the individual, has insisted that prior to being made a party to the Arbitration, Blackwater must first bring a claim against him in his "individual capacity" consistent with North Carolina law. Blackwater has not attempted to make such a claim, and therefore Richard P. Nordan has properly refused to participate in an

The acts alleged by the Petitioners which they claim bestows upon them a right to recover from Richard P. Nordan personally all occurred after the death of the individuals for whom Richard P. Nordan represents "as Administrator." Allegations of such acts include allegedly (1) wrongfully suing and publicizing claims against Blackwater, (2) violating the decedent's Service Agreements, and (3) making false statements through his agents who were hired by the families of his decedents. [Dkt. 35-2, ¶ 12, 16, 21, and 32].

At the outset, it is critical to understand the legal distinction between an individual and the individual in his representative capacity. The law in the state of North Carolina, which governs the Service Agreement upon which Petitioners' claim a right to arbitrate, is clear that an action against an executor, personal representative, or administrator in their representative capacity, for any act carried out by the administrator "after the death of his testator must be brought against him in his individual capacity." *Beaty v. Gingles, et al, Ex'rs*, 53 N.C. (8 Jones) 302 (1860). In fact, in *Beaty*, the North Carolina Supreme Court stated without equivocation that in "an action *against* a person 'as executor' for an act done or a contract made by him after the death of his testator, cannot be sustained." *Ibid* (emphasis in original).

Despite Blackwater's refusal to so acknowledge it, *Beaty* is the law of North Carolina and properly controls the disposition of this proposed supplemental pleading. Additionally, the law as set forth in *Beaty* is not unique to North Carolina law, but is the general rule of law throughout the United States. For example, in New York, the law is that "[o]ne suing or being sued in his official or representative capacity is,

---

Arbitration to which he is not a party, lest Blackwater claim a waiver of his rights to object, or his constitutional rights to a jury trial and due process. See, Affidavit of Richard Nordan

within the eyes of the law, a stranger to any right or liability which he possesses as an individual." *Pardee v. Mutual Ben. Life Ins. Co.*, 265 N.Y.S. 837, 840 (A.D. 1933). In Florida, the Florida Supreme Court held that a person as executor and that same person as an individual "are as separate and distinct in law as if they were in fact two different individuals." *Uhl v. Holbruner*, 200 So. 359, 361 (Fla. 1941). "A representative sued in his representative capacity is a distinct person from a representative sued in his private or individual capacity, and within the eyes of the law is a stranger to any right or liability as an individual." 34 C.J.S. *Executors and Administrators* § 730. The question this Court must answer is whether an individual can be held subject to personal liability if they are sued in their representative capacity.

Although the issue is resolved by a quick review of *Beaty*, and is seemingly understood by both this Court and the Panel, as is evident by the orders of both dating to the original order compelling arbitration, Blackwater now seeks in its supplemental pleading to have this Court and the Panel ignore the issue and the governing law. However, other courts have had occasion to review the issue, and if such holdings are applied, it is evident that Blackwater's claims do not meet the Rule 12(b)(6) standard.

Again, in *Beaty*, the North Carolina Supreme Court held that "an action *against* a person 'as executor' for an act done or a contract made by him after the death of his testator, cannot be sustained; for, in such an action, he must be sued in his individual, and not in his representative capacity, and the words 'as executor,' cannot be rejected as surplusage." *Beaty*, 53 N.C. at 302. Stated simply by the courts of Illinois, an action against an administrator to recover assets not belonging to an estate should be brought

against the administrator as an individual and not as administrator.  *See Corney v. Corney*, 257 Ill. App. 13, HN 5 (1930) ("In *Havill v. Newton*, 202 Ill. App. 15, plaintiff failed in his action because it was brought against the administrator, as such, involving recovery of assets which did not belong to the estate.  The action should have been against the individual.").  In Indiana, a court confirmed that in an action against an executor for a cause of action arising during the administration of an estate, "if sustained, must be sustained as an action against the [executors] as individuals and not in their representative capacities."  *Lockridge v. Citizens Trust Co. of Greencastle*, 37 N.E.2d 728, 730 (Ind.App. 1941).

        Blackwater cannot recover of Richard P. Nordan *personally* in an action brought against Richard P. Nordan in his capacity "as Administrator" or his representative capacity. Blackwater's desired supplemental pleading bears out that recovery from Richard Nordan personally is exactly what Petitioners' intend to achieve in this case.  Petitioners state over and over again that their new pleading is against Respondent "as Administrator" or his representative capacity.  [Dkt. 35-2, ¶'s 2, 12, 17, 21, 22, 26, 27, 29, 30, 32].  Indeed, Petitioners state in Paragraph 29 of their proposed supplemental pleading that "Blackwater's claims are against Nordan as Administrator" and "not against (a) the families of the Decedents, (b) Nordan in an individual capacity, (3) the estates of the Decedents, or (d) the beneficiaries of the Decedents."  However, Petitioners continually assert in the proposed supplemental pleading that if their claims against Richard Nordan, "as Administrator" are successful, they may seek to recover their damages from Richard Nordan personally.  [Dkt. 35-2, ¶'s 26-27, 29].  Additionally, and more within the purview of *Beaty*, all of alleged acts of Richard P. Nordan upon which

Blackwater claims a right to recover occurred after the death of the decedents, such that

an action to recover of Richard Nordan "as Administrator" in his representative capacity

cannot be sustained at law.

      Should Petitioners' seek to recover from Richard Nordan personally, they

must file a claim against Richard P. Nordan in his individual capacity. As stated by the

Supreme Court of Connecticut, where the cause of action arises due to the acts of the

administrator, "he could be sued only in his individual capacity, with the right on his part,

should he be called upon to make payment, to claim a credit in his accounting to the

Probate Court." *Main v. Norman*, 36 A.2d 256, 256 (1944). However, Petitioners are

estopped from making such a claim based on their prior representations to this Court. In

order to obtain this Court's dismissal in a previous action, Blackwater made

representations to this Court which allowed this Court to conclude that there was no

"suggestion that Blackwater intends in the future to pursue any claim under the

arbitration clause in the Service Agreements against Nordan in his individual capacity."

      Petitioners' motion to submit supplemental pleadings should be denied as

Blackwater is seeking to recover from Richard Nordan personally, in an action brought

against him in his representative capacity. Such a pleading, if brought in the state courts

of North Carolina (or virtually any other state) would be subject to a Rule 12(b)(6)

motion to dismiss for failure to state a claim. Petitioners' should, therefore, not be

allowed to submit a supplemental petition to allow an arbitration panel to grant an award

which is not recoverable in law. Allowing Petitioners' motion would be manifestly

futile, and as such claim borders upon frivolousness, it can be seen as an act taken in bad

faith.

When the supplementation of pleadings would be futile, or the new claims asserted therein are frivolous, a motion for leave to supplement pleadings should be denied. *Edwards*, 178 F.3d at 242. A supplemental pleading is futile or frivolous, when it would fail to state a claim upon which relief can be granted. *Coleman*, 933 F.2d at 473. The very essence of Blackwater's proposed supplemental pleading is an attempt to gain judicial support for the personal recovery of damages against Richard P. Nordan individually, when its claim is asserted only against Richard P. Nordan "as Administrator". Such a cause of action, according to the holding of *Beaty*, "cannot be sustained." Allowing Petitioners' motion would be an exercise in futility, and would amount to the allowance of a frivolous claim. Therefore, Petitioners' motion to supplement should be denied.

V.    THIS COURT DOES NOT HAVE THE APPROPRIATE SUBJECT MATTER JURISDICTION TO PRESIDE OVER A CLAIM WHICH WOULD SUBJECT RICHARD P. NORDAN INDIVIDUALLY TO PERSONAL LIABILITY.

Aside from the non-viability of their proposed supplemental causes of action, Blackwater has now claimed, in direct conflict with their earlier assertions of subject matter jurisdiction, that this Court has jurisdiction pursuant to the New York Convention as stated in 9 U.S.C. § 201, *et seq*. As stated above, in order to properly name Richard Nordan as a party so that recovery may be had of his personal assets, Richard Nordan must be named as a party in his individual capacity. Even if such a joinder could be made in light of the unlawfulness of the claim, doing so would destroy subject matter jurisdiction pursuant to the New York Convention, and would similarly destroy subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

There is a four-part test to determine whether the New York Convention applies to a given dispute:

> (1) whether there is an agreement in writing to arbitrate subject of the dispute; (2) whether the agreement provides for arbitration in the territory of a signatory of the Convention; (3) whether the agreement arises out of a legal relationship, contractual or not, which is considered commercial; and (4) whether a party to the agreement is a foreign citizen or the relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation to one or more foreign states.

*Jones v. Sea Tow Services Freeport New York, Inc.*, 828 F.Supp. 1002, 1015 (E.D.N.Y. 1993) *rev'd on other grounds,* 30 F.3d 360.

According to the statutory language of 9 U.S.C. § 202, a threshold question as to whether an arbitration agreement falls under the New York Convention "is whether or not the parties have made any agreement in writing to arbitrate the subject in dispute." *Hoogovens Ijmuiden Verkoopkantoor, B.V. v. M.V. Sea Cattleya*, 852 F.Supp. 6, 8 (S.D.N.Y. 1994). An "agreement in writing" is defined as "an arbitral clause in a contract or an arbitration agreement, signed by the parties." *Filanto, S.p.A. v. Chilewich Int'l Corp.*, 789 F.Supp. 1229, 1234 (S.D.N.Y. 1992). "Where no such agreement exists, the court has no jurisdiction under the [New York] Convention." *Hoogovens*, 852 F.Supp. at 8.

The threshold question which necessarily resolves applicability of the New York Convention to this case is whether Richard P. Nordan, individually, has ever entered into an agreement in writing to arbitrate with the Petitioners, which he has not. Accordingly, there is no agreement to arbitrate, nor can one be attributed to him under any theory. The New York Convention consequently does not apply to any dispute between Richard P. Nordan individually and Blackwater. It cannot therefore be claimed

as a basis for subject matter jurisdiction under any theory, as there are no facts which support its application.

Blackwater attempts to bypass the lack of factual basis for its application in multiple paragraphs in their supplemental pleading by making bare assertions not sustained by the undisputable facts. Richard Nordan, as set forth in his Affidavit, has not entered into a contingent fee agreement with any person and has only charged his standard, hourly fee for opening the Ancillary Estates. He has sought no fee which would give rise to estoppel. Further, there has never been, nor will there ever be a request for a commission or hourly fee pursuant to G.S. §§ 28A-23-3 or 28A-23-4. [Nordan Aff., ¶ 6]. Blackwater has made these allegations without a good faith belief in their truth in an effort to allow them to assert this Court's jurisdiction, which they presumably know that this Court would not otherwise have. They can not as a consequence serve as a basis for jurisdiction pursuant to 9 U.S.C. § 202.

There is in this case no agreement between Richard Nordan individually and Blackwater. Accordingly, there is no basis to claim jurisdiction pursuant to the New York Convention. Therefore, even if this Court allows the claims as requested in Blackwater's supplemental pleading, there is no basis for this Court to have subject matter jurisdiction over Richard Nordan individually, as he is admittedly a citizen of the same state where Blackwater maintains an office and principal place of business, destroying diversity pursuant to 28 U.S.C. § 1332. Therefore, Blackwater's motion to supplement the pleadings should again be denied for lack of appropriate subject matter jurisdiction.

VI.     THE PETITIONERS' MOTION TO SUPPLEMENT PLEADINGS SHOULD
        BE DENIED AS THE ALLOWANCE OF SUPPLEMENTATION TO ADD
        THESE NEW CLAIMS ALLEGING PERSONAL LIABILITY IN THE
        PENDING ARBITRATION WOULD BE PREJUDICIAL TO MR. NORDAN
        AND WOULD LIKELY UNDULY DELAY THE PENDING ARBITRATION
        OF BLACKWATER'S CLAIMS.

        As set forth above, a Rule 15(d) motion to file supplemental pleadings

should be denied if the resulting, new claims prejudice a party. *Burka v. Aetna Life Ins.*

*Co.,* 945 F.Supp. 313 (D.D.C. 1996); *Albrecht v. Long Island R.R.,* 134 F.R.D. 40

(E.D.N.Y. 1991). It is difficult to conceive of greater prejudice to a party than allowing a

new claim to be prosecuted against Mr. Nordan which seeks to have an ongoing, 8-month

old arbitration encompass claims against him for personal liability particularly given the

fact that (1) the arbitration panel has already ruled that the pending arbitration does not

include such claims, (2) the arbitration panel has already been selected and the arbitration

litigation is well under way, and (3) Mr. Nordan has expressly not waived his

constitutional rights to due process and a trial by jury which would be waived if required

to participate in this ongoing arbitration. Furthermore, as set forth in *Burka,* a 15(d)

motion should be denied if it will unduly delay a proceeding which would likely be the

case here as the Court would be asked to issue a ruling as to what should or should not be

litigated in a pending arbitration which is already well, well underway.

                                **CONCLUSION**

        Blackwater's motion requests that this Court allow a new claim (1) after a

final Order, which is now on appeal, has been issued as to their original Petition; (2)

which claim seeks to reverse the ICDR Order No. 1 interlocutory ruling concluding that

Blackwater's arbitration does not include claims of personal liability against Mr. Nordan;

(3) which claim *pre-dates* the original Petition sought to be supplemented in violation of

Rule 15(d); (4) which claim is not recognizable under North Carolina law and is futile;

(5) which the Court does not have subject matter jurisdiction to entertain; (6) which claim

would strongly prejudice Mr. Nordan; and (7) which claim would invade the province of

and unduly delay the ICDR arbitration panel. Blackwater's Motion for Leave to File a

Supplemental Pleading should be denied.

This the 30th day of July, 2007

BAILEY & DIXON, L.L.P.

By: /s/ David S. Coats
    David S. Coats, N.C. Bar 16162
By: /s/ J.T. Crook
    J.T. Crook, N.C. Bar 35232
Attorneys for Richard P. Nordan, Individually
Post Office Box 1351
Raleigh, North Carolina 27602-1351
Telephone: (919) 828-0731

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2007, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notification of such filing was given, as indicated below, by the CM/ECF system to those registered, or by mailing a copy of the same by U.S. Mail, postage paid, to parties who are not registered to receive a Notice of Electronic Filing for this case:

Michael P. Socarras
McDermott, Will, & Emery, LLP
600 13th Street N.W.
Washington, D.C. 2005

Kirk G. Warner
Mark Ash
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611

David F. Kirby
William B. Bystrynski
Kirby & Holt, LLP
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612

Daniel J. Callahan
Marc P. Miles
Callahan & Blaine, APLC
3 Hutton Centre Drive, Suite 900
Santa Ana, California 92707

This the 30th day of July, 2007

/s/ David S. Coats
David S. Coats