BEFORE THE
AMERICAN ARBITRATION ASSOCIATION
INTERNATIONAL CENTER FOR DISPUTE RESOLUTION

Blackwater Security Consulting, LLC &
Blackwater Lodge and Training Center, Inc.
vs                                                     Case No. 50 181 T 00524 06
Richard P. Nordan

ORDER No. 1

Respondent filed a letter dated May 18th challenging ICDR's and this Panel's jurisdiction. The AMERICAN ARBITRATION ASSOCIATION and this Panel's jurisdiction does not depend upon a court ordering parties to arbitrate contract related disputes. Instead, jurisdiction is established by the Federal Arbitration Act and the parties' contract designating the AMERICAN ARBITRATION ASSOCIATION as the forum.

The AMERICAN ARBITRATION ASSOCIATION, by virtue of its rules of procedure, has already determined that the proper division of the AMERICAN ARBITRATION ASSOCIATION to hear this matter is the ICDR and that the AMERICAN ARBITRATION ASSOCIATION International Rules shall apply.

The Panel is aware of and respects the May 17th order of the Wake County, North Carolina Superior Court prohibiting the Blackwater companies from participating in an arbitration "whereby [Blackwater] contends that [Mr. Richard P. Nordan] is subject to any personal liability." The Panel has reviewed the Demand in this matter. Such Demand makes no claim against Mr. Nordan for personal liability. Instead, Blackwater claims against Mr. Nordan only in his capacity as Ancillary Administrator for the separate estates of those individuals named in Claimant's MEMORANDUM IN SUPPORT OF DEMAND FOR ARBITRATION.

Accordingly, this Panel shall proceed with this arbitration until a court orders this Panel or the AMERICAN ARBITRATION ASSOCIATION to suspend this matter. The preliminary hearing telephone conference call shall proceed as officially scheduled and noticed for tomorrow **at 3:30 PM EST**, at which, the Panel, *inter alia*, shall set a schedule for prehearing activities and a schedule for the evidentiary hearing.

Notwithstanding the above, the Panel shall, during the course of this arbitration, determine the scope of its own jurisdiction and/or the scope of issues it shall address in this arbitration. Parties are urged to present to the Panel through pleadings, etc. the claims, defenses, and issues they demand for resolution in this arbitration.

SO ORDERED:
<u>William H. Webster</u>                              May 24, 2007
For the Panel
William H. Webster, Panel Chair