**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION**

**2:06-CV-49-F**

| | | |
|---|---|---|
| BLACKWATER SECURITY CONSULTING, LLC, a Delaware Limited Liability Company; BLACKWATER LODGE AND TRAINING CENTER, INC., a Delaware Corporation, | ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | **ORDER** |
| RICHARD P. NORDAN, as Ancillary Administrator for the separate Estates of WESLEY J.K. BATALONA, JERKO GERALD ZOVKO, MIKE R. TEAGUE, and STEPHEN S. HELVENSTON, | ) ) ) ) ) ) | |
| Respondent. | ) ) | |

This matter comes before the Court on Respondent's Motion for Issuance of Deposition Subpoena and Order Compelling Pre-Arbitration Deposition of Erik Prince **[DE-59]**. Respondent moves the Court for issuance of a deposition subpoena and an order compelling the pre-arbitration deposition of Erik Prince based upon a showing of special need or hardship.

After the motion was filed, on October 21, 2009, the Tribunal before which arbitration was scheduled, issued Order No. 14, Tribunal Suspension Order. It became docket entry 88-2.

That order provides in pertinent part:

> 3.      On October 8, 2009, the International Case Manager advised the parties as follows, in accordance with the Tribunal's request:
>
>> The Tribunal has instructed the ICDR to advise Counsel that the Tribunal will issue a Suspension Order for this arbitration unless, by **October 16th**, either Claimants . . . or Respondent files full payment of all *that* party's respective outstanding AAA invoices for fees and expenses, as well as *that* party's share

of all deposits related to the scheduled evidentiary hearing in this matter . . .
If, however, neither party complies by October 16th with its own obligations,
the Tribunal indicated that it will have no choice but to suspend these
proceedings.

4.      The International Case Manager has advised the Tribunal that *neither* party
has remitted, by the due date, payment of its share of the outstanding invoices or of
deposits related to the evidentiary hearing. Accordingly, the Tribunal hereby orders
all administration of this arbitration suspended until one or both parties remit as
stated above.

5.      The parties are given three month(s) from the date of this Order, to comply
with their balance and deposit obligations. Following the expiry of this period, the
Tribunal may terminate the proceedings by separate Order.

(emphasis in original)

Accordingly, until notified by the Tribunal as to whether the arbitration proceedings shall
continue, this Court will not take any further action on Respondent's Motion for Issuance of
Deposition Subpoena and Order Compelling Pre-Arbitration Deposition of Erik Prince **[DE-59]**.
Either party may file with the Court any subsequent order from the Tribunal regarding the
continued suspension or termination of the arbitration proceedings.

**DONE AND ORDERED** in Chambers at Raleigh, North Carolina this 29th day of
October, 2009.

_____
William A. Webb
U.S. Magistrate Judge